**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and<br><br>STATE OF FLORIDA, OFFICE OF THE ATTORNEY GENERAL, DEPARTMENT OF LEGAL AFFAIRS,<br><br>Plaintiffs,<br><br>v.<br><br>LIFEWATCH INC., a New York corporation, also d/b/a LIFEWATCH USA and MEDICAL ALARM SYSTEMS, and<br><br>EVAN SIRLIN, individually and as an officer or manager of Lifewatch Inc.,<br><br>Defendants. | Case No. 15 CV 5781<br><br>Judge Feinerman<br><br>Magistrate Judge Gilbert |

**DEFENDANT'S MOTION TO STRIKE CERTAIN EVIDENCE SUBMITTED IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

Defendant, Lifewatch Inc., a New York corporation ("Lifewatch"), through its attorneys, moves to strike certain exhibits and portions of exhibits submitted by Plaintiffs in support of Plaintiffs' Motion for Preliminary Injunction. In support of this motion, Defendant states as follows:

**A. The Court Should Not Consider Inadmissible Evidence.**

Hearsay is inadmissible in the context of a summary proceeding to the same extent that it would be admissible at trial" *See NRRM, LLC v. Mepco Finance Corp.*, No. 10 C 4642, 21013 WL 4537391 (Aug. 27. 2013), *4; *Eisenstadt v. Centel Corp.*, 113 F.3d 738 (7th Cir. 1997)("hearsay is inadmissible in summary judgment proceedings to the same extent that it is

inadmissible in a trial.") A declaration submitted in support of a motion may not include the following categories of statements: (1) conclusory allegations absent supporting evidence; (2) legal argument; (3) self-serving statements without factual support in the record; (4) inferences or opinions not grounded in observation or other first-hand experience; and (5) mere speculation or conjecture. *Mitchel v. Buncich*, 2013 WL 275592 *5 (N.D. Ind. Jan. 24, 2013).

A lay witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. Fed.R.Evid. 602; *United States v. Joy*, 192 F.3d 761, 767 (7th Cir. 1999). Statements made by unidentified individuals cannot be admissions of a party-opponent under Federal Rule of Evidence 801(d)(2)(D). *Tomanovich v. City of Indianapolis*, No. 1:02CV01446-RLY-WTL, 2005 WL 4692616, at *1 (S.D. Ind. Feb. 10, 2005) aff'd, 457 F.3d 656 (7th Cir. 2006).

**B. Much Of The Evidence Submitted By Plaintiffs In Support Of Their Motion For Preliminary Injunction Is Inadmissible And Should Be Stricken.**

Plaintiffs' Motion for a Preliminary Injunction ignores these fundamental evidentiary principles. Instead, Plaintiffs' Motion is predicated in large part on declarations wholly lacking in foundation, resting on hearsay or on unsworn anonymous "complaints" – all offered for the truth of the matter asserted in the materials.[1] *See Mitchel v. Buncich*, 2013 WL 275592 *5; *Epelbaum v. Chicago Sch. Reform Bd. of Trustees*, No. 98 C 3423, 2001 WL 123781, at *1 (N.D. Ill. Feb. 12, 2001)(striking affidavits to the extent they contain

[1] Lifewatch is filing a preliminary response to Plaintiffs' Motion For Preliminary Injunction in which it articulates why it requires discovery to respond to the substance of the factual issues raised by Plaintiffs. The scope of discovery required hinges, in part, on how this Court addresses Lifewatch's Motion To Strike. By striking evidence, the Court will likely limit the scope of discovery required to respond to Plaintiffs' Motion.

inadmissible opinions, speculation, conclusions, irrelevant facts, or refer to immaterial matters); *Smith v. Allstate Ins. Corp.*, No. 99 C 0906, 2002 WL 485374 (N.D. Ill. March 29, 2002)(striking self-serving irrelevant statements and conclusions that are not supported by adequate facts); *Morissette v. Ghosh*, 08 C 2545, 2010 WL 1251443, at *2 (N.D. Ill. March 23, 2010)(striking affidavits when affiants had no personal knowledge of the facts of the case). Defendant has attached a chart to the Motion identifying its objections to Plaintiffs' exhibits, in whole or the portions of exhibits that they seek to have stricken. **Exhibit 1**.

In many instances, Plaintiffs have offered declarations by people concerning what the declarants contend was allegedly said to them by unidentified telemarketers.[2] Plaintiffs' Motion For Preliminary Injunction also rests on declarations that are not predicated on personal knowledge of the matters for which they are offered (*i.e.*, many are offered as evidence of what was communicated in oral communications in which the declarant was not a participant)[3]; some rest entirely on speculation or conjecture;[4] and others are in the form of unverified statements through anonymous complainants.[5] However, Plaintiffs offer all of this for the truth of the matters asserted in them.

Plaintiffs assert at page 5 of their Memorandum that from 2012 to present more than 90,000 consumers have complained about "medical alert" robocalls, but of those complaints, only 665 actually referenced Lifewatch. Put another way, of the 90,000 consumer complaint, far less than 1 percent, or .007 percent, have been about Lifewatch. Motion, FN 9; PX 1, ¶¶53 & 54. Plaintiffs themselves admit that Lifewatch is one of many companies that offer

[2] Some examples include PX 23, 27, and 28. *See* Exhibit 1.
[3] Some examples include PX 28, 30, and 45. *See* Exhibit 1.
[4] Some examples include PX 33, 58, and 63. *See* Exhibit 1.
[5] Examples are found within PX 7 as Attachment A. *See* Exhibit 1.

medical alert monitoring systems. Motion, p. 4. But Plaintiffs nonetheless try to support their Motion by submitting declarations of consumers, telemarketers, investigators, persons employed by Lifewatch's main competitor and executives of health care associations, among others, in which Lifewatch is not mentioned,[6] the telemarketing company at issue is not identified,[7] or the telemarketing company that is identified is not Lifewatch.[8] In many instances, the "evidence" submitted is of complaints about unidentified telemarketers where the declarant does not link the call of which he or she complains to Lifewatch, and there is no foundation linking the call to Lifewatch.[9]

Defendant has identified its objections to the exhibits and the basis of its objections in Defendant's Exhibit 1. Accordingly, Defendant asks this Court to strike the inadmissible exhibits either in whole or that it strike the inadmissible portions of the exhibits.

Because the Court's ruling on this Motion to Strike is likely to impact the scope of discovery required, Defendant asks that this issue be addressed before the Court addresses the discovery issues presented by Plaintiffs' Motion For Preliminary Injunction.

WHEREFORE, Defendant asks that the objectionable declarations and exhibits and portions of the declarations and exhibits referenced in Defendant's Exhibit 1 be stricken and that briefing on Plaintiffs' Motion For Preliminary Injunction be postponed until after the Court rules on this Motion To Strike, and for such other relief as this Court deems appropriate.

---

[6] Some examples include PX 8-11 and 35. *See* Exhibit 1.
[7] An example is PX 23. *See* Exhibit 1.
[8] An example is PX 45. *See* Exhibit 1.
[9] In PX6, the Declarant admits that he had not been able to gather sufficient evidence from which to conclude that the calls he was investigating were tied to Lifewatch

Respectfully submitted,

GREENSFELDER, HEMKER & GALE, P.C.

/s/ David B. Goodman

David B. Goodman #6201242 dbg@greensfelder.com
Thadford A. Felton #6224896 taf@greensfelder.com
Patrick J. Cotter #6202681 pcotter@greensfelder.com
Greensfelder, Hemker & Gale, P.C.
200 West Madison Street, Suite 2700
Chicago, Illinois 60606
Direct: (312) 345-5006
Telephone: (312) 419-9090
Facsimile: (312) 419-1930
Attorneys for Lifewatch, Inc.

# EXHIBIT 1

| **Plaintiffs' Exhibit** | **Declarant** | **Basis For Strike** |
|---|---|---|
| **Entire Exhibit Should be Stricken** | | |
| 18 | Ann Barker | Lack of Foundation; Relevance<br>- Fails to identify telemarketer whose actions are described;<br>- Is unable to identify the telemarketer of whose conduct she complains;<br>- Fails to reference Lifewatch or other Defendant |
| 23 | Donald Bristow | Lack of Foundation,; Relevance<br>- Fails to identify telemarketer whose actions are described;<br>- Is unable to identify the telemarketers of whose conduct he complains;<br>- Fails to reference Lifewatch or other Defendant.. |
| 27 | Albert Clawson | Lack of Foundation; Hearsay; Relevance<br>- Declarant states that he did not know the name of the telemarketing company responsible for calling him but says he read an internet posting from an unidentified person he found on the Internet and therefore assumes that Lifewatch must be responsible.<br>- Declarant purports to testify about representations concerning a complaint he read about in the course of internet research as if the information reported in the internet post was true |
| 28 | Marilyn Cummings | Lack of Foundation; Hearsay; Relevance<br>- Fails to identify telemarketer whose actions are described;<br>- Fails to reference Lifewatch or other Defendant<br>- Cannot identify the telemarketers of whose actions she complains<br>- References discussions her mother allegedly had with telemarketers and in which declarant did not participate<br>- References some calls from persons trying to sell diabetes supplies |

| | | |
|---|---|---|
| 30 | Hilda Daniel | Lack of Foundation; Hearsay; Relevance<br>- Fails to identify telemarketer whose actions are described;<br>- Fails to reference Lifewatch or other Defendant<br>Also, Hearsay<br>- At ¶5, Offers alleged statements of an unnamed person to her "friend," Melissa (last name not disclosed), as to what was supposedly said to the friend during a phone conversation to which declarant was not a party;<br>- Also offers a statement of an unnamed employee of UPS about "similar packages" delivered to it with the recipients returning the contents to sender. |
| 45 | Edward Kulas | Lack of Foundation; Hearsay<br>- Declarant has no firsthand knowledge of what telemarketer called his mother, but offers a statement allegedly made to him in a conversation with a representative of Connect America (one of Lifewatch's competitors), that *"it was possible"* that Lifewatch was responsible for the call;<br>- Offers his opinion, based solely on the above hearsay, that Lifewatch was responsible for the call to his mother;<br>- Also offers his mother's alleged statement as to the content of a phone conversation to which declarant was not a party. |
| 58 | Ann Savaigian | Lack of Foundation; Relevance<br>- Fails to identify telemarketer whose actions are described;<br>- States that her mother's telephone number has been on the do not call registry but fails to provide any foundation for this assertion;<br>- Fails to reference Lifewatch or other Defendant or provide any information linking her complaint to the actions of any Defendant. |
| 63 | Carolyne Whaley | Lack of Foundation; Relevance-<br>- Fails to identify telemarketer whose actions are described;<br>- Concedes that she has no idea as to the identity of the person or entity who made the call or calls of which she |

| | | |
|---|---|---|
| | | complains;<br>- Concedes that she cannot recall what was actually said in the call (¶4)<br>- Fails to reference Lifewatch or other Defendant. |
| 66 | Terrance Lancaster | Lack of Foundation; Relevance; Hearsay<br>- Fails to reference Lifewatch or other Defendant;<br>- Offers alleged statements by unnamed persons;<br>- Testifies to statements allegedly made to him by third parties who are not Defendants;<br>- Speculates about whether customers actually received the product that they ordered (which is not relevant to an issue presented by the FTC Complaint) and is not competent to testify as to reasons for "non-delivery" (such as failure or, perhaps, the product was actually delivered);<br>- Speculates about what other unidentified persons might have been told during alleged telemarketing calls to which Declarant was not a party. |
| 67 | Shontae Rowells | Lack of Foundation; Relevance; Hearsay<br>- Fails to reference Lifewatch or other Defendant;<br>- Offers alleged statements by unidentified persons;<br>- Offers speculation without factual foundations as to the possible occurrence of "robocalls";<br>- Speculates without factual foundation as to the mental state and mental processes of other persons;<br>- Worked for telemarketing entity (*not* Lifewatch) for only a week and allegedly participated in a total of 75 calls,<br>- Suggests without factual basis that statistical information she was supposed to provide was inaccurate and designed to "scare", but witness cites to no basis to attest to either the accuracy or inaccuracy of the information in question. |
| 68 | Nicholas Schultz | Lack of Foundation; Relevance; Hearsay<br>- Fails to reference Lifewatch or other Defendant;<br>- Offers alleged statements of unnamed persons; |

| | | |
|---|---|---|
| | | - Speculates without factual basis regarding the possible occurrence of robocalls. |
| 69 | Elizabeth Stenger | Lack of Foundation; Hearsay; Relevance<br>- Fails to reference Lifewatch or other Defendant;<br>- Offers alleged statements of unnamed persons;<br>- Speculates as to the age, mental and physical states and intentions of unnamed persons to whom she allegedly spoke with once on the phone;<br>- Speculates as to the intention of "the company" for whom she worked as a telemarketer for One (1) day (and actually only made calls for 2 ½ hours, after completing her training);<br>- Speculates on the content of communications between customers and telemarketers because she did not participate in any such calls. |
| 70 | Joseph Ignatius Stevens | Relevance; Hearsay<br>- Fails to reference Lifewatch or the other Defendant and says that he was not even aware of the name of the entity that employed him (and was allegedly employed by the company for a total of three days during which he was unable to close any sales);<br>- Offers alleged statements of multiple unnamed persons, including statements from unnamed persons about the purported statements of other unnamed persons they had allegedly spoken with on the telephone and concerning telephone calls that they had allegedly received in the past from unidentified sources (assumed by the third parties with whom he spoke to have come from his employer);<br>- Speculates as to the intentions of other persons. |
| 72 | Danielle Levine | Relevance; Hearsay<br>- Fails to reference Lifewatch of other Defendant;<br>- Offers statements contained within transcripts of telephone conversations to which declarant was not a party. |

| | | |
|---|---|---|
| | | |
| 6 | Bill Smith,<br>BBB Investigator | Lack of Foundation; Relevance<br>- Explicitly states that he was unable to confirm that Lifewatch was responsible for calls he describes |
| 7 | Susan Cuomo,<br>BBB Investigator | Hearsay; Lack of Foundation; Relevance<br>- Offers statements regarding alleged 215 unsworn complaints received by the BBB since 2001 (and the specifics of some of the complaints);<br>- Declarant has no firsthand knowledge of the basis of any of the 215 alleged complaints;<br>- Declarant suggests that there was a factual basis for these allged complaints;<br>- Declarant states that 26 of these unsworn complaints were received in 2015;<br>- Declarant also has no firsthand knowledge of the substance or merits of any of these 26 alleged complaints;<br>- Declarant attaches to her statement only 12 of these alleged 26 BBB complaints (and accompanying documents) allegedly received in 2015, which are individually addressed below;<br>- Every one of the complaints about which Declarant offers testimony or offers in evidence is unverified (many by unidentified persons), yet are offered by Plaintiffs for the truth of the matters asserted in them;<br>- Many of the complaints pertain to issues not relevant to Plaintiffs' Motion. |

| 7<br>Attachment A, 1.<br>- Unsworn | Unknown | Hearsay; Lack of Foundation (unverified statement of a third party offered for the truth of the matter asserted)<br><br>Relevance<br>- The complaint is from an anonymous source;<br>- The complaint is unverified and is offered by Plaintiffs for the truth of the matters asserted in it;<br>- Complainant speculates as to what his or her Mother "may" have done, said or been told in a telemarketing call in 2012 to which the Complainant was not a party;<br>- Complains that they cannot, in 2015, find the device Mother was sent;<br>- The issues presented by the Complainant are not related to the allegations in the FTC Complaint<br>- Concludes that resolution of complaint with Lifewatch was "Satisfactory" |
|---|---|---|

| | | |
|---|---|---|
| 7,<br>Attachment A, 2.<br>- Unsworn | Barbara Puryear | Relevance; Lack of Foundation (unverified statement of a third party offered for the truth of the matter asserted)<br>- The complaint is unverified and is offered by Plaintiffs for the truth of the matters asserted in it;<br>- Complainant confused as to whether her first or second month of service was free;<br>- Also concerned because the credit card she used to order; service was cancelled but her bank allowed the charge to go through;<br>- Lifewatch Response: clarified that it is the second month that is free; offer to lower her monthly rate, then offered to cancel entire contract, mailed her a shipping label to return equipment;<br>- Complainant's claims are not related to the allegations in the FTC Complaint. |
| 7<br>Attachment A, 3.<br>- Unsworn | Nina Streich | Relevance; Lack of Foundation (unverified statement of a third party offered for the truth of the matter asserted)<br>- The complaint is unverified and is offered by Plaintiffs for the truth of the matters asserted in it;<br>- Complainant says she did not receive the device after she ordered it in 2014; USPS confirmed that it was delivered to her in October 2014;<br>- Lifewatch canceled the contract and sent a return USPS label for equipment;<br>- Complainant stated that this resolution was "Satisfactory" to her.<br>- Complainant's claims are not relevant to the allegations in the FTC Complaint |

| | | |
|---|---|---|
| 7<br>Attachment A, 4.<br>- Unsworn | Unknown | Relevance; Hearsay; Lack of Foundation (unverified statement of a third party offered for the truth of the matter asserted)<br>- The complaint is unverified and is offered by Plaintiffs for the truth of the matters asserted in it;<br>- Complainant offers conclusion that his/her Father ordered service in 2014, but has no firsthand knowledge;<br>- Offers alleged statements of Father about what he allegedly did or said;<br>- Complainant admits that he/she does not know if Father called Lifewatch or if Lifewatch called Father;<br>- Complainant agreed to a 2 month re-imbursement to resolve the complaint;<br>- Complainant's claims are not relevant to the allegations in the FTC Complaint. |
| 7<br>Attachment A, 5.<br>- Unsworn | Michael Simms | Lack of Foundation; (unverified statement of a third party offered for the truth of the matter asserted)<br>- The complaint is from an anonymous source;<br>- The complaint is unverified and is offered by Plaintiffs for the truth of the matters asserted in it<br>- Complainant claims to have received "lots" of telemarketing calls from unnamed "3rd party telemarketers" "for years";<br>- Without pointing to any factual basis, Complainant states that Lifewatch "uses or accepts" 3rd party sales generated by these telemarketing calls;<br>- Complainant "assumes" that Lifewatch trying to get around Do Not Call List;<br>- Complainant's assumptions and speculations about calls going back "for years' are without proper foundation. |

| | | |
|---|---|---|
| 7<br>Attachment A, 6.<br>- Unsworn | Unknown | Hearsay; Relevance; Lack of Foundation (unverified statement of a third party offered for the truth of the matter asserted)<br>- The complaint is from an anonymous source;<br>- The complaint is unverified and is offered by Plaintiffs for the truth of the matters asserted in it;<br>- Complainant offers alleged statements by Mother that sometime in late 2013/ early 2014 Mother signed up for service;<br>- Claims Mother did not open equipment;<br>- Complainant has no firsthand knowledge of these issues;<br>- Lifewatch gave 3 months refund (since company paid for 13 months of monitoring);<br>- Complainant's claims are not relevant to allegations in FTC Complaint. |
| 7<br>Attachment A, 7.<br>- Unsworn | Unknown | Hearsay; Relevance; Lack of Foundation (unverified statement of a third party offered for the truth of the matter asserted)<br>- The complaint is from an anonymous source;<br>- The complaint is unverified and is offered by Plaintiffs for the truth of the matters asserted in it;<br>- Complainant offers alleged statements by Mother as to her claims that she did not, in 2014, intend to order the service and had not received the equipment;<br>- Complainant has no firsthand knowledge of those issues;<br>- Lifewatch confirmed to Complainant, based on USPS records, delivery of the equipment in October 2014;<br>- Lifewatch nonetheless canceled the contract, wrote off the cost of the equipment, the monitoring fees and the monthly charges for the service;<br>- Complainant found the resolution "Satisfactory";<br>- Complainant's claims are not relevant to the allegations in the FTC Complaint. |

| | | |
|---|---|---|
| 7<br>Attachment 8.<br>- Unsworn | Unknown | Hearsay; Lack of Foundation (unverified statement of a third party offered for the truth of the matter asserted)<br>- The complaint is from an anonymous source;<br>- The complaint is unverified and is offered by Plaintiffs for the truth of the matters asserted in it;<br>- Complainant offers alleged statements of Father as to what was said to him when he ordered the service;<br>- Complainant has no firsthand knowledge of what was said to Father;<br>- Complainant wants to cancel the service;<br>- Lifewatch agreed to cancel the service;<br>- Complainant found the resolution "Satisfactory". |
| 7<br>Attachment A, 9.<br>- Unsworn | Unknown | Lack of Foundation (unverified statement of a third party offered for the truth of the matter asserted); Hearsay<br>- The complaint is from an anonymous source;<br>- The complaint is unverified and is offered by Plaintiffs for the truth of the matters asserted in it;<br>- Complainant claims Sister did not understand terms of service when she ordered in July 2014;<br>- Complainant has no firsthand knowledge of what was said to Sister;<br>- Is either offering Sister's alleged statement or;<br>- Is speculating as to Sister's state of mind;<br>- Lifewatch gave two month refund and cancelled the contract. |

| | | |
|---|---|---|
| 7<br>Attachment A, 10.<br>- Unsworn | Unknown | Hearsay; Relevance; Lack of Foundation (unverified statement of a third party offered for the truth of the matter asserted)<br>- The complaint is from an anonymous source;<br>- The complaint is unverified and is offered by Plaintiffs for the truth of the matters asserted in it;<br>- Complainant offer's Father's statement that he doesn't remember ordering the service in 2014 or receiving the equipment;<br>- Complainant has no firsthand knowledge of these issues;<br>- Complainant cannot find equipment;<br>- Complainant files a statement saying that "the matter has been resolved" and that the resolution is "Satisfactory";<br>- The Complainant's claims are not related to the allegations in the FTC Complaint. |
| 7<br>Attachment A, 11.<br>- Unsworn | Unknown | Lack of Foundation (unverified statement of a third party offered for the truth of the matter asserted); Hearsay; Relevance<br>- The complaint is from an anonymous source;<br>- The complaint is unverified and is offered by Plaintiffs for the truth of the matters asserted in it;<br>- Complainant makes numerous allegations against Lifewatch in general and not specific to this complaint, without citing any factual basis for the allegations or opinions;<br>- Complainant offers Mother's alleged statement that she does not remember ordering the service;<br>- Service apparently began in 2013-early 2014, based on amount of monthly charges Complainant claims;<br>- Complainant has no firsthand knowledge of whether Mother ordered the service or not;<br>- Complainant wants full refund;<br>- Attached to Complaint is Lifewatch request to BBB for customer information to research the issue;<br>- No other information about resolution of the Complaint |

| | | |
|---|---|---|
| | | was provided;<br>- Complainant's claims are not relevant to the allegations in the FTC Complaint. |
| 7<br>Attachment A, 12<br>- Unsworn | Unknown | Hearsay; Relevance; Lack of Foundation (unverified statement of a third party offered for the truth of the matter asserted)<br>- The complaint is from an anonymous source;<br>- The complaint is unverified and is offered by Plaintiffs for the truth of the matters asserted in it;<br>- Complainant claims parents did not order service in 2013 and do not remember receiving equipment;<br>- Complainant has no firsthand knowledge of substance of the complaint;<br>- Complainant wants refund;<br>- Lifewatch confirms May 2013 order;<br>- Cancels contract and writes off cost of equipment (never returned) and disputed fees;<br>- Complainant claims are not relevant to allegations in FTC Complaint. |
| 35 | Barry Gates | Hearsay; Lack of Foundation<br>- Offers alleged statements of unnamed persons as to on whose behalf they were making telemarketing calls;<br>- Offers testimony about a call from an unidentified telemarketer that he suggests, without providing any factual basis, was the same telemarketer as the call of which he complains;<br>- While he purports to suggest that the call was made by Lifewatch, the product that was delivered to him came from |

| | | |
|---|---|---|
| | | a competitor of Lifewatch, his subsequent communications (of which he complains) were with this third party and not Lifewatch, and the documentation in connection with the credit card charge were by an entity that is not Lifewatch. |
| 33 | Lord Featherston | Lack of Foundation; Hearsay<br>- Offers alleged statement of unnamed person who "may" have said he was calling Declarant on behalf of "Lifewatch Connect America". |
| 8 | Rhonda Lees<br>ADA | Relevance; Hearsay; Lack of Foundation<br>- Repeats unsworn complaints from unknown persons about telemarketing practices;<br>- Claims no firsthand knowledge of the substance of the complaints;<br>- Does not connect the complaints to Lifewatch. |

| | | |
|---|---|---|
| 9 | Lewis Kinard<br>AHA | Hearsay; Relevance; Lack of Foundation<br>- Repeats unsworn complaints from unknown persons about telemarketing practices;<br>- Claims no firsthand knowledge of the substance of the complaints;<br>- Does not connect the complaints with Lifewatch. |
| 10 | Patrick Shirdon<br>NIA | Hearsay; Lack of Foundation; Relevance<br>- Repeats unsworn complaints from unknown persons about telemarketing practices;<br>- Claims no firsthand knowledge of the substance of the complaints;<br>- Does not connect those complaints to Lifewatch. |
| 11 | Leslie Nettleford<br>AARP | Hearsay, Lack of Foundation, and Relevance<br>- References unsworn complaints by unnamed persons about telemarketing practices;<br>- Claims no firsthand knowledge of the substance of those complaints;<br>- Does not connect those complaints to Lifewatch;<br>- Makes statements regarding Lifewatch Website in 2006 and 2008 which are not relevant to any of the allegations in the FTC Complaint. |

| | | |
|---|---|---|
| 17 | Kathleen Bangasser | Relevance<br>- Fails to reference Lifewatch or other Defendant. |
| 21 | Tamara Bliss | Relevance<br>- Fails to reference Lifewatch or the other Defendant. |
| 24 | Betty Carson | Relevance<br>- Fails to reference Lifewatch or other Defendant. |

| | | |
|---|---|---|
| 36 | Donna Girard | Relevance; Lack of Foundation, Hearsay<br>- Fails to reference Lifewatch or other Defendant;<br>- ¶ 4; Offers Mother's alleged statements as to conversation to which Declarant was not a party. |
| 37 | Angel Gordon | Relevance<br>- Fails to Reference Lifewatch or other Defendant. |
| 39 | Ann Grigorian | Relevance<br>- Fails to reference Lifewatch or other Defendant. |

| | | |
|---|---|---|
| 40 | Michael Haselbauer | Relevance<br>- Fails to reference Lifewatch or other Defendant. |
| 42 | John Jensen | Relevance<br>- Fails to reference Lifewatch or other Defendant. |
| 43 | Doris Jones | Relevance<br>- Fails to reference Lifewatch or other Defendant. |

| | | |
|---|---|---|
| 48 | Ann McCraw | Relevance<br>- Fails to reference Lifewatch or other Defendant. |
| 49 | Donn Meehl | Relevance<br>- Fails to reference Lifewatch or the other Defendant. |
| 52 | Laurie Monaghan | Relevance<br>- Fails to reference Lifewatch or the other Defendant. |

| | | |
|---|---|---|
| 54 | Kenneth Pierce | Relevance<br>- Fails to reference Lifewatch or the other Defendant. |
| 55 | Darlene Primm | Relevance<br>- Fails to reference Lifewatch or other Defendant. |
| - **PORTIONS OF THESE EXHIBITS SHOULD BE STRIKEN** | | - |

| - 19, ¶ 4 | Roger Beyer | Hearsay<br>- Offers Father's alleged statements about receiving a telemarketing call. |
| --- | --- | --- |
| - 28, ¶ 4 | Marilyn Cummings | Hearsay<br>- Offers Mother's alleged statements about receiving a telemarketing call. |
| - 29, ¶ 5 | Gayle D' Addario | Hearsay; Relevance<br>- Offers unidentified client's alleged statements about what she'd been told in a telemarketing call in which Declarant was not a participant;<br>- Fails to reference Lifewatch or other Defendant. |

| | | |
|---|---|---|
| - 34, ¶¶ 4, 5 | Patricia Felker | Hearsay<br>- Offers Mother's alleged statements about was said during conversation to which Declarant was not a party;<br>- Offers Mother's alleged statements as to Mother's state of mind. |
| - 38 ¶¶ 3, 4 | Sandra Green | Hearsay<br>- Offers Husband's alleged statement as to what was said in a conversation to which Declarant was not a party;<br>- Also offers Husband's alleged statements to Declarant about his intentions and state of mind. |
| - 41¶¶ 4, 7, 8, 9 | William James | Relevance<br>- These paragraphs reference other companies and do not reference Lifewatch or the other Defendant. |

| | | |
|---|---|---|
| - 47, ¶ 3 | Karen McCourt | Hearsay, Relevance<br>- Offers Son's alleged statement about conversation to which Declarant was not a party;<br>- Declarant testifies that the telemarketer identified itself, in a call in whch she was not a participant, as "Life Alert." (¶ 8) |
| - 50 ¶¶ 5, 11, 14, 17, 19, 20, 22, 35-42 | Diana Mey | Relevance<br>- These paragraphs fail to identify the companies or individuals involved in the alleged calls with Declarant;<br>- These paragraphs do not reference Lifewatch or the other Defendant. |
| - 50 ¶¶ 4, 6-10, 12, 13, 15,16, 18, 21, 24-26, 29, 30, 33 | Diana Mey | Relevance<br>- These paragraphs refer to companies other than Lifewatch and the other Defendant as participants to alleged calls with the Declarant;<br>- These paragraphs do not refer to Lifewatch or the other Defendant. |

| | | |
|---|---|---|
| - 56, ¶¶ 6, 7 | Donna Rench | Hearsay<br>- Offers alleged statements of unnamed person about what the unnamed person had been told in another conversation with some other unnamed third- party;<br>- Offers alleged statement of Father about what was allegedly said to him by an unidentified person in a telephone conversation to which the Declarant was not a party. |
| - 59, ¶¶ 3, 4 | Gail Thill | Hearsay<br>- Offers Mother's alleged statement about a conversation to which Declarant was not a party. |
| - 61, ¶ 4 | Deborah Wagler | Hearsay; Relevance<br>- Offers Mother's alleged statement about conversation to which Declarant was not a party;<br>- Fails to reference Lifewatch or the other Defendant. |

| | | |
|---|---|---|
| - 1<br>- Attachments:<br>- D-H, J, P, V,<br>- EEE, FFF, GGG, HHH, III and JJJ | Roberto Menjivar<br>Investigator, FTC | Relevance<br>- These Attachments to this exhibit are not referenced anywhere in Plaintiffs' Motion. |
| - 1<br>- Attachments:<br>- W, X, Y,<br>- AA, DD-LL, PP, QQ and NN | Roberto Menjivar<br>Investigator, FTC | Relevance<br>- These Attachments fail to reference Lifewatch or the other Defendant. |
| - 1<br>- Attachments:<br>- W, Y, ZZ, AAA and BBB | Roberto Menjivar<br>Investigator, FTC | Lack of Foundation<br>- These Attachments fail to sufficiently identify the participants to the phone conversations allegedly represented by the Transcripts contained in Attachments;<br>- Transcripts also fail to identify the dates on which the communications that are transcribed occurred. |

| | | |
|---|---|---|
| - 1<br>- Attachments:<br>- A, pp. 1-20, 24-45 and B, pp. 1-9, 13, 14, 17-25 and 27 | Roberto Menjivar<br>Investigator, FTC | Relevance<br>- These portions of these Attachments reference other companies and do not reference Lifewatch or the other Defendant. |
| - 1<br>- Attachments:<br>- N, W, Y, Z,<br>- AA,DD, EE, FF, GG, II, JJ, KK,NN, OO, PP, RR, SS, TT, UU, VV, XX, ZZ and AAA | Roberto Menjivar<br>Investigator, FTC | Lack of Foundation; Relevance<br>- These Attachments purport to be transcripts of multiple calls involving alleged telemarketers;<br>- The Attachments fail to reference Lifewatch or the other Defendant;<br>- -No foundation has been presented to link these calls or telemarketers who appear in the transcripts with Lifewatch or the other Defendant.<br>- The transcripts do not reflect the day on which the conversations at issue took place or the identifies of all who participated in the calls. |