# EXHIBIT A

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| FEDERAL TRADE COMMISSION, and | ) | |
| | ) | |
| STATE OF FLORIDA, OFFICE OF THE ATTORNEY GENERAL, DEPARTMENT OF LEGAL AFFAIRS, | ) ) ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 15 CV 5781 |
| | ) | |
| v. | ) | Judge Feinerman |
| | ) | |
| LIFEWATCH INC., a New York corporation, also d/b/a LIFEWATCH USA and MEDICAL ALARM SYSTEMS, and | ) ) ) | Magistrate Judge Gilbert |
| | ) | |
| EVAN SIRLIN, individually and as an officer or manager of Lifewatch Inc., | ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO COMPEL
PRODUCTION OF ALL DOCUMENTS RESPONSIVE
TO LIFEWATCH'S INITIAL DOCUMENT REQUEST**

Defendants LIFEWATCH INC. ("Lifewatch") and EVAN SIRLIN,[1] through their attorneys, and pursuant to Federal Rules of Civil Procedure 26, 34, and 37, move to compel Plaintiffs to produce all documents responsive to Lifewatch's Initial Requests for Production of Documents and a privilege log for the documents withheld from production.[2] In support of this motion, Defendants state as follows:

**I.      INTRODUCTION.**

Plaintiffs' Responses to Defendants' Initial Requests for Production of Documents are defective in multiple respects. First, Plaintiffs have asserted "general objections" that they incorporate in response to each of their discovery responses. These objections have been asserted

---

[1] Sirlin joins in all of Lifewatch's discovery served on Plaintiffs.
[2] Plaintiffs' Response is attached at Attachment A and contains Defendants' production requests.

without regard to the documents requested. These boilerplate objections are entirely improper, prevent Defendants and the Court from evaluating the objections in context, and are patently unfair. *See* Fed.R.Civ.Pro. 34(b)(2)(B) and (C).

Second, Plaintiffs acknowledge that they have withheld numerous responsive documents on the basis of "privilege." But Plaintiffs failed to comply with Fed.R.Civ.Pro. 26(b)(5)(A)(ii). Instead, Plaintiffs asserted claims of privilege "generically" without providing a privilege log. Plaintiffs contend that they have no obligation to provide a privilege log "at this time." Plaintiffs approach makes it impossible for the Court or Defendants to evaluate the merits of Plaintiffs' blanket claims of privilege. Instead, Plaintiffs contend the Court and Defendants must accept Plaintiffs' generic claims.

Third, Plaintiffs admit that they have withheld a substantial number of responsive documents on the basis of Plaintiffs' "belief" that Defendants do not need the documents to respond to Plaintiffs' motion. Defendants' discovery is directed to information related to the 88 declarations and the 3,000 plus pages of documents submitted by Plaintiffs in support of Plaintiffs' Motion for Preliminary Injunction. *All* of the discovery sought by Lifewatch is addressed to the materials submitted by Plaintiffs in support of their Motion For Preliminary Injunction.

Plaintiffs have not met their burden. Their boilerplate objections are without merit, and Plaintiffs should be compelled to produce the documents responsive to Lifewatch's Initial Requests for Production of Documents.

## II.    COMPLIANCE WITH LOCAL RULE 37.2.

Lifewatch's counsel sent a letter to Plaintiffs' counsel that identified deficiencies in Plaintiffs' discovery responses shortly after receiving those responses. Defendants requested an

opportunity to meet and confer with Plaintiffs concerning the deficiencies in Plaintiffs'
responses. *See* Letter dated September 15, 2015, attached as Exhibit No. B. On September 24,
2015, attorneys for Plaintiffs and Defendants met to discuss Plaintiffs' discovery responses. But
Plaintiffs and Defendants were not able to come to resolve any of these issues. As a result,
Defendants have filed this motion to compel.

## III.    PLAINTIFFS' GENERAL OBJECTIONS ARE IMPROPER.

Plaintiffs acknowledge they have intentionally withheld responsive documents based on
each of the following five general objections incorporated in all of Plaintiffs' responses:

1. The documents are "privileged."
2. The documents are equally available to Defendants from public documents.
3. The documents are in the possession of Defendants.
4. The documents are not in Plaintiffs' custody or control.
5. The documents are not relevant to the subject matter involved in the pending motion for preliminary injunction.

*See* Response, Exhibit A, General Objections, Nos. 1-5. Plaintiffs have incorporated these
boilerplate objections into each of their discovery responses without regard to what was
requested in the document requests. *See* Response, Exhibit A, General Objection, No. 6.

Plaintiffs' improper use of "general objections" forces Defendants and the Court to guess
at whether the objections are in fact applicable to any particular request. Courts that have been
confronted with responses like those proffered here – including by responses from government
agencies – have found that these boilerplate objections are "tantamount to not making any
objection at all." *Fudali v Napolitano*, 283 F.R.D. 400, 403 (N.D.Ill. 2012) (assessing fees
against the government for its generic objections).

For example, Defendants' request number 1 requests as follows:

*1.   Produce copies of all communications with each of the individuals who gave
declarations that are included as exhibits to Memorandum In Support of Plaintiffs'
Motion For Preliminary Injunction (Doc. #10).*

3

> *RESPONSE: Plaintiffs specifically object to this request on the grounds that it is vague and ambiguous as to the meaning of "gave declarations."*
>
> *Subject to and without waiving the foregoing objections, Plaintiff's response can be found in FTC-LW-00000001-2242; FTC-LW2-00000001-320; and, FTC-LW3-00000001-2698.*

*See* Response, Exhibit A. Plaintiffs produced some but not all documents responsive to this request, but unidentified documents have been withheld based on claims of "privilege;" others have been withheld on the claims that the unidentified documents are in Defendants' possession or equally available to Defendants; and other unidentified documents are being withheld based on Plaintiffs' unilateral determination that they are not "relevant" to their Motion For Preliminary Injunction. Plaintiffs failed to identify which objections apply to which requests; failed to provide a privilege log; failed to identify the documents allegedly in Defendants' possession or that are responsive but "publically available;" and failed to identify what is being withheld on the basis of "relevance." But "[o]bjections are valid only if they specifically apprise the opposing party, and the Court, about the nature of the otherwise responsive documents that the responding party will not produce." *Novelty, Inc. v Mountain View Marketing, Inc.*, 265 F.R.D. 370, 375 (S.D. Ind. 2009). Plaintiffs' generic objections do not comply with the Rules and should be overruled.

## IV. PLAINTIFFS REFUSE TO PROVIDE A PRIVILEGE LOG IN VIOLATION OF FRCP 26(B)(5)(A).

Plaintiffs admit they have withheld a substantial number of documents responsive to Defendants' Production Requests on the basis of unspecified claims of privilege. *See* Response, Exhibit A, General Objections, No. 1. The exact number and nature of the documents withheld is not known to Defendants because Plaintiffs failed to provide a privilege log. Plaintiffs refuse to provide a privilege log "at this time" asserting that they can rest on blanket assertions of

4

privilege because creating a privilege log is burdensome. They argue that their claims of privilege can be addressed at some point after the Court rules on their Motion for Preliminary Injunction. But Plaintiffs' approach precludes Defendants from obtaining documents material to their defense based on privilege claims that cannot be evaluated.

It is well-settled that blanket assertions of privilege without the production of a privilege log is improper. *See FTC v. Shaffner*, 626 F.2d 32, 37 (7th Cir. 1980). The Seventh Circuit previously told the FTC that it cannot rest on blanket assertions of privilege. *FTC v. Shaffner*, 626 F.2d 32, 37 (7th Cir. 1980) *citing Radiant Burners, Inc. v. American Gas Association*, 320 F.2d 314, 324 (7th Cir. 1963)(The limitation surrounding any information sought must be determined for each document separately considered on a case-by-case basis." The burden is on the party claiming the privilege to present the underlying facts demonstrating the existence of the privilege). Yet, Plaintiffs purport to shift the burden on this issue to Defendants forcing them to guess at what has been withheld and whether the documents are privileged.

Federal Rule of Civil Procedure 26(b)(5)(A) is clear about the burden placed on Plaintiffs when they claim privilege providing:

> *When a party withholds information otherwise discoverable by claiming that information is privileged or subject to protection as trail preparation material, the party must:*
>
> *(i) expressly make the claim; and*
>
> *(ii) describe the nature of the documents, communications, or tangible things not produced or disclosed – and do so in a manner that without revealing information itself privileged or protected, will enable other parties to assess the claim.*

Plaintiffs are required to provide a privilege log if they choose to withhold documents on the basis of claims of privilege. Plaintiffs' refusal to provide a privilege log prevents the Court and Defendants from evaluating Plaintiffs' privilege claims. Fed.R.Civ.Pro. 26(b)(5)(A)(ii).

Under these circumstances, it would be appropriate for this Court to deem Plaintiffs'
refusal to provide a privilege log as a waiver of their claims of privilege. At a minimum, this
Court should order Plaintiffs to produce a privilege log so that Defendants and this Court can
evaluate Plaintiffs' claims of privilege.

## V.     PLAINTIFFS HAVE IMPROPERLY WITHHELD RESPONSIVE DOCUMENTS THAT THEY DEEM "IRRELEVANT" TO THEIR MOTION.

### A.     The Documents Sought Are Tied To Plaintiffs' Submissions Filed In Support Of Their Motion.

Federal Rule of Civil Procedure 26(b)(1) provides that Defendants are entitled to obtain
discovery on any matter that is relevant to the claim or defense of either party.   The standard of
what is relevant in the context of discovery is broader than in the context of admissibility, and
Defendants are merely required to make a threshold showing of relevance. *See Rubin v. Islamic
Republic of Iran*, 349 F.Supp.2d 1108, 111 (N.D. Ill. 2004) (discovery requests are relevant if
there is any possibility that the information sought may be relevant to the subject matter of the
action). Plaintiffs' generic responses force Defendants to guess at what has been withheld or why
it would not be "relevant." *See* Response, Exhibit A, General Objection No. 5.  But each of
Lifewatch's requests is tied to the materials submitted by Plaintiffs as the factual foundation of
Plaintiffs' Motion for Preliminary Injunction.  Lifewatch has met its burden under Rule 26(b),
and Plaintiffs' boilerplate "relevance" objections should be overruled.

### B.     The Factual Issues Presented By Plaintiffs' Motion And Complaint Overlap.

Defendants focused their discovery on matters that are relevant to or that could lead to
the discovery of information that is relevant to Plaintiffs' Motion For Preliminary Injunction. *See*
Federal Rule of Civil Procedure 26(b)(1).  Plaintiffs' submitted 88 declarations and roughly
3,000 pages of attachments as the factual basis for their Motion.  Moreover, this Court has never

entered an order limiting the scope of discovery. That being said, the preliminary injunctive relief sought by the Plaintiffs is the same as the ultimate relief they seek in the underlying action. For example, the FTC's prayer for relief requests:

> A.     *Award Plaintiffs such preliminary injunctive and ancillary relief as may be necessary to aver the likelihood of consumer injury during the pendency of this action and to preserve the possibility of effective final relief, including, but not limited to, temporary and preliminary injunctions, and order preserving assets, and an accounting;*
>
> B.     *Enter a permanent injunction to prevent future violations of the FTC Act, the TSR, and the FDUPTA by Defendants;*

The only distinction between the relief that the FTC is requesting on a preliminary basis and the relief that it is seeking on a permanent basis is that one is preliminary and one is permanent. Otherwise, factual predicates on which Plaintiffs claims are based are the same.

The written discovery served by Defendants was tailored to the materials submitted by Plaintiffs in their voluminous submissions to the Court. Plaintiffs' general objection to all of the production requests based on their unilateral determination that all of the requests "seek information neither relevant to the subject matter involved in the pending motion for preliminary injunction, nor reasonably calculated to lead to the discovery of admissible evidence in the context of a hearing on that motion," is not well founded.

    **C.     Plaintiffs Refused To Produce The Documents Relating To The Investigations Undertaken By The Investigators Whose Declarations Were Submitted in Support of Plaintiffs' Motion (Exhibit A, Request Nos. 59 & 60).**

Plaintiffs' Motion For Preliminary Injunction is supported by the declarations of two of their investigators – Mr. Menjivar[3] and Mr. Einikis[4]. (Doc. 10, Doc. 14 (PX 1) and Doc. 26 (PX 80)). Defendants have requested that Plaintiffs produce all documents regarding the investigations undertaken by these investigators. Plaintiffs objected to these requests contending

---

[3] Menjivar is an FTC investigator that participated in the investigation of Lifewatch. (PX 1).
[4] Einikis is an FTC investigator and certified fraud examiner. (PX 80).

that these requests are "unduly burdensome." (*See* Exhibit A, Response Nos. 59 & 60).
Plaintiffs rely heavily on the declarations of these two investigators, and any "burden" to the
extent there even is a burden, is outweighed by Defendants' need for access to the documents
generated in the investigations on which Plaintiffs' claims presumably rest. Courts have
recognized the impropriety of this type of objection asserted by government counsel. *See Fudali
Napolitano*, 283 F.R.D. at 403. Defendants are entitled to undertake discovery to enable them to
meet the claims resting on the factual investigations undertaken by these two individuals.
Plaintiffs have not carried their burden - they have not even attempted to carry their burden - to
show that the burden of production of any of these documents outweighs the likely benefit.

> **D.  Plaintiffs Refuse To Produce Documents Regarding Communications With
> State Governmental Agencies Relating To Their Claims Against Lifewatch
> (Exhibit A, Request No. 12).**

Plaintiffs have stated that they are "producing no documents in response to Defendants'
request that it produce "copies of all communications with each state governmental agency
relating to Plaintiffs' claims against Lifewatch Inc., it officers, owners, employees, or agent."
The relevance of this request is self-evident considering that Plaintiffs' claims piggyback off
investigations undertaken by various state agencies into actions by Lifewatch and individuals and
entities the agencies contend transacted business with Defendants. For example, Plaintiffs claim
in their Motion For Preliminary Injunction that telemarketers have disclosed to state authorities
that they work for Defendants. (Doc. 10, FN 32). Defendants are clearly entitled to see
Plaintiffs' communications with the state governmental agencies to determine for themselves
whether Plaintiffs' claims are supported or subject to challenge.

**E.**    **Plaintiffs Refuse To Produce Documents That Support Their Claim That Lifewatch Knew Telemarketers Were Misleading Consumers On Their Behalf (Exhibit A, Requests Nos. 21 and 22).**

Plaintiffs' Motion For Preliminary Injunction relies heavily on the Declaration of Robert Menjivar. (Doc. 10, Doc. 14 (PX 1)). Mr. Menjivar's Declaration avers that he participated in the investigation of Worldwide Info Services, Inc., and that as part of that investigation, he inspected and copied documents from Worldwide's Northlake and Douglas offices. (Doc. 14 (PX 1), ¶¶ 5-13). Plaintiffs rely on some of the documents found by Mr. Menjivar for the proposition that Lifewatch's telemarketers mislead consumers with Defendants' knowledge. (Doc. 10, FNs 33, 36, 39, 40, 46, 48, 53, 58 and 81).

Defendants requested copies of the documents found at Worldwide's Northlake and Douglas offices that are referenced to in paragraphs 22 and 23 of Mr. Menjivar's Declaration. Although Mr. Menjivar's declaration states that various documents were found at those offices (Doc. 14 (PX 1), ¶¶ 12 & 13), Plaintiffs' response inexplicably states that "none of the specified documents were found during the inspection of Worldwide Defendants" Northlake or Douglas offices. (Exhibit A, Response Nos. 21 and 22). Putting aside the apparent contradiction between Mr. Menjivar's averments in his Declaration and Plaintiffs' responses, the documents sought in this request are relevant.

Similarly, Mr. Menjivar claims that while at Worldwide's offices, FTC contractors imaged 31 hard drives and other media types from Worldwide computers and servers at the Northlake and Douglas offices. (Doc. 10, Doc. 14 (PX 10), ¶¶ 14-15). Defendants requested copies of these documents. Plaintiffs objected to this request "as unduly burdensome, as it would require imaging more than fifty computers and hard drives." (Response No 23). It is hard to fathom how this request is "unduly burdensome" as Plaintiffs merely have to make copies of

what they assert they have already copied.   Plaintiffs have not carried their burden of showing

that this is a burden.  In any event, any "burden" is outweighed by the need of Defendants to

these documents.

     **F.**    **Plaintiffs Refuse To Produce Documents That They Claim Show That Certain Telemarketers Were Telemarketing On Behalf Of Lifewatch (Exhibit A, Request No. 37).**

Mirishasha Velez is a Senior Financial Investigator with the Florida Department of

Agriculture and Consumer Services.  (Doc. 10, Doc. 11 (PX 14), ¶ 1).  In paragraph 66 of her

Declaration, Ms. Velez claims that she was contacted by Laura Lundberg, who told her that her

tenant was selling medical alert systems out of the property and using the aliases Safeline Alert,

Lifewatch USA, Lifewatch, Senior Safeline, Senior Alert Line, and other variations thereof.

(Doc. 10, Doc. 22 (PX 4), ¶ 66).  Ms. Velez also claims that Ms. Lundberg provided her with

copies of scripts that were being used at that location, and that as a result, Ms. Velez and others

conducted an on-site inspection in which they collected sales scripts and interviewed

representatives and claims to have learned that the company was telemarketing on behalf of

Lifewatch.  (Doc. 10, Doc. 22 (PX 4), ¶¶ 66-69).

Defendants requested that Plaintiffs produce "all documents memorializing

communications between Plaintiffs and Laura Lundberg."  This request ties to the materials

submitted by Plaintiffs as the foundation for the injunctive relief sought by them. But despite the

relevance of these documents, Plaintiff stated that they were "producing no documents in

response to this request."  (Exhibit A, Response No. 37).  Plaintiffs should be required to

produce the responsive documents.

G.      **Plaintiffs Refuse To Produce Documents Regarding Their Communications With Telemarketers That They Claim Sold For Lifewatch And That They Rely On In Their Motion For Preliminary Injunction (Exhibit A, Requests Nos. 44-56).**

The scope of discovery is liberal and extends to those matters that are relevant and reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.Pro.26. Discovery is generally allowed if the information is "relevant to the subject matter involved in the pending action." *Dykes v. Morris*, 85 F.R.D. 373, 375 (N.D.Ill. 1980). It is axiomatic that the concept of relevancy is to be broadly constructed at the discovery stage of an action. *Hickman v. Taylor*, 329 U.S. 495, 506 (1947). Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. *Re FX Audio Software, Inc. v. Does 1-111*, 13-cv-1795, 2013 WL 3867656 (N.D.Ill. July 23, 2013). Since Plaintiffs incorporated general objections into each of their responses, Lifewatch cannot know when Plaintiffs have withheld documents based on Plaintiffs' boilerplate assertion that responsive documents are not "relevant".

Plaintiffs submitted the Declaration of Mr. Einikis in support of their Motion. Mr. Einikis is an FTC investigator, and his declaration suggests that certain telemarketers were engaged in selling products and services for Lifewatch. (Doc. 10, Doc. 26 (PX 80), FN 63). Mr. Einikis' declaration identifies several telemarketers and telemarketing companies that he has investigated and about which he has acquired "personal knowledge and information about the facts stated." (Doc. 10, Doc. 26 (PX 80), ¶ 2). Defendants requested that Plaintiffs produce the documents regarding its communications with those individuals[5], but Plaintiff responded: "*Plaintiffs are producing no documents in response to this request.*" (*See* Exhibit A, Response

---

[5] All Us Marketing LLC (No. 44), Global Marketing Enterprises Inc. (No. 45), Global One Financial Services LLC (No. 46), Your #1 Savings LLC (No. 47), Ovadaa LLC (No. 48), Royal Holdings of America LLC (No. 49), Gary A. Rodriguez (No. 50), Marbel W. Rodriquez (No. 51), Carmen L. Williams (No. 52), Jonathan R. Paulino (No. 53), Fariborz M. Fard (No. 54), Shirin O. Imani (No. 55) and Alex A. Serna (No. 56).

Request Nos. 44-56). Plaintiffs clarified at the Rule 37 conference between the parties that this response does not mean that Plaintiffs have no responsive documents but, rather, simply, that they are not producing responsive documents.

The documents requested by these requests are relevant to Plaintiffs' Motion For Preliminary Injunction. Plaintiff is relying on Mr. Einikis' Declaration in support of its Motion For Preliminary Injunction to establish that one or more of these telemarketers or telemarketing companies was engaged in selling for Lifewatch. Defendants are entitled to see what communications Plaintiffs have had with these individuals and entities and they are prejudiced by Plaintiffs' improper response.

## VI. OBJECTIONS THAT REQUESTED DOCUMENTS ARE PUBLICALLY AVAILABLE AND/OR IN THE POSSESSION OF DEFENDANTS ARE IMPROPER.

Plaintiffs' general objection that the documents sought are equally available from public documents or in the possession of Lifewatch is also improper. *See Hill v. Asset Acceptance, LLC, 2014 WL 3014945 * 7 (S.D.Cal. 2014) citing Thomas v. Hickman*, 2007 WL 4302974, *19 (E.D.Cal. Dec. 6, 2007)(stating that "the fact that some of the documents might be possessed by Plaintiff or be available to Plaintiff or the public is not a basis for refusing to produce documents that are otherwise discoverable")(*citing See, 6 James Wm. Moore et al., Moore's Federal Practice*, § 26.41[13] 3d ed. 2006 and *Weiner v. Bache Halsey Stuart, Inc.*, 76 F.R.D. 624, 625 (S.D.Fla. 1977)); *see also Bretana v. International Collection Corp.*, 2008 WL 4334710, *5–6 (N.D.Cal. Sept. 22, 2008)(stating that defendant cannot validly object to producing discovery because the information is contained in public records available to all parties) (*citing St. Paul Reinsurance Co., Ltd. v. Commercial Fin. Corp.*, 198 F.R.D. 508, 514 (N.D.Iowa 2000) ("It is 'not usually a ground for objection that the information

12

is equally available to the interrogator or is a matter of public record.'"). Moreover, Plaintiffs

have not even identified the documents in their possession that are responsive to the requests that

they contend are "equally available" from public documents or are in Defendants' possession.

## VII.    GENERAL OBJECTIONS ARE IMPROPER.

Finally, Plaintiffs' incorporation of each of their general objections by reference into each

of their discovery responses violates the Federal Rules of Civil Procedure. *See Swift v. First

USA Bank*, NO. 98 C 8238, 1999 WL 1212561, at \*7 (N.D.Ill. Dec. 15, 1999); *Hobley v.

Chicago Police Commander Burge*, No. 03 C 3678, 2003 WL 22682362, at \*5 (N.D.Ill. Nov. 12,

2003)(specific written objections to discovery are required so that the propounding party can

know precisely what will be produced or answered, and what is disputed). Plaintiffs' approach

forces Defendants to guess at how, if at all, any of these objections actually apply to any

particular request. The objections should be overruled.

## VIII.   LIFEWATCH'S ATTEMPTS TO ADVANCE DISCOVERY ARE BEING THWARTED BY PLAINTIFFS ACTIONS.

Plaintiffs have resisted Lifewatch's efforts to advance discovery. Plaintiffs took more

than thirty (30) days to respond, and when Plaintiffs ultimately responded, their responses did

not comply with the Rules. For the reasons discussed above, Plaintiffs' disregard for the Rules

of Civil Procedure has necessitated the filing of this motion to compel.

## IX.     CONCLUSION.

Defendants should not have been required to incur the expense associated with a motion

to compel in order to obtain the government's compliance with the federal rules. "The

government's obligation to participate fairly in discovery is no less than that required of non-

governmental litigants. Indeed, the case can be made that its obligation is greater." *Fudali v

Napolitano*, 283,F.R.D. at 402. Plaintiffs' opposition to discovery and refusal to produce

13

responsive documents on claims of "privilege" and simultaneously refusing to provide a privilege log – until some day after the briefing on their Motion For Protective Order is done -- is unsupported by *any* authority. Plaintiffs assert that they are excused from compliance because Defendants requested expedited discovery. But Plaintiffs have not even treated the discovery at issue as expedited.

WHEREFORE, Defendants Lifewatch Inc. and Evan Sirlin request that Plaintiffs be compelled to produce the documents responsive to Defendants' requests; that to the extent the Court declines to find that Plaintiffs' claims of privilege have been waived, that Plaintiffs be required to provide a privilege log as to the documents withheld by them on the basis of claims of privilege; as well as such other relief that this Court deems just.

Respectfully submitted,

GREENSFELDER, HEMKER and GALE, P.C.


By:   /s/ David B. Goodman
One of Its Attorneys


David B. Goodman #6201242
dbg@greensfelder.com
Patrick J. Cotter #6202681
pcotter@greensfelder.com
Greensfelder, Hemker & Gale, P.C.
200 West Madison Street, Suite 2700
Chicago, Illinois 60606
Direct:  (312) 345-5008
Telephone:  (312) 419-9090
Facsimile:  (312) 419-1930

*Attorneys for Defendants, Inc.*

10371.7

## CERTIFICATE OF ELECTRONIC SERVICE

I hereby certify that I caused a true and correct copy of the foregoing to be served upon

the following on October 7, 2015, by the United States District Court's ECF system:

Marissa J. Reich, mreich@ftc.gov
Rozina Cynthia Bhimani, rbhimani@ftc.gov
David A. O'Toole, dotoole@ftc.gov
Denise Kim beamer, denise.beamer@myfloridalegal.com


_____/s/ David B. Goodman_____

# EXHIBIT A

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and | ) |
| | ) |
| STATE OF FLORIDA, OFFICE OF THE | ) |
| ATTORNEY GENERAL, DEPARTMENT | ) |
| OF LEGAL AFFAIRS, | ) |
| | ) Case No. 15 CV 5781 |
| Plaintiffs, | ) |
| | ) Judge Feinerman |
| v. | ) |
| | ) Magistrate Judge Gilbert |
| LIFEWATCH INC., a New York corporation, | ) |
| also d/b/a LIFEWATCH USA and MEDICAL | ) |
| ALARM SYSTEMS, and | ) |
| | ) |
| EVAN SIRLIN, individually and as an officer | ) |
| or manager of Lifewatch Inc., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' RESPONSE TO DEFENDANT LIFEWATCH'S
INITIAL REQUESTS FOR PRODUCTION OF DOCUMENTS**

Plaintiffs, Federal Trade Commission and State of Florida, Office of the Attorney

General, respond to Defendant Lifewatch's Initial Requests for Production of Documents, as

follows:

**I.    GENERAL OBJECTIONS**

1.    Plaintiffs object generally to the document requests to the extent that they call for

disclosure of information or material protected by the attorney-client privilege, the work product

doctrine, the law enforcement privilege, the deliberative process privilege, or any other

applicable privilege or protection from disclosure established by law.  Plaintiffs do not intend to

waive any of the privileges asserted in this objection by any inadvertent reference to, or

production of, protected documents or information that may occur, and reserve the right to seek

1

the return of any such material inadvertently produced. No privilege log will be provided because Plaintiffs' internal communications, communications with each other, or communications with other governmental authorities are not relevant to any of the issues Defendants have asserted as justification for their request for expedited discovery.

2.      Plaintiffs object to the document requests to the extent they seek documents that are equally available to Defendants from public documents, including any documents which have been publicly-filed in this matter.

3.      Plaintiffs object to the document requests to the extent they seek documents that are or have been in the possession, custody, or control of Defendants.

4.      Plaintiffs object to the document requests to the extent they seek documents not in the possession, custody, or control of Plaintiffs.

5.      Plaintiffs object to the document requests to the extent they seek information neither relevant to the subject matter involved in the pending motion for preliminary injunction, nor reasonably calculated to lead to the discovery of admissible evidence in the context of a hearing on that motion. Specifically, Defendant Lifewatch requested expedited discovery to have "an opportunity to take discovery addressed to the evidence submitted in support of [Plaintiffs'] Motion." (Doc. 44 at 14.) Thus, Plaintiffs object to the document requests to the extent they seek information unrelated to the evidence Plaintiffs filed in support of their Motion for Preliminary Injunction.

6.      Each of these General Objections is hereby incorporated by reference to each specific answer and objection set forth below. The specific answers and objections set forth below are made without waiving any of the above-listed General Objections.

2

## II. RESPONSES

1. Produce copies of all communications with each of the individuals who gave declarations that are included as exhibits to Memorandum In Support of Plaintiffs' Motion For Preliminary Injunction (Doc. #10).

RESPONSE: Plaintiffs specifically object to this request on the grounds that it is vague and ambiguous as to the meaning of "gave declarations."

Subject to and without waiving the foregoing objection, Plaintiffs' response can be found in FTC-LW-0000001-2242; FTC-LW2-0000001-320; and, FTC-LW3-0000001-2698.

2. Produce copies of all drafts of declarations provided to each of the individuals who gave declarations that are included as exhibits to Memorandum In Support of Plaintiffs' Motion For Preliminary Injunction (Doc. #10).

RESPONSE: Plaintiffs specifically object to this request on the grounds that it is vague and ambiguous as to the meaning of "gave declarations."

Subject to and without waiving the foregoing objection, Plaintiffs' response is included in Plaintiffs' response to Document Request No. 1.

3. Produce copies of all drafts of declarations received from each of the individuals who gave declarations that are included as exhibits to Memorandum In Support of Plaintiffs' Motion For Preliminary Injunction (Doc. #10).

RESPONSE: Plaintiffs specifically object to this request on the grounds that it is vague and ambiguous as to the meaning of "gave declarations."

Subject to and without waiving the foregoing objection, Plaintiffs' response is included in Plaintiffs' response to Document Request No. 1.

4. Produce copies of all communications with Robb Evans & Associates LLC.

RESPONSE: Plaintiffs specifically object to this request on the grounds that it is overly broad and unduly burdensome.

Subject to and without waiving the foregoing objection, Plaintiffs' response is included in Plaintiffs' response to Document Request No. 1.

5.　　Produce copies of all communications with VRI, Inc. relating to Plaintiffs' claims against Lifewatch Inc., its officers, owners, employees, or agents.

RESPONSE: Plaintiffs' response is included in Plaintiffs' response to Document Request No. 1.

6.　　Produce copies of all communications with Connect America.com, LLC, relating to Plaintiffs' claims against Lifewatch Inc., its officers, owners, employees, or agents.

RESPONSE: Plaintiffs' response is included in Plaintiffs' response to Document Request No. 1.

7.　　Produce copies of all communications with AARP relating to Plaintiffs' claims against Lifewatch Inc., its officers, owners, employees, or agents.

RESPONSE: Plaintiffs' response is included in Plaintiffs' response to Document Request No. 1.

8.　　Produce copies of all communications with the National Institute on Aging relating to Plaintiffs' claims against Lifewatch Inc., its officers, owners, employees, or agents.

RESPONSE: Plaintiffs' response is included in Plaintiffs' response to Document Request No. 1.

9.　　Produce copies of all communications with the American Heart Association relating to Plaintiffs' claims against Lifewatch Inc., its officers, owners, employees, or agents.

RESPONSE: Plaintiffs' response is included in Plaintiffs' response to Document Request No. 1.

10.　　Produce copies of all communications with the American Diabetes Association relating to Plaintiffs' claims against Lifewatch Inc., its officers, owners, employees, or agents.

RESPONSE: Plaintiffs' response is included in Plaintiffs' response to Document Request No. 1.

4

11.    Produce copies of all communications with Life Alert Emergency Response, Inc., its officers, employees, or agents, relating to Plaintiffs' claims against Lifewatch Inc., its officers, owners, employees, or agents.

**RESPONSE:** Plaintiffs' response is included in Plaintiffs' response to Document Request No. 1.

12.    Produce copies of all communications with each state governmental agency relating to Plaintiffs' claims against Lifewatch Inc., its officers, owners, employees, or agents.

**RESPONSE:** Plaintiffs are producing no documents in response to this request.

13.    Produce copies of all communications with any consumer affairs agency including but not limited to Better Business Bureaus, relating to Plaintiffs' claims against Lifewatch Inc., its officers, owners, employees, or agents.

**RESPONSE:** Plaintiffs' response is included in Plaintiffs' response to Document Request No. 1.

14.    Produce copies of all communications with any consumer complaining of Lifewatch Inc., its officers, owners, employees, or agents.

**RESPONSE:** Plaintiffs' response is included in Plaintiffs' response to Document Request No. 1. In addition, Plaintiffs' response can be found in FTC-LW-0002236, which includes all complaints Plaintiffs have received about Lifewatch Inc., or in FTC-LW-0002235, which includes all complaints Plaintiffs have received relating to telemarketing of medical alert devices.

15.    Produce copies of all communications with any consumer complaining of Connect America.com, LLC, its officers, owners, employees, or agents.

**RESPONSE:** Plaintiffs' response can be found in FTC-LW-0002235, which includes all complaints Plaintiffs have received relating to telemarketing of medical alert devices.

16.    Produce copies of all communications with any consumer complaining of Life Alert Emergency Response, Inc., its officers, owners, employees, or agents.

5

RESPONSE: Plaintiffs' response can be found in FTC-LW-0002235, which includes all complaints Plaintiffs have received relating to telemarketing of medical alert devices.

17. Produce copies of all communications with any consumer complaining of telemarketers that do not specifically identify Lifewatch Inc.

RESPONSE: Plaintiffs specifically object to this request on the grounds that it is unduly burdensome.

Subject to and without waiving the foregoing objection, Plaintiffs' response can be found in FTC-LW-0002235, which includes all complaints Plaintiffs have received relating to telemarketing of medical alert devices.

18. Produce copies of all communications with any former employees of Worldwide Info Servs. Inc. relating to Lifewatch Inc., its officers, owners, employees, or agents.

RESPONSE: Plaintiffs' response is included in Plaintiffs' response to Document Request No. 1.

19. Produce copies of all communications with any former employees of Lifewatch Inc. relating to Lifewatch Inc., its officers, owners, employees, or agents.

RESPONSE: Plaintiffs specifically object to this request on the grounds that it is unduly burdensome.

Subject to and without waiving the foregoing objection, to the extent that Defendants request Plaintiffs' communications with any former employees of Lifewatch Inc. relating to Lifewatch Inc., its officers, owners, employees, or agents, Plaintiffs' response is included in Plaintiffs' response to Document Request Nos. 1 and 20.

20. Produce copies of each of the 665 documents referenced in footnote 9 to Memorandum In Support Of Plaintiffs' Motion For Preliminary Injunction referring specifically to Lifewatch Inc.

RESPONSE: Plaintiffs' response can be found at FTC-LW-0002236.

21.　　Produce all documents referred to in ¶ 22 of the Menjivar Declaration (PX 1) that Menjivar avers were found during the inspection of the Worldwide Defendants' Northlake, Florida office.

RESPONSE: Assuming Defendants meant to request all documents referred to in ¶ 12 of the

Menjivar Declaration (PX 1, Doc. 14-1 at 5), Plaintiffs specifically object to this request as

unduly burdensome.  If Defendants meant to request the documents referred to in ¶ 22 of the

Menjivar Declaration (PX 1, Doc. 14-1 at 8), Plaintiffs state that none of the specified documents

were found during the inspection of the Worldwide Defendants' Northlake, Florida office.

22.　　Produce all documents referred to in ¶ 22 of the Menjivar Declaration (PX1) that Menjivar avers were found during the inspection of the Worldwide Defendants' Douglas, Florida office.

RESPONSE: Assuming Defendants meant to request all documents referred to in ¶ 13 of the

Menjivar Declaration (PX 1, Doc. 14-1 at 5), Plaintiffs specifically object to this request as

unduly burdensome.  If Defendants meant to request the documents referred to in ¶ 22 of the

Menjivar Declaration (PX 1, Doc. 14-1 at 8), Plaintiffs state that none of the specified documents

were found during the inspection of the Worldwide Defendants' Douglas, Florida office.

23.　　Produce all documents referred to in ¶¶ 14-15 of the Menjivar Declaration (PX1) that Menjivar avers were found on the imaged hard drives and other media during the inspection of the Worldwide Defendants' Northlake, Florida and Douglas, Florida offices.

RESPONSE: Plaintiffs specifically object to this request as unduly burdensome, as it would

require imaging more than fifty computers and hard drives.

24.　　Produce all documents referred to in ¶ 16 of the Menjivar Declaration (PX1) that Menjivar avers were received in response to the subpoena issued by the FTC to CFM Data Network, LLC.

RESPONSE: Plaintiffs' response can be found at FTC-LW-0000001-29.

25.　　Produce all communications between Plaintiffs and CFM Data Network, LLC.

RESPONSE: Plaintiffs' response can be found at FTC-LW-0000001-29.

26.     Produce all documents referred to in ¶ 19 of the Menjivar Declaration (PX1) that Menjivar avers were received in response to the subpoena issued by the FTC to Electronic Payments, Inc.

RESPONSE: Plaintiffs' response can be found at FTC-LW-0000030-190.

27.     Produce all communications between Plaintiffs and Electronic Payments, Inc.

RESPONSE: Plaintiffs' response can be found at FTC-LW-0000030-190.

28.     Produce all recordings of telephone calls that Menjivar avers in ¶ 38 of the Menjivar Declaration (PX 1) were provided by Paul DeLoca, William James, and Diana Mey to the FTC.

RESPONSE: Plaintiffs' response can be found in the recordings produced at FTC-LW-

0002168-2234, and in the communications produced at FTC-LW2-0000001-320.

29.     Produce all documents referred to in ¶¶ 42-43 of the Menjivar Declaration (PX1) that Menjivar avers were received from VRI, Inc.

RESPONSE: Plaintiffs' response can be found at FTC-LW3-0002272-2698.

30.     Produce all documents referred to in ¶ 44 of the Menjivar Declaration (PX1) that Menjivar avers were received from Life Alert Emergency Response, Inc.

RESPONSE: Plaintiffs' response can be found at FTC-LW-0002116-2167.

31.     Produce each of the 665 "Consumer Sentinel complaints (including all "do not call" and "general fraud" complaints) asserted against Lifewatch that are referenced in ¶ 55 of the Menjivar Declaration (PX 1).

RESPONSE: See Response to Request No. 20. Plaintiffs' response can be found at FTC-LW-

0002236.

32.     Produce all documents referenced in ¶ 12 and 13 of the Velez Declaration (PX 4) including all of the scripts referenced in those paragraphs of her declaration.

RESPONSE: Plaintiffs' response can be found at FTC-LW-0002243-2273.

33.     Produce all documents referenced in ¶ 18 of the Velez Declaration (PX 4).

RESPONSE: Plaintiffs' response can be found at FTC-LW-0002274-2330.

8

34.     Produce all communications between the Florida Department of Agriculture and Commerce ("FDAC") and Live Response Agent, its officers, owners, employees, or agents.

RESPONSE: Plaintiffs' response can be found at FTC-LW-0002331-2379.

35.     Produce all documents memorializing any communications between FDAC and employees or former employees of Live Response Agents.

RESPONSE: Plaintiffs' response can be found at FTC-LW-0002331-2379.

36.     Produce all documents memorializing communications between FDAC and Laura Lundberg.

RESPONSE: Plaintiffs' response can be found at FTC-LW-0002380-2433.

37.     Produce all documents memorializing communications between Plaintiffs and Laura Lundberg.

RESPONSE: Plaintiffs are producing no documents in response to this request.

38.     Produce all documents relating to FDAC's March 28, 2014 on-site inspection of Oasis Money Group including copies of all documents obtained in the course of that inspection.

RESPONSE: Plaintiffs' response can be found at FTC-LW-0002434-2502.

39.     Produce all documents relating to FDAC's September 24, 2012 on-site inspection of Elite Information including all documents obtained in the course of that inspection.

RESPONSE: Plaintiffs' response can be found at FTC-LW-0002503-2698.

40.     Produce all documents relating to FDAC's January 9, 2014 on-site inspection of Arcagen including all documents obtained in the course of that inspection.

RESPONSE: Plaintiffs' response can be found at FTC-LW-0002699-2764.

41.     Produce all documents on which FDAC bases its contention that Oasis Money Group and Payless Solutions are the same legal entity.

RESPONSE: Plaintiffs' response is included in Plaintiffs' response to Document Request No. 38.

9

42.     Produce all documents reflecting that the "consumers" identified in the exhibits submitted by Plaintiffs in support of their Motion For Preliminary Injunction were on "Do Not Call" lists at the time said "consumers" were allegedly contacted by or on behalf of Lifewatch.

RESPONSE: Plaintiffs specifically object to this request on the grounds that it is unduly

burdensome.

Subject to and without waiving the foregoing objection, documents responsive to this

request are included in the referenced exhibits.

43.     Produce copies of all documents obtained by the Federal Trade Commission in the investigations referenced in paragraph 2 of the Einikis Declaration (PX 80).

RESPONSE: Plaintiffs specifically object to this request on the grounds that it is unduly

burdensome.

44.     Produce all communications by Plaintiffs, their employees, or agents with All Us Marketing LLC (f/k/a Payless Solutions LLC).

RESPONSE: Plaintiffs are producing no documents in response to this request.

45.     Produce all communications by Plaintiffs, their employees, or agents with Global Marketing Enterprises Inc. (f/k/a Payless Solutions LLC).

RESPONSE: Plaintiffs are producing no documents in response to this request.

46.     Produce all communications by Plaintiffs, their employees, or agents with Global One Financial Services LLC (f/k/a Payless Solutions LLC).

RESPONSE: Plaintiffs are producing no documents in response to this request.

47.     Produce all communications by Plaintiffs, their employees, or agents with Your #1 Savings LLC.

RESPONSE: Plaintiffs are producing no documents in response to this request.

48.     Produce all communications by Plaintiffs, their employees, or agents with Ovadaa LLC.

RESPONSE: Plaintiffs are producing no documents in response to this request.

49.     Produce all communications by Plaintiffs, their employees, or agents with Royal Holdings of America LLC.

RESPONSE: Plaintiffs are producing no documents in response to this request.

50.     Produce all communications by Plaintiffs, their employees, or agents with Gary A. Rodriguez.

RESPONSE: Plaintiffs are producing no documents in response to this request.

51.     Produce all communications by Plaintiffs, their employees, or agents with Marbel W. Rodriguez.

RESPONSE: Plaintiffs are producing no documents in response to this request.

52.     Produce all communications by or with Carmen L. Williams.

RESPONSE: Plaintiffs are producing no documents in response to this request.

53.     Produce all communications by Plaintiffs, their employees, or agents with Jonathan R. Paulino.

RESPONSE: Plaintiffs are producing no documents in response to this request.

54.     Produce all communications by Plaintiffs, their employees, or agents with Fariborz M. Fard.

RESPONSE: Plaintiffs are producing no documents in response to this request.

55.     Produce all communications by Plaintiffs, their employees, or agents with Shirin O. Imani.

RESPONSE: Plaintiffs are producing no documents in response to this request.

56.     Produce all communications by Plaintiffs, their employees, or agents with Alex A. Serna.

RESPONSE: Plaintiffs are producing no documents in response to this request.

57.     Produce copies of all documents that were copied by the FTC and the Florida Attorney General that are referenced in paragraph 4 of the Einikis Declaration (PX 80) including but not limited to copies of all "Senior Life Support" documents found at the Orange Blossom location (a site identified in paragraph 4 of PX 80).

RESPONSE: Plaintiffs specifically object to this request on the grounds that it is unduly

burdensome. Subject to and without waiving the foregoing objection, documents responsive to

this request are included in the referenced exhibit.

     58.    Produce copies of all documents that were copied by the FTC and the Florida Attorney General that are referenced in paragraph 7 of the Einikis Declaration (PX 80) including but not limited to copies of all "Senior Life Support" documents and all communications with Lifewatch found at the State Road location (a site identified in paragraph 4 of PX 80).

RESPONSE: Plaintiffs specifically object to this request on the grounds that it is unduly

burdensome. Subject to and without waiving the foregoing objection, documents responsive to

this request are included in the referenced exhibit.

     59.    Produce copies of all investigative files, investigative notes, records, statements, memoranda, or other documents pertaining to the investigations identified in paragraph 7 of the Einikis Declaration (PX 80).

RESPONSE: Plaintiffs specifically object to this request on the grounds that it is unduly

burdensome.

     60.    Produce the complete investigative files of the investigations referenced in the Menjivar Declaration (PX 1) including but not limited to all investigative notes, records, statements, memoranda or other documents.

RESPONSE: Plaintiffs specifically object to this request on the grounds that it is unduly

burdensome.

     61.    Produce the complete investigative files of the investigations referenced in the Velez Declaration (PX 4) including but not limited to all investigative notes, records, statements, memoranda or other documents.

RESPONSE: Plaintiffs specifically object to this request on the grounds that it is unduly

burdensome. Subject to and without waiving the foregoing objection, documents responsive to

this request are included in the referenced exhibit, and in Plaintiffs' response to Document

Request Nos. 32 and 33.

62.     Produce all communications with counsel for Life Alert Emergency Response, Inc. pertaining in any way to telemarketing of medical alert products or services.

**RESPONSE:** Plaintiffs specifically object to this request on the grounds that it is unduly burdensome.


Dated: September 11, 2015                     s/David A. O'Toole
                                              DAVID A. O'TOOLE
                                              MARISSA J. REICH
                                              ROZINA C. BHIMANI
                                              Federal Trade Commission, Midwest Region
                                              55 West Monroe Street, Suite 1825
                                              Chicago, Illinois 60603
                                              Telephone: (312) 960-5634
                                              Facsimile: (312) 960-5600

                                              Attorneys for Plaintiff
                                              FEDERAL TRADE COMMISSION


                                              PAMELA JO BONDI
                                              Attorney General
                                              State of Florida

Dated: September 11, 2015                     s/Denise Beamer
                                              DENISE BEAMER
                                              Assistant Attorney General
                                              Florida Bar # 69369
                                              Office of the Attorney General
                                              Consumer Protection Division
                                              135 W. Central Blvd., Suite 1000
                                              Orlando, Florida 32801
                                              Telephone: (407) 245-0833
                                              Facsimile: (407) 245-0365

                                              Attorney for Plaintiff
                                              STATE OF FLORIDA
                                              OFFICE OF THE ATTORNEY GENERAL


13

## CERTIFICATE OF SERVICE

I, David A. O'Toole, hereby certify that on September 11, 2015, caused the foregoing PLAINTIFFS' RESPONSE TO DEFENDANT LIFEWATCH'S INITIAL REQUESTS FOR PRODUCTION OF DOCUMENTS, to be served via electronic mail and hand delivery upon:

Patrick J. Cotter
David B. Goodman
Courtney A. Adair
Greensfelder, Hemker & Gale, P.C.
200 W. Madison, Suite 2700
Chicago, IL 60606
pcotter@greensfelder.com
dbg@greensfelder.com
cadair@greensfelder.com
Attorneys for Defendants
Lifewatch, Inc. and Evan Sirlin

Jason Sultzer
Joseph Lipari
The Sultzer Law Group
85 Civic Center Plaza, Suite 104
Poughkeepsie, NY 12601
sultzerj@thesultzerlawgroup.com
liparij@thesultzerlawgroup.com
Attorneys for Defendants
Lifewatch, Inc. and Evan Sirlin

Respectfully Submitted,

 s/ David A. O'Toole
DAVID A. O'TOOLE
Federal Trade Commission
55 W. Monroe Street, Ste. 1825
Chicago, Illinois 60603
Voice: (312) 960-5601; Fax: (312) 960-5600
email: dotoole@ftc.gov

14

# EXHIBIT B



# GREENSFELDER
### ATTORNEYS AT LAW

Greensfelder, Hemker & Gale, P C
200 West Madison St , Ste 2700
Chicago, IL 60606

T 312-419-9090
F 312-419-1930
www.greensfelder.com

St Louis Office
10 South Broadway, Ste 2000
St Louis, MO 63102
T 314-241-9090

Belleville Office
12 Wolf Creek Dr , Ste 100
Belleville, IL 62226
T 618-257-7308

David B. Goodman
Direct: 312-345-5008
dbg@greensfelder.com

September 15, 2015

<u>Via Electronic Mail – dotoole@ftc.gov</u>

Mr. David A. O'Toole
Federal Trade Commission
55 West Monroe Street
Suite 1825
Chicago, IL 60603

      *Re:*    *Federal Trade Commission, et al. v. Lifewatch, Inc., et al.*
                 *Case No. 15 CV 5781*

Dear Mr. O'Toole:

      Based on our review of Plaintiffs' discovery responses and your correspondence, it is clear that the parties have very different understandings as to the appropriate scope of discovery. Federal Rule of Civil Procedure 26(b)(1) provides that the Defendants are entitled to obtain discovery on any matter that is relevant to the claim or defense of either party and that relevant information need not be admissible if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. The written discovery served by Defendants was tailored to the issues raised by and relevant to the expansive injunctive relief sought by Plaintiffs and the materials identified by Plaintiffs in their voluminous submissions to the Court.

      In interrogatory 4, Defendants sought the identification of the people Plaintiffs anticipate calling to testify in support of their Motion for Preliminary Injunction (or whose declarations Plaintiffs intend to submit to the Court in evidence). The purpose of the interrogatory was to limit the scope of pre-hearing discovery to witnesses who will likely testify at the hearing. However, Plaintiffs objected that the interrogatory is "premature" and then identified over 88 individuals with the caveat that Plaintiffs reserve the right to name *more*. Moreover, when, pursuant to the Court's direction, Defendants identified 16 out of the 88 individuals identified by Plaintiffs as people Defendants anticipate deposing, Plaintiffs objected to all but three even though Plaintiffs have indicated that they intend to either submit declarations for or call each of the 88 at the hearing.

      The "good cause" justifying these depositions is clear in light of the position taken by Plaintiffs as to the evidence they intend to submit to the Court in support of the broad injunctive



# MERITAS
### LAW FIRMS WORLDWIDE



GREENSFELDER
ATTORNEYS AT LAW

Page 2

relief sought by them. To the extent that Plaintiffs intend to scale back their submissions, such a change would likely also result in a scaling back of the discovery sought by Defendants.

We were not able to access any of the documents produced by Plaintiffs until yesterday. Obviously we have not had time to begin our review, but we hope to begin to do so shortly. But in reviewing Plaintiff's responses to Defendants' requests to produce, we had some questions. In response to some production requests, Plaintiffs object and then state "[s]ubject to and without waiving the foregoing objection, Plaintiffs' response can be found at...". By this response, are Plaintiffs indicating that all responsive documents were then produced by them? We have the same question with regard to the response -- "Plaintiffs' response is included in Plaintiff's response to Document Request No. 1." In addition, where Plaintiffs respond by stating "Plaintiffs are producing no documents in response to this request," does that mean that Plaintiffs have no documents responsive to that request or that they have responsive documents but are not producing them?

It is clear that there are significant discovery issues that need to be resolved, including others raised by Plaintiffs' responses and objections to discovery, especially where Plaintiffs have indicated that they are not producing any documents. Defendants propose that the parties meet and confer on Monday, September 21st, to attempt to resolve the open issues. In the interim, we will begin the review of the materials that have been produced -- as well as evaluating the scope of what has not been produced -- so that we can have a productive meeting.

Please let me know if you are available on Monday to meet and confer. In the meantime, please let me know if you have any questions.

Very truly yours,

GREENSFELDER, HEMKER & GALE, P.C.

David B. Goodman

DBG/rz