UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and<br><br>STATE OF FLORIDA, OFFICE OF THE ATTORNEY GENERAL, DEPARTMENT OF LEGAL AFFAIRS<br><br>        Plaintiff,<br><br>    v.<br><br>LIFEWATCH INC., a New York Corporation, also d/b/a LIFEWATCH USA and MEDICAL ALARM SYSTEMS, and<br><br>EVAN SIRLIN, individually and as an officer or manager of LIFEWATCH, INC.<br><br>        Defendants. | Case No. 15 CV 5781<br><br>Judge Feinerman<br><br>Magistrate Judge Gilbert |

## PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO FILE AN AMENDED COMPLAINT

This Court should grant Plaintiffs' motion to file an amended complaint. Defendants have offered no compelling reason for the Court to ignore the liberal amendment standard set forth in Fed. R. Civ. P. 15. Defendants' opposition is based on a complete misunderstanding as to the scope of the preliminary injunction already ordered in this case, and virtually every case cited by Defendants actually supports allowing amendment. Indeed, Defendants Lifewatch and Sirlin's vociferous objection to Plaintiffs' motion to amend appears to confirm

Plaintiffs' theory that the current Defendants and the new Defendants are working together as a common enterprise.[1]

As Defendants concede in their opposition, Rule 15(a)(2)[2] requires that, "The court should freely give leave [to amend] when justice so requires." *Life Plans, Inc. v. Sec. Live of Denver Ins. Co.*, 800 F.3d 343, 357 (7th Cir. 2015) (reversing district court's denial of plaintiff's motion to amend). The goal of the liberal standard "is to decide cases fairly on their merits, not to debate finer points of pleading where opponents have fair notice of the claim or defense." *Bank of Am., N.A. v. Gould, et. al.*, No. 11 C 7658, 2012 U.S. Dist. LEXIS 106978, at *8-9 (N.D. Ill. July 31, 2012) (Kendall, J.) (*citing* Fed. R. Civ. P. 8(e)). Further, "while a court may deny a motion for leave to file an amended complaint, such denials are disfavored, especially when it is a party's first amendment." *Id.* (*citing Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010)). Therefore, "where [Defendant] would 'not [be] prejudiced in any legally relevant sense by the court's amendment,' and '[t]he equities…weigh heavily in favor of the [movant],' a court should exercise its discretion to allow an amendment." *King v. Kramer*, 763 F.3d 635, 644 (7th Cir. 2014) (*quoting Matter of Delagrange*, 820 F.2d 229, 233 (7th Cir. 1987)).

---

[1] As discussed more fully herein, only two of the proposed six changes to the Complaint directly affect the current Defendants, yet they are making a "no holds barred" objection to the inclusion of parties who all share a business relationship with Defendants Lifewatch and Sirlin.

[2] Defendants incorrectly cite Fed. R. Civ. P. 15(b) as the relevant rule. Rule 15(b) applies only to amendments made during and after trial. Further, Defendants cite no controlling case law for the proposition that Fed. R. Civ. P. 20(a) "simultaneously governs" all motions to amend where Plaintiffs seek to add Defendants. Regardless, Plaintiffs' amendment meets that standard as well because, unlike the cases cited by Defendants, all Defendants are jointly and severally liable in this matter, Plaintiffs' allegations arise out of the exact same transactions or occurrences, and the questions of fact and law are common to all Defendants. *See Shulke v. Stryker Orthopaedics*, No. 16 C 2563, 2016 U.S. Dist. LEXIS 70455, at *3-4 (N.D. Ill. May 31, 2016) (Durkin, J.).

The presumption is that justice requires leave to amend unless there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the amendment, futility of the amendment …". *Foman v. Davis*, 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962). In the instant case, none of these factors are present.[3] First, there is no bad faith or dilatory motive on Plaintiffs' part for moving to amend the complaint. Plaintiffs are not seeking to derive undue benefits from the entry of the preliminary injunction; pursuant to Fed. R. Civ. P. 65(d)(2), the new Defendants already are bound by the preliminary injunction. Second, there has been no undue delay. This is Plaintiffs' first motion to amend, and it was timely filed by the deadline agreed to by the parties and ordered by the Court. Third, there is no undue prejudice to the Defendants. Discovery has barely begun, the discovery cut-off is over six months away, and the new Defendants would be part of the discovery process even without being Defendants. Finally, the amendment of the complaint is not futile. Plaintiffs' Amended Complaint meets the pleading standards set forth in Fed. R. Civ. P. 8(a) and would certainly survive a motion to dismiss. Accordingly, this Court should grant Plaintiffs' motion to file an amended complaint.

### A. Defendants have not established bad faith or dilatory motive in Plaintiffs' moving to amend their Complaint.

Defendants' argument that Plaintiffs' motion to amend is in bad faith because it seeks to broaden the scope of this Court's preliminary injunction demonstrates a complete lack of understanding of Fed. R. Civ. P. 65. Rule 65(d)(2) states:

---

[3] Defendants do not, and cannot, argue that "repeated failure to cure deficiencies by amendments previously allowed" is a factor in this matter, as this is Plaintiffs' first motion to amend the Complaint.

> Persons Bound. The order binds only the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B).

Thus, "an injunction binds not only the parties to the injunction, but also nonparties who act with the named party." *SEC v. Homa, et. al.*, 514 F.3d 661, 674 (7th Cir. 2008). This is necessary because "if courts did not have the power to punish those who cooperate with those named in an injunction, the named parties could easily thwart the injunction by operating through others." *Id.* Here, there is no question that Rule 65(d)(2)(B) and (C) apply to the new Defendants David Roman ("Roman"), Mitchel May ("May"), Safe Home Security, Inc., ("Safe Home") and Medguard Alert, Inc. ("Medguard").

All of the new Defendants had actual notice of the preliminary injunction. Roman and May are both officers and/or principals of Defendant Lifewatch.[4] As a result, both Roman and May received actual notice of the preliminary injunction when this Court entered it against Defendant Lifewatch. Furthermore, because Roman is also the President of both Safe Home and Medguard, those entities received actual notice as well – Roman's knowledge is imputed to both Safe Home and Medguard.[5] *See United States v. One Parcel of Land*, 965 F.2d 311, 316 (7th Cir. 1992) (stating that knowledge gained by an officer of a corporation is be imputed to that corporation). Moreover, all of the new Defendants are "in active concert or participation" with Defendants Lifewatch and Sirlin. As corporate officers and/or principals of Lifewatch, any conduct of Roman and May alleged in the Amended

---

[4] *See* Tr. at 188 (Sirlin stating that Roman is the chairman of Lifewatch); PX 1, Declaration of Roberto Menjivar, Att. M (Lifewatch Organizational Chart listing May as Vice President and Roman as Vice President).
[5] *See* Tr. at 187 (Sirlin stating that Roman is the CEO of Safe Home).

4

Complaint would be, by definition, "in active concert or participation" with Lifewatch. Similarly, all allegations relating to Safe Home and Medguard in the Amended Complaint were undertaken "in active concert and participation" with Lifewatch as part of their business relationships with Lifewatch.[6] Because pursuant to Rule 65(d)(2)(B) and (C) all of the new Defendants already are bound by the preliminary injunction, Defendants cannot seriously suggest that Plaintiffs' motion to amend is in bad faith or has a dilatory motive.[7]

### B. This court should grant Plaintiffs' motion to amend because there has been no undue delay.

It is completely disingenuous for Defendants to argue that the Plaintiffs seek to delay the resolution of this case. The Defendants' illegal practices have already harmed millions of

---

[6] *See Bank v. Lifewatch, Inc., et. al.*, No. 1:15-cv-2278 (E.D.N.Y. filed April 22, 2015) (complaint alleging telemarketer gave Safe Home's address as the headquarters for the seller of the medical alert device being offered); Doc. 66 at 16, 23 (PX 1, Declaration of Roberto Menjivar, Att. V (redacted)) (Lifewatch financial statements listing more than $34 million in sales of customer contracts to Safe Home); Tr. at 79, 82-83 (Baker describing verification calls made by Medguard); Tr. at 146, 173 (Sirlin describing how Medguard aids fulfillment by Lifewatch).

[7] Defendants' reliance on *Hospital Therapy Services of Georgia, Inc. v. Shalala*, No. 1:95-CV-2951-JOF, 1997 U.S. Dist. LEXIS 22862 (N.D. Ga. Sept. 29, 1997) and *GSS Properties, Inc. v. Kendale Shopping Ctr., Inc.,* 119 F.R. D. 379 (M.D.N.C. 1998) is misplaced. In *Hospital Therapy*, the plaintiffs sought to amend the complaint for the third time (notably the defendants did not object to the first two amendments) to add former plaintiffs who had voluntarily dismissed their claims against defendant over a year earlier. Just prior to the plaintiffs seeking their amendment, the Court granted a preliminary injunction in favor of the plaintiffs and denied the defendants' motion to dismiss or for summary judgment. In denying the plaintiffs' motion to amend, the court concluded that the addition of the plaintiffs would "greatly expand [the case's] scope and delay its ultimate resolution" where the new plaintiffs represented an entirely different geographic area and more discovery would be needed. 1997 U.S. Dist. Lexis 22862, at *9. Moreover, the court concluded that the motion was a strategic attempt to benefit from the court's ruling for the plaintiffs where the new plaintiffs had voluntarily dismissed their claims and only wanted to rejoin the litigation now that a favorable result had occurred. *Id*. In *GSS Properties*, the court found there was bad faith on the part of the plaintiffs where the evidence suggested that the plaintiffs had an ulterior motive for filing the motion to amend the complaint, i.e., to force the defendants into settlement. 119 F.R.D. at 381. The circumstances in this matter are vastly different. First, the Plaintiffs are not attempting to expand the scope of the current litigation. The Plaintiffs' Amended Complaint consists of five new paragraphs and one slight modification to an existing paragraph. *See* Doc. 155-1 (Plaintiffs' Amended Complaint) ¶¶ 10, 11, 13, 14, and 15. The scope of the alleged behavior remains entirely the same; there are no new claims. The Plaintiffs are only alleging that the new Defendants are also liable for the same violations.

consumers. The entire point of this litigation is to end the Defendants' violations and obtain redress for the consumers. To that end, the sooner this case is resolved, the sooner consumers stop being harmed, and the sooner they may possibly receive redress for their injuries. Moreover, the history of this litigation has shown that it is the Defendants who continually seek to delay the resolution of this case.

      On June 30, 2015, Plaintiffs filed their Complaint for Permanent Injunction. The Court ordered expedited discovery and held a hearing on the motion for preliminary injunction on December 14, 2016. The Court granted the FTC's motion for a preliminary injunction on March 31, 2016. At the status hearing on April 14, 2016, the parties discussed the discovery and dispositive motion schedule, and Plaintiffs informed the Court, as they had previously informed Defendants, that Plaintiffs intended to file an amended complaint adding additional parties. The Court ordered June 3, 2016, as the deadline by which the parties must move to amend the pleadings or add new parties. Defendants raised no objection to the June 3rd date before, during, or after the status hearing. The Court also ordered the parties to file a joint status report with a proposed discovery schedule by May 10, 2016. On April 10, 2016, Plaintiffs delivered a draft discovery schedule to Defendants that included the deadline for amending the pleadings. Nearly a month later, on May 9, 2016, Defendants finally responded to Plaintiffs' draft discovery schedule, but raised no objection to any of the discovery dates or the amended pleading date of June 3, 2016.[8] Furthermore, Defendants never responded to Plaintiffs' inquiry as to whether they would consent to Plaintiffs'

---

[8] Defendants' insincerity about their delay argument is further demonstrated by the fact that Defendants waited more than sixty days to file their notice of appeal of this Court's preliminary injunction order and have recently asked to delay the mandatory mediation conference required by the Seventh Circuit, which will result in a further extension of time to file their appellate brief.

6

amending the Complaint, and Defendants' counsel even asked Plaintiffs on June 1, 2016, to agree to extend the amendment date. Plaintiffs responded that they would not object to an extension for the Defendants, but that Plaintiffs intended to file their motion on June 3rd. It is only now, after Plaintiffs filed their motion to amend on the court-ordered and agreed upon date, that Defendants complain of any delay. In fact, the case cited by Defendants, *Hindo v. Univ. Health Services*, 65 F.3d 608, 615 (7th Cir. 1995), actually supports Plaintiffs' contention that amendment is proper at this time. In that case, the court found undue delay where plaintiff waited until after discovery had closed and a motion to dismiss was pending before moving to amend his complaint. Here, discovery does not close until January 6, 2017, and no motion to dismiss is pending.

Furthermore, any purported delay is irrelevant absent a showing of undue prejudice to Defendants Lifewatch and Sirlin. *See Dubicz v. Commonwealth Edison Co.*, 377 F.3d 787, 793 (7th Cir. 2004) (reversing district court's order denying motion for leave to file an amended complaint stating, "delay by itself is normally an insufficient reason to deny a motion for leave to amend. Delay must be coupled with some other reason. Typically, that reason….is prejudice to the non-moving party."). Defendants cannot claim undue prejudice with respect to the addition of new defendants where the underlying allegations of the complaint remain essentially the same and the new Defendants are on notice of the possibility of being parties to the litigation. *See Clark v. Universal Builders, Inc.*, 501 F.2d 324, 339-340 (7th Circuit 1974) (finding no prejudice to the defendants where the persons sought to be added as defendants were officers, directors, and shareholders of the closely held defendant corporations and, as such, were on constructive notice of the action); *Boyd v.*

*Ill. State Police*, No. 98 C 8348, 2001 U.S. Dist. LEXIS 8899 (N.D. Ill. June 27, 2001) (Lefkow, J.) (granting plaintiffs' motion to amend to add new defendants, finding that defendants could not claim undue prejudice with respect to the addition of new defendants where the underlying allegations remained the same and the new defendants had been on notice of the possibility of being parties to the litigation.).

Here, Plaintiffs' Amended Complaint contains five new paragraphs and one slightly modified paragraph. *See* Doc. 155-1 (Plaintiffs' Amended Complaint) at ¶¶ 10 – 15. The only amended paragraphs that directly affect Defendants Lifewatch and Sirlin are paragraphs 12 and 15. Plaintiffs amended paragraph 12 to conform with new paragraphs 10 and 11, and that paragraph is substantively identical to the original Complaint. The only truly new allegation relating to Lifewatch and Sirlin is the new paragraph 15, which includes an allegation of a common enterprise among Lifewatch, Safe Home, and Medguard. The remaining four new paragraphs simply describe Roman, May, Safe Home, and Medguard as new Defendants. The rest of the Complaint remains absolutely unchanged.[9] Additionally, as previously discussed, because of the new Defendants' relationship with Lifewatch and Sirlin, all of the new Defendants were on notice of the pending litigation and cannot now feign surprise that Plaintiffs seek to add them as parties to the litigation.[10]

---

[9] Defendants' citation to *Johnson v. Sales Consultants, Inc.*, 61 F.R.D. 369 (N.D. Ill. 1973) is inapposite. In that case, the court denied the plaintiffs' motion to amend where plaintiff was seeking to abandon his original cause of action and assert an entirely new cause of action without ever indicating to Defendants that he would do so. Here the Plaintiffs are not asserting any new causes of action, only adding new Defendants and asserting an additional theory of liability.

[10] The cases Defendants cite in support of their argument that knowing of possible other defendants counts as undue delay sufficient to cause undue burden are factually distinguishable, either because they involve entirely new claims, *see McCoy v. Iberdrola Renewables, Inc.*, 760 F.3d 674, 687 (7th Cir. 2014) (affirming district court's denial of defendants' motion to add new counterclaims); *Glass v. Chicago Park Dist.*, 87 F.3d 190, 194 (7th Cir. 1996) (affirming denial of plaintiffs' motion to add new claims

Furthermore, to the extent that the amendment of the Complaint will require additional discovery, that alone is insufficient to demonstrate undue burden on the Defendants. *See Bank of Am., N.A. v. Gould, et. al.*, No. 11 C 7658, 2012 U.S. Dist. LEXIS 106978, at *18 – 19 (N.D. Ill, July 31, 2012) (Kendall, J.) (granting plaintiffs' motion to amend the complaint to add new parties finding that while the amended complaint would require more discovery, it could possibly be completed before the discovery cutoff date). Plaintiffs are not adding any new causes of action, and fact discovery does not close until January 6, 2017. Indeed, the current round of fact discovery has barely begun. Plaintiffs served their First set of Interrogatories and Document Requests on June 7, 2016. Plaintiffs subsequently served their First Requests for Admission on June 15, 2016. Defendants just served their First set of Interrogatories and Document Requests on July 1, 2016. No depositions have been noticed as of the date of this Reply.[11]

Moreover, the addition of the new Defendants is unlikely to broaden the scope of discovery. As officers and/or principals of Lifewatch, Roman and May are already subject to discovery requests pertaining to Lifewatch. In addition, since they are officers and/or principals of Lifewatch, Plaintiffs would likely notice their depositions as well. Further, due to the relationship between Roman, Safe Home, Medguard, and Lifewatch, Safe Home and Medguard would also be likely targets for discovery, regardless of whether the Court allows

---

pursuant to rule 15(d)), or because they were made on the eve of trial. *See Jones v. GES Exposition Services*, No. 02 C 6243, 2004 U.S. Dist. LEXIS 17981 (N.D. Ill. Sept. 3, 2004) (Filip, J.) (denying pro se plaintiff's motion to amend where it was brought after close of discovery).

[11] Other than documents obtained since the preliminary injunction hearing, Plaintiffs have already produced virtually all discoverable documents to Defendants.

Plaintiffs' Amended Complaint. Thus, there should not be a need to expand either the scope of discovery or the time necessary for discovery.[12]

### C. **This Court should grant Plaintiffs' motion to amend the Complaint because amendment is not futile.**

Defendants' futility argument is a non-starter, as defense counsel conceded in open court on June 9, 2016. Amendment is futile only if the amended complaint could not survive a motion to dismiss. *See Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F. 3d 510, 524 (7th Cir. 2015) (reversing district court's denial of plaintiffs' motion to amend finding that amendment would not be futile where amendment adequately stated a claim.) Here, Plaintiffs' Amended Complaint adequately pleads both a common enterprise and individual liability sufficient to survive a motion to dismiss. Fed. R. Civ. P. 8(a) requires that a pleading contain a "'short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). "Heightened fact pleading of specifics" is not required, "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d. 868 (2009) ("Rule 8…does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Whether a complaint states a

---

[12] Defendants' argument that Plaintiffs should file a separate suit against the new Defendants flies in the face of the concept of judicial efficiency and should not be entertained by this Court. *See Bank of Am.*, 2012 U.S. Dist. LEXIS 106978, at *17 (granting plaintiffs' motion to amend to add new defendants, stating "In a judicial system that is already exceptionally strained, it is unnecessary and wasteful to request that the Court expend its resources on claims that can easily be tried together in the present case as a single cause of action.).

plausible claim for relief on its face is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679.

In the instant case, Plaintiffs have pled more than just conclusory allegations of the new Defendants' role in the illegal activities and the common enterprise. Paragraph 15 states:

> Defendants Lifewatch, Safe Home Security, and Medguard (collectively, the "Corporate Defendants") have operated as a common enterprise while engaging in the deceptive and unfair acts and practices and other violations of law alleged below. Defendants have conducted the business practices described below through an interrelated network of companies that have common ownership, business functions, and office locations, and that have commingled funds. Because the Corporate Defendants have operated as a common enterprise, each of them is jointly and severally liable for the acts and practices alleged below. Defendants Sirlin, May, and Roman have formulated, directed, controlled, had the authority to control, or participated in the acts and practices of the Corporate Defendants that constitute the common enterprise.

Moreover, the Amended Complaint states specific facts related to the elements of a common enterprise. [13] *See* Plaintiffs' Amended Complaint, ¶¶ 12, 13, and 14 (alleging common officers and common control), ¶¶ 10 and 11 (alleging shared offices), and ¶¶ 17 and 18 (shared marketing). These allegations are more than sufficient to "state a claim that is

---

[13] Courts look to a variety of factors when determining the existence of a common enterprise, including: (1) common officers and employees; (2) common control; (3) shared offices; (4) commingling of funds; and (5) shared advertising and marketing. *See FTC v. Wyndham Worldwide*, No. 13-1887, 2014 U.S. Dist. LEXIS 84913, at *13 (D.N.J. Jun. 23, 2014) (denying defendants' motion to dismiss where the FTC adequately pled a common enterprise; FTC pled "specific facts relating to common control, sharing of office space, and lack of distinction between the defendants."). *See also FTC v. Consumer Health Benefits Ass'n*, No. 10 Civ. 3551, 2012 U.S. Dist. LEXIS 72161, at *15 (E.D.N.Y. May 21, 2012) (denying defendants' motion to dismiss plaintiffs' complaint based on a theory of common enterprise; plaintiffs were not required to meet the heightened pleading requirements of Rule 9(b)); *County of Cook v. HSBC N. Am. Holdings, Inc.*, 136 F. Supp. 3d 952, 967 (N.D. Ill 2015) (denying defendants' motion to dismiss for failure to state a claim for common enterprise where plaintiffs alleged facts establishing the corporate structure and pled in a single paragraph that "Defendants collectively had operated as a common enterprise.").

plausible on its face" and to place the Defendants on fair notice of the claims against them. *See FTC v. AFD Advisors, LLC*, No. 13 CV 6420, 2014 U.S. Dist. LEXIS 8870, at *8 (N.D. Ill. Jan. 24, 2014) (Zagel, J.) (denying defendants' motion to dismiss Section 5(a) and TSR claims where complaint contained allegations that defendants "(1) participated directly in, or had some control over, a corporation's deceptive practices, and (2) had actual or constructive knowledge of their practices."). Accordingly, Plaintiffs' amendment is not futile.

Finally, Defendants disregard established case law in this Circuit when arguing that Rule 9(b) applies to FTC cases. No court in the Seventh Circuit has ever held that the heightened pleading requirement of Rule 9(b) applies in FTC cases. In fact, the opposite is true. In *FTC v. Communidyne*, the court denied the defendants' motion to dismiss alleging a failure of the FTC to plead facts with specificity required by Rule 9(b) stating, "A claim under section 5(a) of the FTC Act is not a claim of fraud or mistake, so Rule 9(b) does not apply. There is no scienter or reliance requirement as would be required to prove fraud." No. 93 C 6043, 1993 U.S. Dist. LEXIS 18708, at *4 (N.D. Ill. Dec. 3, 1993) (Conlon, J.) (citing *FTC v. Amy Travel Serv., Inc.*, 875 F.2d 564, 574 (7th Cir.), *cert. denied*, 493 U.S. 954, 107 L. Ed. 2d 352, 110 S. Ct. 366 (1989). Similarly, in *FTC v. AFD Advisors, LLC*, No. 13 CV 6420, 2014 U.S. Dist. LEXIS 8870, at *5 (N.D. Ill. Jan. 24, 2014) (Zagel, J.), the court again denied a motion to dismiss where defendants argued the FTC did not meet the heightened pleading requirements of Rule 9(b) stating, "because neither fraud nor mistake is an element of deceptive conduct under the FTC Act and the TSR, allegations that provide notice under

the relaxed pleading standard of Rule 8 are sufficient." [14] Regardless, Plaintiffs' amended complaint conforms with the heightened pleading requirements of 9(b). *See FTC v. Johnson*, No. 2:10-cv-02203-MMD-GWF, 2013 U.S. Dist. LEXIS 80341, at *35 (D. Nev. Feb 8, 2013) (denying defendants' motion to dismiss finding that FTC had adequately pled common enterprise according to heightened pleading requirements of Rule 9(b) even where FTC did not allege with particularity the actual involvement of each defendant); *FTC v. AMG Services*, No. 2:12-cv-00536-GMN-VCF, 2012 U.S. Dist. LEXIS 183160 (D. Nev. Oct. 31, 2012) (denying defendants' motion to dismiss FTC's common enterprise claim under heightened pleading requirements of Rule 9(b) where FTC described the alleged scheme in detail but could not state with specificity the specific actions of the corporate officers). Even still, a failure to plead to the heightened specificity standards of Rule 9(b) would not make the amendment futile. The appropriate remedy would be for Plaintiffs to replead the allegations. *See FTC v. Lights of Am.*, 760 F. Supp. 848 (C.D. Cal. 2011) (granting defendants' motion to dismiss for failing to meet the pleading standards of Rule (b), but granting Plaintiffs' leave to replead).

---

[14] The majority of district courts in other circuits have agreed that the heightened pleading requirements of Rule 9(b) do not apply in actions involving violation of the Federal Trade Commission Act. *Compare FTC v. Med. Billers Network, Inc.*, 543 F. Supp. 2d 283, 314-15 (S.D.N.Y. 2008) (noting that the argument that Fed. R. Civ. P. 9(b) applied to §5 claims was "likely without merit"); *FTC v. Nat'l Testing Services*, No. 3:05-0613, 2005 U.S. Dist. LEXIS 46485, at *4 (M.D. Tenn. Aug. 18, 2005) (finding that intent to deceive consumer, consumer reliance, and consumer injury are not necessary elements of §5 violation); *FTC v. Skybiz.com, Inc.*, No. 01-cv-396-K(E), 2001 U.S. Dist. LEXIS 26314, at *11 (N.D. Okla. Aug. 2, 2001) (unpublished) (claim under Section 5(a) is not a claim for fraud or mistake, so that Fed. R. Civ. P. 9(b) does not apply); *FTC v. Freecom Commc'ns, Inc.*, 401 F.3d 1192, 1204, n.7 (10th Cir. 2005) (court noted that a "§5 claim simply is not a claim of fraud as that term is commonly understood or as contemplated by Rule 9(b)…"); *FTC v. Sterling Precious Metals*, No. 12-80597-CIV-MARRA, 2013 U.S. Dist. LEXIS 20879 (S.D. Fla. Feb. 14, 2013) (finding the 10th Circuit's reasoning in *Freecom* persuasive as to the heightened pleading requirement of 9(b) inapplicable) *with FTC v. Lights of Am., Inc.*, 760 F. Supp. 2d 848, 854 (C.D. Cal. 2010) (finding that Rule 9(b) applied to §5 claims).

In sum, this Court should grant Plaintiffs' motion to amend the Complaint because Defendants have failed to demonstrate that any of the necessary elements - undue delay, bad faith or dilatory motive, undue prejudice, or futility - are present to justify disregarding the liberal amendment standard set forth in Fed. R. Civ. P. 15(a)(2).

                Respectfully submitted,

                DAVID C. SHONKA
                Acting General Counsel

Dated: July 7, 2016         /s/ Samantha Gordon
                DAVID A. O'TOOLE
                SAMANTHA GORDON
                Federal Trade Commission, Midwest Region
                55 West Monroe Street, Suite 1825
                Chicago, Illinois 60603
                Telephone: (312) 960-5623
                Facsimile: (312) 960-5600
                Email: dotoole@ftc.gov; sgordon@ftc.gov

                Attorneys for Plaintiff
                FEDERAL TRADE COMMISSION

                PAMELA JO BONDI
                Attorney General
                State of Florida

                /s/Denise Beamer
                DENISE BEAMER
                KRISTEN JOHNSON
                Assistant Attorney General
                Florida Bar # 69369
                Office of the Attorney General
                Consumer Protection Division
                135 W. Central Blvd., Suite 670
                Orlando, Florida 32801
                Telephone: (407) 316-4840
                Facsimile: (407) 245-0365

                Attorneys for Plaintiff

                    STATE OF FLORIDA
                    OFFICE OF THE ATTORNEY GENERAL

## **CERTIFICATE OF SERVICE**

I, Samantha Gordon, hereby certify that on July 7, 2016, I electronically filed **PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION TO FILE AN AMENDED COMPLAINT**, **with the Court using the CM/ECF system, which will automatically send copies to any attorney of record in the case.**

          Respectfully Submitted,

          /s/ Samantha Gordon
          SAMANTHA GORDON
          Federal Trade Commission
          55 W. Monroe Street, Ste. 1825
          Chicago, Illinois 60603
          Voice: (312) 960-5623
          Fax:   (312) 960-5600
          Email: sgordon@ftc.gov