UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF FLORIDA, OFFICE OF THE ATTORNEY GENERAL, DEPARTMENT OF LEGAL AFFAIRS,<br><br>Plaintiffs,<br><br>v.<br><br>LIFEWATCH INC., a New York corporation, also d/b/a LIFEWATCH USA and MEDICAL ALARM SYSTEMS,<br><br>SAFE HOME SECURITY, INC., a Connecticut corporation,<br><br>MEDGUARD ALERT, INC., a Connecticut corporation,<br><br>EVAN SIRLIN, individually and as an officer or manager of Lifewatch Inc.,<br><br>MITCHEL MAY, individually and as an officer or manager of Lifewatch Inc., and<br><br>DAVID ROMAN, individually and as an officer or manager of Lifewatch Inc., Safe Home Security, Inc., and Medguard Alert, Inc.<br>Defendants. | Case No. 1:15-cv-5781<br><br>Hon. Judge Gary Feinerman |

**MEMORANDUM OF LAW IN SUPPORT OF MITCHEL MAY'S**

**MOTION TO DISMISS THE AMENDED COMPLAINT**

# TABLE OF CONTENTS

TABLE OF CONTENTS………………………...…………………………………………..I

TABLE OF AUTHORITIES…………………….....................................................II-IV

I. PRELIMINARY STATEMENT/PROCEDURAL BACKGROUND…………...……….1

II. LEGAL ARGUMENTS………………………………………………………….……3

    A. Plaintiffs' Amended Complaint Fails To Assert Facts Sufficient to State A Claim As To May……………………………………………………………….....4

    B. Plaintiffs Fail to Allege that May had Knowledge of the Deceptive Practices….11

II. CONCLUSION……………………………………….…………….…………...…12

# TABLE OF AUTHORITIES

## Cases

*All Am. Semiconductor, Inc. v. Peoplesoft, USA, Inc.*,
   CIV No. 07-12963-BKC-LMI, 2010 WL 2854153, at *10
   (Bank. S.D. Fla. July 20, 2010)……………………………………..…………………10

*Ashcroft v. Iqbal*,
   556 U.S. 662, 678 (2009)…………………………...…………………....3, 4, 10, 11

*Beaman v. Souk*,
   2011 WL 832506, at *5 (C.D. Ill. Mar. 3, 2011)………………………………..……8

*Bell Atlantic v. Twombly*,
   550 U.S. 544, 555 (2007)……………………………...……………………….....3, 4

*Beyard v. Caddo Parish Comm'n*,
   CIV No. 06-2296, 2007 WL 1741970, at *4 (W.D. La. Apr. 27, 2007)…............…..9, 10

*Cellco P'ship v. Plaza Resorts Inc.*,
   No. 12-CV-81238, 2013 U.S. Dist. LEXIS 139337,
   2013 WL 5436553, at *6 (S.D. Fla. Sept. 27, 2013)………………………………...9

*Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Legal Servs.
Fund & Annuity Fund v. Lollo*,
   35 F.3d 29, 33 (2d Cir. 1994)……………………………………………………….10

*E.E.O.C. v. Gargiulo, Inc.*,
   No. 2:05-cv-460, 2006 WL 752825, at *2 (M.D. Fla. Mar. 22, 2006)……………………9

*Escrude Cruz v. Ortho Pharmaceutical Corp.*,
   619 F.2d 902, 907) (1st Cir. 1980)……………………………………………….…..5

*Fed. Trade Comm'n v. Benning*,
   No. C 09-03814 RS, 2010 U.S. Dist. LEXIS 64030,
   2010 WL 2605178, at *5-6 (N.D. Cal. June 28, 2010)…………………………………8

*Fed. Trade Comm'n v. Innovative Mktg., Inc.*,
   654 F. Supp. 2d 378, 388 (D. Md. 2009)……………………………………….....…7

*FTC v. Amy Travel Service, Inc.*,
   875 F.2d 564 (7th Cir. Ill. 1989)……………………………………………...…..11

*FTC v. LeanSpa, LLC*,
    920 F. Supp. 2d 270 (D. Conn. 2013)……………………………………………..……………8

*FTC v. Lights of Am., Inc.*,
    760 F. Supp. 2d 848 (C.D. Cal. 2010)……………….…….……………………3, 11, 12

*FTC v. Swish Mktg.*,
    2010 U.S. Dist. LEXIS 15016 (N.D. Cal. Feb. 22, 2010)………………………………...5

*FTC v. Wellness Support Network, Inc.*,
    2011 U.S. Dist. LEXIS 36453 (N.D. Cal. Apr. 4, 2011)………………………...……..6, 7

*Indep. Trust Corp. v. Stewart Info. Servs. Corp.*,
    665 F.3d 930, 935 (7th Cir. 2012)………………………………………………....…3

*Mais v. Gulf Coast Collection Bureau, Inc.*,
    No. 11-61936-CIV-SCOLA, 2013 WL 1283885, at *3 (S.D. Fla. Mar. 27, 2013)……....8

*McCabe v. Caribbean Cruise Line, Inc.*,
    2014 U.S. Dist. LEXIS 91116, *6-7 (E.D.N.Y. July 3, 2014)………………....………..9

*McHenry v. Renne*,
    84 F.3d 1172, 1175 (9th Cir. 1996)……………………………………………....…..9

*Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young*,
    No. 91-cv-2923, 1994 WL 88129, at *15 (S.D.N.Y. Mar. 15, 1994)……………….…..9

*Mozingo v. Correct Mfg. Corp.*,
    752 F.2d 168, 174 (5th Cir. 1985)………………………………………………...……5

*Muhammed v. Weis*,
    2009 WL 637112, at *2 (E.D. Pa. Mar. 11, 2009)……………………………...………9

*Petrovic v. Princess Cruise Lines, LTD.*,
    CIV No. 12-21588, 2012 WL 3026368, at *3 (S.D. Fla. July 20, 2012)…………..…….10

*Pierson v. Orlando Reg'l Healthcare Sys., Inc.*,
    619 F. Supp. 2d 1260, 1274 (M.D. Fla. 2009)…………………………………...……..9

*Rovio Entm't, Ltd. v. Allstar Vending, Inc.*,
    97 F. Supp. 3d 536, 542 (S.D.N.Y. 2015)………………………………………………..2

*Savanna Group, Inc. v. Trynex, Inc.*,
    CIV NO. 10-C-7995, 2013 WL 4734004, * (N.D. Ill. Sept. 3, 2013)…………………….2

*Sheffield v. Orius Corp.*,
    211 F.R.D. 411, 415 (D. Or. 2002)……………………………………………………..9

*Shostack v. Diller*,
 No. 15-CV-2255 GBD JLC, 2015 WL 5535808, at *5 (S.D.N.Y. Sept. 16, 2015)……….8

*Smart v. Int'l Broth. of Elec. Workers*,
 CIV. No. 07-94-DRH, 2010 WL 1286073, *3 (S.D. Ill. Mar. 26, 2010)……………...….2

<u>Statutes</u>

Fed. R. Civ. P. 12(b)(6)……………………………………………………………………...1, 3

Defendant Mitchel May ("May"), through counsel and pursuant to Fed. R. Civ. P. 12(b)(6), respectfully moves to dismiss the Amended Complaint in full as to May.

## I. PRELIMINARY STATEMENT/PROCEDURAL BACKGROUND

On March 12, 2014, the FTC served defendant Lifewatch, Inc. with a Civil Investigative Demand ("CID") in order to determine "whether telemarketers, sellers, or others assisting them engaged in violations of Section 5 of the Federal Trade Commission Act and/or the Telemarketing Sales Rule." (R. Doc. 7, Paragraph 1.) In response, Lifewatch produced thousands of documents (including, but not limited to, business records, financial records, tax returns, profit and loss statements, balance sheets, and cash flow statements). *Id*. On June 30, 2015 -- over a year after serving the CID upon Lifewatch -- the FTC initiated suit against Lifewatch and its president, Evan Sirlin. (R. Doc. 1). Thereafter, the FTC filed a motion for a preliminary injunction. (R. Doc. 9). After the parties conducted many months of discovery, including multiple depositions, and participated in a preliminary injunction hearing with live testimony, the court issued a preliminary injunction order on March 31, 2016. (R. Doc. 128). Now, two years after serving the CID, one year after initiating suit, and many months after obtaining an injunction, the FTC has amended its Complaint to add new parties whose identities and relationships to defendants have been well-known to the FTC since 2014 and 2015.

Tellingly, however, despite an active federal investigation lasting over two years and thousands of pages of discovery, the Amended Complaint contains *zero* allegations setting forth anything specific May is accused of doing. Indeed, the FTC alleges only that May, one of Lifewatch's vice presidents, "formulated, directed, controlled, had the authority to control, *or* participated in the acts and practices set forth in this Complaint." (emphasis added) (R. Doc.

1

165, Paragraph 15). This sole conclusory allegation against May is insufficient to plausibly state a claim that May can be liable in his individual capacity. *See*, *e.g.*, *Savanna Group, Inc. v. Trynex, Inc.*, CIV NO. 10-C-7995, 2013 WL 4734004, \* (N.D. Ill. Sept. 3, 2013) (finding that corporate officer indisputably in charge of company's marketing department could not be liable for alleged telemarketing violations, and holding that allowing such individual liability "would run afoul of the principle that a corporate officer may not be liable for corporate acts based purely on his or status in the corporation."); *see also Rovio Entm't, Ltd. v. Allstar Vending, Inc.*, 97 F. Supp. 3d 536, 542 (S.D.N.Y. 2015) (holding that to survive motion to dismiss, allegations against corporate officer cannot be "based merely upon a defendant's title or position within the corporation, or upon conclusory allegations that the defendant controls the corporation.") (citation omitted). At bottom, the Amended Complaint merely alleges that May is a corporate officer of Lifewatch and had generic authority in this capacity as a result, which is insufficient to state any claim against May in his individual capacity.

   Plaintiffs did not – and cannot – cure this fundamental deficiency by simply lumping May in with the five other named defendants through the expediency of pleading that the "defendant*s*" collectively are equally liable for the ten separate claims making up the Amended Complaint. This lump pleading method fails to satisfy Rule 8 because May has not been apprised of the facts underlying the claims against him individually. *See Smart v. Int'l Broth. of Elec. Workers*, CIV. No. 07-94-DRH, 2010 WL 1286073, \*3 (S.D. Ill. Mar. 26, 2010) (dismissing *pro se* plaintiff's complaint and holding that "[i]t is not enough under the federal pleading standards to merely lump the individual Parties together as "Defendants" in an effort to

2

collectivize their liability").[1] In fact, plaintiffs admitted in their motion to amend the Complaint that "other than alleging that the corporations act as a common enterprise, the Amended Complaint is otherwise identical to plaintiffs' initial Complaint." (R. Doc. 155, p. 3, FN 2). Thus, there is no dispute that -- in contravention of Rule 8, *Iqbal* and *Twombly* and their progeny -- plaintiffs have simply added the name Mitchel May to the initial Complaint without more.

Finally, despite seeking injunctive relief and restitution as to May, the Amended Complaint is devoid of any reference to May possessing knowledge of the acts that are alleged to have been violative of, *inter alia*, the FTC Act.

Accordingly, the Amended Complaint must be dismissed as to May.

## II.     LEGAL ARGUMENTS

In order to survive a Rule 12(b)(6) motion to dismiss, a complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). Additionally, the complaint "must actually suggest that the plaintiff has a right to relief, by providing allegations that raise a right to relief above a speculative level." *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation' of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

While the Seventh Circuit has not squarely addressed whether a general or heightened pleading standard should be applied to a claim by the FTC that an individual engaged in deceptive conduct, other courts have held that Rule 9(b)'s particularity pleading standard applies in this context. *See FTC v. Lights of Am., Inc.*, 760 F. Supp. 2d 848 (C.D. Cal. 2010) (concluding

---

[1]     If the federal government and the State of Florida – armed with two years' worth of discovery and the resources they can bring to bear – cannot lodge a single specific allegation against May as to what he allegedly did in his individual capacity, their claims should fare no better than the *pro se* plaintiff's claims did in *Smart*.

that "Rule 9(b) applies to claims for violation of the FTC Act"). Here, the violations pled by the plaintiffs aver fraudulent behavior and deceptive telemarketing activity, but do not provide any account of the time, place, and specific content of the fraudulent or deceptive conduct as to May, or any of the other defendants for that matter. Plaintiffs allegations thus do not come close to complying with the specific pleading that Rule (9)(b) requires. Even if this court determines that the heightened pleading requirements of Rule 9(b) do not apply, plaintiffs' allegations do not satisfy the lesser – but still demanding – requirements of Rule 8.

Here, the Amended Complaint —exactly the kind of complaint the Supreme Court cautioned against when it decided *Twombly* and *Iqbal*—fails to state a claim against May.

### A. Plaintiffs' Amended Complaint Fails To Assert Facts Sufficient To State A Claim As To May

Plaintiffs' individual liability claims against May are based solely upon the conclusory assertion that:

> Defendants Sirlin, May, and Roman have formulated, directed, controlled, had the authority to control, *or* participated in the acts and practices set forth in this Complaint. (emphasis added) (R. Doc. 165).

In view of this boilerplate recitation of the personal liability elements, May has not been given fair notice of, for instance, 1) what acts by May constitute formulating the acts and practices of the corporate defendants; 2) what acts by May constitute directing the acts and practices of the corporate defendants; 3) what acts by May constitute controlling the acts and practices of the corporate defendants; 4) what facts support the assertion that May had the authority to control the acts and practices of the corporate defendants; 5) what facts support the assertion that May participated in the acts and practices of the corporate defendants; 6) which of the three corporate

4

defendants' (i.e. Lifewatch, MedGuard, or Safe Home Security) acts and practices did May formulate, direct, control, or have the authority to control.[2]

The court in *FTC v. Swish Mktg.*, 2010 U.S. Dist. LEXIS 15016 (N.D. Cal. Feb. 22, 2010) dismissed an indistinguishable complaint. In that case, the FTC alleged that defendant and three of its officers, including Mark Benning, violated section 5 of the FTC Act in connection with the advertisement and sale of its financial services. In granting Benning's motion to dismiss, the court explained:

> The only time Benning's name is expressly mentioned in the Complaint, it is to allege:

Defendant Mark Benning was at all times material to this Complaint the CEO for Defendant Swish. At all times material to this Complaint, acting alone or in concert with others, he has formulated, directed, controlled, had the authority to control, or participated in the acts and practices of Swish, including the acts and practices set forth in this Complaint. Defendant Benning resides in this district and, in connection with the matters alleged herein, transacts or has transacted business in this district and throughout the United States.

> The FTC uses this exact language to describe the actions of defendants Matthew Patterson and Jason Strober. Throughout the Complaint, the FTC does describe in considerable detail the

---

[2] The Court previously held that "Lifewatch's chief executive officer, [co-defendant] Sirlin had the authority to control Lifewatch's actions" only after finding that "Sirlin creates the corporation's overall vision, formulates the corporation's overall business plan, and oversees business operations." R. Doc. 128 (finding further that co-defendant Sirlin signed all of the telemarketing applications with the FDACS). Without conceding the relevance or admissibility of the evidence relied upon, it is not clear what authority remained for May to exercise in light of Sirlin's alleged direct involvement in the activity giving rise to the Amended Complaint. In other words, if May's superior officer at Lifewatch has already been found to have had the authority to control, and was allegedly in fact controlling, the "acts and practices set forth in this Complaint," Am. Compl. ¶ 12, it is simply not plausible that a less senior officer of Lifewatch such as May was the "'central figure' in the challenged corporate activity" for May to be personally liable. *Mozingo v. Correct Mfg. Corp.*, 752 F.2d 168, 174 (5th Cir. 1985) (holding that for "the officer to be held personally liable [he] must have some direct, personal participation in the tort, 'as where the defendant was the "guiding spirit" behind the wrongful conduct ... or the "central figure" in the challenged corporate activity.'") (quoting *Escrude Cruz v. Ortho Pharmaceutical Corp.*, 619 F.2d 902, 907) (1st Cir. 1980)).

5

> websites operated by Swish, the relationship between Swish and VirtualWorks, and the circumstances behind the material omission and misrepresentations that comprise Counts I and II. The "factual" allegations alleged against Benning, by contrast, are cursory at best… The [FTC's] conclusory assertions of authority-- untethered to virtually any supportive facts--do not support an inference of Benning's involvement… As currently constituted the complaint presents virtually no facts to tie Benning to the debit card scheme or to suggest his knowledge moves from the conceivable to the plausible. In light of the [FTC's] broad investigatory power and its ability to obtain discovery prior to the commencement of this litigation, requiring it to advance some factual connection between Benning and the alleged deceptive acts should not represent an unreasonable or impractical expectation. Id. at *12-16 (N.D. Cal. Feb. 22, 2010).

Similarly, in the case at bar, after eliciting voluminous materials in connection with its pre-suit CID, and in connection with litigation discovery (ongoing since June 2015), the Amended Complaint mentions May twice (in paragraphs 13 and 15) and the boilerplate allegations against May are identical to the boilerplate allegations against the other individual defendants. Further, plaintiffs' claims against May are wholly speculative and untethered to any supportive facts. These bare claims against May would be violative of pleading requirements even if plaintiffs did not have the benefit of 2 years' worth of discovery. But here, where plaintiffs conducted extensive pre-suit and litigation discovery and then strategically waited to add May until they had successfully secured a preliminary injunction against the initial defendants, the court should be especially disinclined to give the plaintiffs any leeway.

Further, in *FTC v. Wellness Support Network, Inc.*, 2011 U.S. Dist. LEXIS 36453 (N.D. Cal. Apr. 4, 2011), the FTC alleged that corporate and individual defendants engaged in false advertising and deceptive practices in violation of Sections 5(a) and 12 of the FTC Act. The court dismissed the complaint as to an individual defendant because – as is the case here – "the allegations against [the individual defendant] are so conclusory that they do not support a

6

plausible inference that she participated directly in the alleged deceptive acts, controlled or had authority to control them or had knowledge of them. Indeed, the only factual allegation (aside from the boilerplate allegations that simply restate the legal standard)…is that she was an officer of WSN." The facts against the individual defendant in *Wellness Support Network, Inc*. are the same as the facts asserted in the case at bar against May. To wit, May is identified as a vice-president and then boilerplate allegations restate the individual liability standard. This is legally insufficient as a matter of law.

The insufficiency of plaintiffs' pleading is also evident from a review of cases in which courts have held that the FTC's pleadings *could* withstand a motion to dismiss. Importantly, in each of these cases, the FTC did more than simply recite elements – which they have done in the case at bar. For instance, in *Fed. Trade Comm'n v. Innovative Mktg., Inc*., 654 F. Supp. 2d 378, 388 (D. Md. 2009), the court denied an individual defendant's (Marc D'Souza's) motion to dismiss an FTC Act claim because:

> Marc D'Souza is identified as a corporate officer of Innovative Marketing, who was recruited by Jain, the company's co-founder and CEO…It is alleged that D'Souza personally handled the company's finances and was instrumental in establishing and maintaining numerous merchant accounts with various payment processors around the world…His role in this regard, "was especially important because the IMI Enterprise had great difficulty in maintaining relationships with payment processors due to the high rate of credit card chargebacks and complaints from customers. Moreover, it is alleged that between October 2004 and November 2006, Defendant Ross paid for the placement of more than $ 3.3 million worth of ads with the MyGeek network, by using, among other things, credit cards belonging to Marc D'Souza and Daniel Sundin. Such allegations are sufficient to evidence the sort of corporate control and participation that may support individual liability under the FTC Act. *Id.* (internal citations and quotations omitted).

7

These detailed facts starkly contrast with the bare allegations asserted by plaintiffs against May. Further, in *Fed. Trade Comm'n v. Benning,* No. C 09-03814 RS, 2010 U.S. Dist. LEXIS 64030, 2010 WL 2605178, at *5-6 (N.D. Cal. June 28, 2010), the court found that the complaint did in fact sufficiently allege individual liability under the FTC Act *because* the FTC averred that the individual defendant owned 30% of the closely-held corporate defendant *and* that he received and responded to emails detailing the possibly fraudulent nature of the corporate defendant's alleged misrepresentations.[3] Here, the allegations as to May in the Amended Complaint are not buttressed with any facts as to his individual actions that make it plausible he could potentially be liable in his individual capacity. *See Shostack v. Diller*, No. 15-CV-2255 GBD JLC, 2015 WL 5535808, at *5 (S.D.N.Y. Sept. 16, 2015) ("Conclusory allegations that the corporate officers exercised control over the corporation by virtue of their title or position within the corporation, or derived some benefit from the corporation's activities do not suffice"); *Mais v. Gulf Coast Collection Bureau, Inc.*, No. 11-61936-CIV-SCOLA, 2013 WL 1283885, at *3 (S.D. Fla. Mar. 27, 2013) (refusing to find corporate officer and shareholder liable for telemarketing violations where "the Complaint contains no other factual allegations against Brown and fails to assert any cause of action against him personally.").

Moreover, a plaintiff may not simply "collectivize" a group of defendants by using a defined term to "lump" them together for purposes of pleading facts. *See Beaman v. Souk*, 2011 WL 832506, at *5 (C.D. Ill. Mar. 3, 2011) ("Plaintiff has chosen to . . . plead[ ] his various claims against the individual Defendants as a group rather than on an individual basis. This type

---

[3] *See also FTC v. LeanSpa, LLC*, 920 F. Supp. 2d 270 (D. Conn. 2013) (denying the motion to dismiss because in addition to merely pleading that the individual defendant "was an officer" and "formulated, directed, controlled, had the authority to control, or participated in the acts and practices," the FTC *also* described how Chiang "met with the other individual defendants to discuss…the use of blogs or fake news sites to market products and obtain consumer leads.").

8

of group pleading is not sanctioned by Rule 8(a) and should be discouraged: these claims should be summarily dismissed."); *see also McCabe v. Caribbean Cruise Line, Inc.*, 2014 U.S. Dist. LEXIS 91116, *6-7 (E.D.N.Y. July 3, 2014) ("Defendants argue that the amended complaint impermissibly "lumps" the defendants together and fails to plausibly plead that each of the defendants was responsible for the telephone call received by McCabe. I agree. The complaint contains only conclusory allegations that the defendant Vacation Marketers engaged in the unlawful conduct alleged in the complaint."); *Cellco P'ship v. Plaza Resorts Inc.,* No. 12-CV-81238, 2013 U.S. Dist. LEXIS 139337, 2013 WL 5436553, at *6 (S.D. Fla. Sept. 27, 2013) (finding allegations that "the [defendants] are 'affiliated' and 'act in concert' with each other . . . simply too conclusory" and granting motion to dismiss*)*; *Muhammed v. Weis*, 2009 WL 637112, at *2 (E.D. Pa. Mar. 11, 2009) ("[M]any of Plaintiffs' claims violate Federal Rule of Civil Procedure 8(a), insofar as they consist of blanket allegations against entire groups of individual defendants, but do not describe how each individual actor within the group contributed to the alleged harm").[4] Here, the Amended Complaint improperly lumps together the six individual

---

[4] *See also McHenry v. Renne*, 84 F.3d 1172, 1175 (9th Cir. 1996) ("[C]laims which vaguely refer to 'defendants' or 'other responsible authorities' will not suffice."); *Pierson v. Orlando Reg'l Healthcare Sys., Inc.*, 619 F. Supp. 2d 1260, 1274 (M.D. Fla. 2009) ("Because of the grouping together of these Defendants without differentiation or some sort of description of the actions that could provide 'fair notice' of the basis for the claims against them, the claims against the 'Peer Review Defendants' are not sufficiently pled" under Rule 8(a)); *E.E.O.C. v. Gargiulo, Inc.*, No. 2:05-cv-460, 2006 WL 752825, at *2 (M.D. Fla. Mar. 22, 2006) ("[P]laintiff cannot simply lump its individual assertions together in a group pleading, unless it is plaintiff's contention that the identical events apply to all five individuals"); *Sheffield v. Orius Corp.*, 211 F.R.D. 411, 415 (D. Or. 2002) ("Broad allegations against numerous defendants are not specific enough to provide the defendants with notice of the plaintiffs' allegations."); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Young*, No. 91-cv-2923, 1994 WL 88129, at *15 (S.D.N.Y. Mar. 15, 1994) ("Even Rule 8(a) pleading requires plaintiffs to identify the specific defendant charged with committing a particular predicate act, rather than collectivizing a group of defendants as plaintiffs have done here"); *Beyard v. Caddo Parish Comm'n*, CIV No. 06-2296, 2007 WL 1741970, at *4 (W.D. La. Apr. 27, 2007) ("Plaintiff's conclusory and generic allegations that lump all defendants in one group are insufficient"); *Petrovic v. Princess Cruise Lines, LTD.*, CIV

9

and corporate defendants to broadly attribute the alleged misconduct to all of them. For instance, plaintiffs claim that defendants purportedly made "deceptive" telemarketing calls to consumers. But, nowhere do plaintiffs contend that May engaged in any of these "deceptive" acts or practices or that May was cognizant of -- or somehow personally responsible for -- the alleged conduct. Indeed, it remains entirely unexplained how May, as one of the vice presidents of Lifewatch, "had the authority to control" the acts and practices alleged in the Amended Complaint, Am. Compl. ¶ 13, when this same authority is ascribed to May's superior at Lifewatch, Mr. Sirlin. *Id.* ¶ 12. Either the buck stops at Mr. Sirlin or doesn't. Plaintiffs cannot have it both ways through these conclusory and contradictory allegations. *See Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Legal Servs. Fund & Annuity Fund v. Lollo*, 35 F.3d 29, 33 (2d Cir. 1994) (holding that an individual cannot be personally liable "solely by virtue of his role as officer, shareholder, or manager" but instead individual officer's liability required proof of "the officer's actual role in the company's affairs and relationship to the company's wrongdoing.") (citation omitted). Even with two years of discovery, plaintiffs are unable to assert a single allegation that puts May on notice as to what plaintiffs believe *he* did in relation to the Lifewatch's alleged wrongdoing.

"Conclusory allegations are insufficient to survive a motion to dismiss." *Iqbal*, 556 U.S. at 676. And, "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id*. Further, "the tenet that a court must accept a complaint's

---

No. 12-21588, 2012 WL 3026368, at *3 (S.D. Fla. July 20, 2012) (dismissing negligence action because "a complaint that lumps all the defendants together in each claim and provides no factual basis to distinguish their conduct fails to satisfy Rule 8.") (citation and internal quotations omitted); *see also All Am. Semiconductor, Inc. v. Peoplesoft, USA, Inc.*, CIV No. 07-12963-BKC-LMI, 2010 WL 2854153, at *10 (Bank. S.D. Fla. July 20, 2010) (dismissing bankruptcy action because of the "undifferentiated allegations that lump all the defendants together.").

10

allegations as true is inapplicable to threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id*. at 663. Here, the allegation that May "formulated, directed, controlled, had the authority to control, *or* participated in the acts and practices of the Corporate Defendants that constitute the common enterprise" is not entitled to an assumption of truth. And, the remaining factual allegations -- which collectivize the defendants and do not specifically pertain to May or his individual liability -- have not "nudged the claims…across the line from conceivable to plausible" as is required by *Iqbal*. *Id*.

        **B.**        **Plaintiffs Fail to Allege that May had Knowledge of the Deceptive Practices**

To state a claim against an individual for violation of the FTC Act, the FTC must allege (a) misrepresentations or omissions (b) of material fact (c) of a kind usually relied upon by reasonably prudent persons, (d) that consumer injury resulted, and (e) that the individual participated directly in the acts or had the authority to control them. *FTC v. Amy Travel Service, Inc.*, 875 F.2d 564 (7th Cir. Ill. 1989) (superseded on other grounds). And, to hold individuals liable for restitution, plaintiffs must also show that the individual has knowledge of the deceptive practices. "The knowledge requirement may be fulfilled by showing that the individuals had actual knowledge of material misrepresentations, were recklessly indifferent to the truth or falsity of a misrepresentation, or had an awareness of a high probability of fraud along with an intentional avoidance of the truth." *FTC v. Lights of Am., Inc.*, 2011 U.S. Dist. LEXIS 40678, *9-10 (C.D. Cal. Mar. 31, 2011).

Presumably, plaintiffs will argue that their boilerplate verbiage "formulated, directed, controlled, had the authority to control, or participated in" is sufficient to allege the knowledge requirement and form the basis for May's individual liability. But, there is no logical support for this argument. A plain reading of this verbiage, and plaintiffs' use of the word "or" indicates

11

that plaintiff is asserting that May is individually liable because he either "had the authority to control" *or* he "participated in" the acts, or that he either "had the authority to control" *or* he "formulated, directed, and controlled the acts." If, as is alleged, May merely had the authority (by virtue of being a vice-president with Lifewatch) to control -- and there is no factual support in the Amended Complaint for this proposition -- then it does not logically follow that May had actual knowledge of material misrepresentations, or that he was recklessly indifferent to the truth, or had an awareness of a high probability of fraud.

In *Lights of Am.*, the court held that the FTC adequately alleged knowledge by the individual defendants *because* the FTC specifically described letters that the individual defendants received that should have reasonably put them on notice of the deceptive practices. Here, plaintiffs utterly failed to plead and factually support that May had knowledge of the allegedly deceptive practices. Again, given that plaintiff had the benefit of over two years of pre-suit discovery pursuant to its broad investigatory powers and additional discovery through this litigation, it is entirely insufficient (and, frankly, telling) that plaintiffs' personal liability claims against May hinge upon one boilerplate allegation.

### III. CONCLUSION

For the reasons set forth herein, Mitchel May respectfully requests that the Amended Complaint be dismissed against him with prejudice.

DATED: August 24, 2016

                Respectfully submitted,
                MITCHEL MAY

                By:    */s/* Lindsay P. Lollio
                Lindsay P. Lollio
                Aronberg Goldgehn Davis & Garmisa
                330 North Wabash, Suite 1700
                Chicago, Illinois 60611

Telephone: (312) 828-9600
Facsimile: (312) 828-9635
Email: llollio@agdglaw.com

- and -

Jason Sultzer, Esq. *(pro hac vice)*
Joseph Lipari, Esq. (*pro hac vice*)
THE SULTZER LAW GROUP, P.C.
14 Wall Street, 20th Floor
New York, New York 10005
(212) 618-1938 / Fax: (888) 749-7747

*Attorneys for Defendant Mitchel May*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 24, 2016, I electronically filed the foregoing Notice of Motion with the Clerk of the Court by using the CM/ECF system which will serve a Notice of Filing on all counsel of record.

                                                  */s/ Lindsay P. Lollio*
                                                  Lindsay P. Lollio
                                                  Aronberg Goldgehn Davis & Garmisa
                                                  330 North Wabash, Suite 1700
                                                  Chicago, Illinois 60611
                                                  Telephone: (312) 828-9600
                                                  Facsimile: (312) 828-9635
                                                  Email: llollio@agdglaw.com

                                                  *Attorneys for Defendant Mitchel May*