# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and | ) |
| | ) |
| STATE OF FLORIDA, OFFICE OF THE ATTORNEY GENERAL, DEPARTMENT OF LEGAL AFFAIRS, | ) ) ) Case No. 15cv5781 |
| Plaintiffs, | ) Judge Gary Feinerman |
| v. | ) Mag. Judge Jeffrey T. Gilbert |
| LIFEWATCH INC., a New York corporation, also d/b/a LIFEWATCH USA and MEDICAL ALARM SYSTEMS, | ) |
| SAFE HOME SECURITY, INC., a Connecticut corporation, | ) |
| MEDGUARD ALERT, INC., a Connecticut corporation, | ) |
| EVAN SIRLIN, individually and as an officer or manager of Lifewatch Inc., | ) |
| MITCHEL MAY, individually and as an officer or manager of Lifewatch Inc., and | ) |
| DAVID ROMAN, individually and as an officer or manager of Lifewatch Inc., Safe Home Security, Inc., and Medguard Alert, Inc. | ) |
| Defendants. | ) |

## PLAINTIFFS' MOTION TO COMPEL DISCOVERY

Plaintiffs Federal Trade Commission and State of Florida move this Court pursuant to Fed. R. Civ. P. ("Rule") 37(a)(3)(B)(iii) and (iv) for an order compelling Defendants Lifewatch and Sirlin to answer Plaintiffs' Interrogatory Number 1, Document Requests 1, 5, 7, 9, and 13,

and to provide access to Lifewatch's Customer Relationship Management ("CRM") system or the information contained in the CRM in a useable format. It is now over four months since the answers to the Interrogatories and Document Requests were due, and Defendants still have failed to adequately answer, despite repeated promises that their responses would be forthcoming. Moreover, many of the requests merely seek documents or information that already were requested during the expedited discovery period prior to the preliminary injunction hearing last year – that information should have been provided by October 1, 2015, but it was not. Despite repeated efforts by Plaintiffs to avoid involving the Court in this dispute, Defendants' persistent delays and noncompliance have forced Plaintiffs to file this motion. Therefore, Plaintiffs request an order compelling the Defendants to answer Plaintiffs' Interrogatory Number 1, Document Requests Numbers 1, 5, 7, 9, and 13, and to provide access to Lifewatch's Customer Relationship Management ("CRM") system or the information contained in the CRM in a useable format.

**Argument**

1.  The history of Plaintiffs' attempts to obtain responses to their discovery is set out in some detail here to demonstrate the lengths Defendants have gone in failing to comply with their discovery obligations. On June 7, 2016, Plaintiffs served on Defendants Plaintiffs' First Interrogatories to Defendants Lifewatch and Sirlin and Plaintiffs' First Request for Production of Documents to Defendants Lifewatch and Sirlin. (A true and correct copy of Plaintiffs' discovery requests are attached hereto as Attachment ("Att.") A.).[1]

---

[1] In fact, Plaintiffs requested many of the same documents and information during the Court-ordered expedited discovery prior to the preliminary injunction hearing last year. For example, Plaintiffs' earlier Document Requests sought all documents relating, *inter alia*, to all telemarketers who had sold medical alert devices or services or obtained customers on their behalf. Defendants' responses to that initial document request were due on October 1, 2015. (A true and correct copy of Plaintiffs' expedited discovery requests are attached hereto as Att. B.) Other than providing contracts with a small percentage of such entities, Defendants produced only a few emails, and those were produced only after Plaintiffs had filed a substantially larger number of such communications they had uncovered in

2. Pursuant to Rules 33(b)(2) and 34(b)(2)(A), Defendants' responses were due on July 7, 2016. On July 1, 2016, Defendants requested an extension until July 29, 2016, to respond to Plaintiffs' discovery requests. Plaintiffs' granted Defendants' request for an extension. (A true and correct copy of Defendants' request is attached hereto as Att. D.)

3. Plaintiffs received Defendants' responses to Plaintiffs' discovery requests on July 29, 2016. However, Defendants' responses were deficient in multiple respects. Plaintiffs' counsel subsequently sent Defendants' counsel a letter detailing all of the deficiencies in Defendants' responses. (A true and correct copy of Plaintiffs' counsel's letter is attached hereto as Att. E.) The letter set a deadline of August 12, 2016, for Defendants to complete their responses to Plaintiffs' discovery requests.

4. Defendants simply ignored Plaintiffs' counsel's letter. On August 15, 2016, Plaintiffs' counsel formally requested a meet and confer conference with Defendants' counsel. (A true and correct copy of Plaintiffs' counsel's request is attached hereto as Att. F.) The parties held a meet and confer conference on August 18, 2016.

5. During the meet and confer conference, Defendants' counsel stated that Defendants had retained an outside IT vendor to assist Defendants in locating responsive documents. Defendants' counsel agreed to email Plaintiffs on August 24, 2016, with a report on the status of the collection of electronic documents by the IT vendor. Defendants' counsel further agreed to produce responsive documents by September 1, 2016, and to provide Plaintiffs

---

another investigation. Similarly, as FTC counsel stated in court on September 8, 2016, the responses and documents Plaintiffs seek are of the same nature as those requested in the FTC's initial Civil Investigation Demand ("CID") and during expedited discovery. (A true and correct copy of the FTC's CID is attached hereto as Att. C.) Lifewatch's responses to the CID were due on April 11, 2014, and the CID expressly states that no extension could be granted other than in writing by a Director or Assistant Director of the FTC. (*See* Att. C at 7.) No such extension was ever granted. Moreover, the CID, by its express terms and pursuant to 15 U.S.C. § 50, specifically requires that the recipient retain all documents "in any way relevant to this investigation during its pendency." (*Id.*) The fact that Defendants have retained an IT vendor only recently to conduct a thorough search of Defendants' electronic records suggests that Defendants have repeatedly failed to meet their obligations under the CID and Rules 33 and 34.

with access codes to Defendants' customer relationship management software ("CRM"). Plaintiffs' counsel memorialized the meet and confer conference in an email. (A true and correct copy of Plaintiffs' counsel's email is attached hereto as Att. G.)

6. On August 24, 2016, Defendants' counsel confirmed that the IT vendor was on track for the September 1, 2016, production. (A true and correct copy of Defendants' counsel's email is attached hereto as Att. H.) But, Defendants' counsel walked back his agreement to provide Plaintiffs with access codes to Defendants' CRM.

7. On September 1, 2016, having not received any documents from Defendants, Plaintiffs called Defendant's counsel to discuss the status of the production. Defendant's counsel stated that contrary to the representation made in his August 24, 2016, email, the IT vendor had not completed the work and that it would be 2-3 more weeks before the IT vendor would be done. Defendants' counsel further stated that some documents would be produced that day. Plaintiffs' counsel memorialized this conversation in an email, to which Defendants' counsel took issue. (A true and correct copy of Plaintiffs' counsel's email and Defendants' counsel's response is attached hereto as Att. I.) No documents were ever produced.

8. On September 8, 2016, the parties appeared before the Court for a hearing on Defendants Safe Home Security Inc., Medguard Alert, Inc., Mitchel May, and David Roman's Motion to Dismiss. At that time, the parties discussed discovery with the Court. Defendants' counsel represented to the Court that the IT vendor needed two more weeks to complete the work.

9. On September 26, 2016, well past the two weeks Defendants' counsel represented to Plaintiffs and the Court would be needed to complete their production, Plaintiffs still had not received any documents from Defendants. Accordingly, Plaintiffs' counsel sent an email to

Defendants' counsel inquiring as to when they could expect Defendants' documents. Defendants' counsel responded that he anticipated that documents would "be produced by the end of this week and continuing into early/middle next week." (A true and correct copy of Plaintiffs' and Defendants' counsel's emails are attached hereto as Att. J.) Nothing was ever produced.

10. The parties appeared before the Court on October 11, 2016. At that time, Plaintiffs again raised the issue of Defendants' lack of response to their discovery requests. Defendants' counsel responded that they needed an additional two weeks to complete the search for responsive documents and would like a "date certain" for production.

11. On October 31, 2016, having not received any responsive documents, Plaintiffs counsel emailed Defendants' counsel asking about the status of Defendants' production. (A true and correct copy of Plaintiffs' counsel's email is attached hereto as Att. K.)

12. On November 1, 2016, in response to Plaintiffs' Joint Proposed Discovery Plan, Defendants requested until November 18, 2016, for the production of documents. Plaintiffs' counsel did not object, but requested an explanation as to why Defendants needed an additional extension of time and why no responsive documents had been forthcoming despite repeated assurances. Defendants' counsel responded that they were continuing to work with their client and the IT vendor and they would be producing "additional materials within the coming days." (A true and correct copy of Plaintiffs' and Defendants' counsel's emails along with Defendants' redline of the Joint Proposed Discovery Plan are attached hereto as Att. L.)

13. On November 18, 2016, the "date certain" Defendants selected for production, Plaintiffs received an email containing a handful of customer service printouts and a statement from Defendants' counsel that additional responsive documents would be coming shortly.

However, documents did not come "shortly." Instead, Plaintiffs received an email on November 21, 2016, stating that the IT vendor had a last minute technical issue that was delaying production and that the documents would be coming that night or the following morning. Again, no documents were produced that night or the following morning. Rather, Plaintiffs received an email on November 22, 2016, containing a wholly unnecessary and impenetrable claw back agreement that Defendants wanted in place prior to production of electronic documents to protect against inadvertent disclosure of privileged information. Plaintiffs responded that Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B) provide that protection. Defendants' counsel responded that the agreement provided "extra protection" yet provided no reasoning for such extra protection and no explanation why non-electronic information could not be produced. This last minute demand for an unnecessary claw back agreement can only be viewed as another attempt to delay the production of documents. (A true and correct copy of Plaintiffs' and Defendants' counsel's emails is attached hereto as Att. M.)

## Conclusion

14. Accordingly, Plaintiffs ask that the Court enter an Order pursuant to Rules 37(a)(3)(B)(iii) and (iv) compelling Defendants to answer Plaintiffs' Interrogatory Number 1, Document Requests 1, 5, 7, 9, and 13, and to provide access to Lifewatch's Customer Relationship Management ("CRM") system or the information contained in the CRM in a useable format by a date certain.

## Certification

Pursuant to Rule 37(a) and L.R. 3.01, I hereby certify that Plaintiffs' counsel has conferred with counsel for all parties on multiple occasions in a good faith effort to resolve the issues raised in this motion.

Respectfully Submitted,

Dated: November 22, 2016     /s/Samantha Gordon
DAVID A. O'TOOLE
SAMANTHA GORDON
Federal Trade Commission, Midwest Region
55 West Monroe Street, Suite 1825
Chicago, Illinois 60603
Telephone: (312) 960-5623
Facsimile: (312) 960-5600
Email: sgordon@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION


PAMELA JO BONDI
Attorney General
State of Florida

Dated: November 22, 2016     /s/Denise Beamer
DENISE BEAMER
KRISTEN JOHNSON
Assistant Attorney General
Office of the Attorney General
Consumer Protection Division
135 W. Central Blvd., Suite 670
Orlando, Florida 32801
Telephone: (407) 316-4840
Facsimile: (407) 245-0365

Attorneys for Plaintiff
STATE OF FLORIDA
OFFICE OF THE ATTORNEY GENERAL

## **CERTIFICATE OF SERVICE**

      I, Samantha Gordon, hereby certify that on November 22, 2016, I electronically filed PLAINTIFFS' MOTION TO COMPEL DISCOVERY, with the Court using the CM/ECF system, which will automatically send copies to any attorney of record in the case.

                                       Respectfully Submitted,

                                       /s/ Samantha Gordon
                                       SAMANTHA GORDON
                                       Federal Trade Commission
                                       55 West Monroe Street, Suite 1825
                                       Chicago, Illinois 60603
                                       Voice: (312) 960-5623
                                       Fax:    (312) 960-5600
                                       email: sgordon@ftc.gov