UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, et al.,<br><br>    Plaintiff,<br><br>    v.<br><br>LIFEWATCH INC., a New York Corporation, also d/b/a LIFEWATCH USA and MEDICAL ALARM SYSTEMS, et al.,<br><br>    Defendants. | Case No. 15 CV 5781<br><br>Judge Feinerman<br><br>Magistrate Judge Gilbert |

## PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL DISCOVERY

Plaintiffs Federal Trade Commission and State of Florida, Office of the Attorney General, submit this Supplemental Memorandum in support of their Motion to Compel Discovery, as ordered by the Court on January 17, 2017. (Dkt. 216.) As stated in their Motion, Plaintiffs have spent the past several months engaged in telephone calls and emails in an attempt to compel Defendants to respond to Plaintiffs' discovery requests. Having been unable to procure complete responses from Defendants, Plaintiffs were forced to file a motion to compel on January 5, 2017. (Dkt. 210.) Although Defendants' submission of a declaration from Sarai Baker, and a subsequent meet-and-confer on January 15, 2017, resolved some of the outstanding discovery requests, there are still several categories of discovery Defendants have failed to produce. Therefore, as ordered by the Court, the following is a list of "all unresolved issues and [Plaintiffs'] position thereon":

- Defendants' failure to produce documents from January 2012 to the present containing communications with: (1) telemarketers Defendants did not terminate despite the telemarketer's non-compliance with Defendants' alleged Do Not Call policy, including those

who refused to sign Defendants' form Do Not Call affidavit (Document Request No. 1; Interrogatory Nos. 4 and 5), and (2) telemarketers Defendants did terminate allegedly because of noncompliance with Defendants' Do Not Call policy. (Document Request No. 1; Interrogatory Nos. 2 and 3.) To date, the only email custodian from which Plaintiffs have received documents is Lauren Vandewater, who worked as Lifewatch's Call Center Liaison during the relevant time period. At the January 10, 2017, hearing on Plaintiffs' motion to compel, Defendants' counsel admitted that Defendants had not searched any other email custodians for responsive documents, meaning that they had not searched the email of the named defendants or of the witnesses they presented at the preliminary injunction hearing. On January 12, 2017, Plaintiffs emailed Defendants' counsel a list of: (1) the email custodians Defendants should search, including only the individuals listed in the parties' Rule 26(a)(1) disclosures, and individuals that figured prominently in the emails already produced by the parties in discovery, and (2) the telemarketers for whom they should search, including only telemarketers Defendants have acknowledged worked for them, for which evidence already admitted establishes telemarketing violations.[1]

---

[1] On January 12, 2017, Plaintiffs sent Defendants' counsel an email providing the following names: Mitchell May, David Roman, Craig Cleasby, Laura Roman, Evan Sirlin, Sarai Baker, Lauren Vandewater, Pamela Cohen, Paule Oliveri, Gerardo Duran, Douglas Hallowell, Joe Denaro, Jason Cooper, Darren Martinez, Howard Lev, Angel Aponte, Jasmine Padron, Gena Miller, Arien Djikstra, Sonya Stanley, Rick Batyr, and Alex Lindsley. Plaintiffs also provided Defendants with the following telemarketer names: Safe Guard Medical Alert, Rescue Medical Alert, TMI, Worldwide Info Services, Elite Information Solutions, Absolute Solutions Group, US Affiliates, Global Interactive Technologies, Global Service Providers, The Credit Voice, TCV, Live Agent Response, Arcagen, American Innovative Concepts, Unique Information Services, National Life Network, Ariston Marketing, Colonial Group, Constant Connection, First Choice Marketing, Interface, Inc., Call Center Partnership, Mayhem Innovations, Payless Solutions, Premium Marketing, Prium Plans, Security Alert, Senior Alert Systems, Senior Alert Specialists, Senior Assist Network, Senior Beneficial Network, Senior Benefit Specialists, SHMS Marketing Solutions, SMA, Sterling Sales of Virginia, United Life Care of Georgia, Virtue Point Marketing, Music City Ventures, Provative, Quality Services Network, S2 Ventures, VP Enterprises Group, Nationwide, Total Communications America, Total Security Vision, Agent Med Alert, Rescue Me Alert, and Senior Assist Network. In addition, because many of Defendants' employees seem to have used email accounts bearing not only the "Lifewatch-USA" domain name, but personal gmail or earthlink accounts or accounts bearing domain names associated with supposedly separate companies, such as "MedwatchUSA," Plaintiffs instructed Defendants to include such accounts in their production.

(*See* attached Exhibit ("Exh.") A.) Although Defendants committed to providing at least their position on these requests before the January 17, 2017, hearing, Defendants' counsel now refuses to address the list until Defendants file their response to this brief.[2] These documents are relevant to Defendants' defense that they maintained a legally sufficient Do Not Call policy, as Sarai Baker testified at the preliminary injunction hearing in December 2015, and would show that even when Defendants knew specific telemarketers were not complying with Defendants' Do Not Call policy, Defendants took few, if any, actions to ensure compliance.

- Defendants' failure to produce documents from January 2012 to the present sufficient to identify individuals or entities who work/worked for at least two of the three corporate defendants, and in what capacity they work/worked for those corporate defendants. (Document Request No. 1; Interrogatory No. 6.) In their response to Interrogatory No. 6, Defendants merely listed six individuals, without identifying the entities for which they work/worked, or the capacity in which they work/worked for those entities. Moreover, Defendants listed only natural persons and not any business or legal entity, even though the requests seek information and documents relating to both. Entities that would be responsive to Plaintiffs' request would include telemarketers, credit card processors, accountants, payroll managers, or any other business service provider Defendants employed. These documents are directly relevant to Plaintiffs' common enterprise claim.

- Defendants' failure to produce documents, including recordings of any communications, from January 2012 to the present relating to consumers who provided

---

[2] There likely are custodians with responsive emails other than those identified in Plaintiffs' January 12, 2017, correspondence with Defendants' counsel. And, there likely are emails in Defendants' possession responsive to requests not included in Plaintiffs' proposed order. In the interest of narrowing the issues in dispute, however, and without waiving their right to seek full production of Defendants' responsive emails, Plaintiffs' proposed order seeks emails from a subset of the custodians in response to a subset of document requests.

3

declarations in support of Plaintiffs' motion for preliminary injunction. (Document Request No. 5.) Defendants produced several printouts from Lifewatch's Customer Relations Management database showing that some of the declarants purchased products from Defendants, but have not produced: any recordings of the telemarketing calls made to these declarants, any billing records, payment records, documents relating to the activation of any medical alert device purchased from Defendants, or other correspondence regarding any of the declarants. These documents are relevant to Plaintiffs' claims that telemarketers made misrepresentations to consumers to induce them to purchase Defendants' medical alert devices and monitoring services, that telemarketers misrepresented that consumers would not be billed for these devices until the devices were activated, and Defendants' repeated attempts to discredit these declarants.

- Defendants' failure to produce all documents and communications from January 2012 to the present evidencing Defendants' circulation of Defendants' internal Do Not Call lists to their telemarketers. (Document Request No. 6.) These documents are relevant to Defendants' defense that they maintained internal Do Not Call policies sufficient to establish the necessary elements for the safe harbor provision of the Telemarketing Sales Rule. *See* 16 C.F.R. § 310.4(b)(3).

- Defendants' failure to produce all documents from January 2012 to the present relating to separate offers (additional products such as grocery certificates or coupons, restaurant certificates or discount cards, and/or prescription drug discount cards) that Defendants and/or their telemarketers made to consumers as an incentive for consumers to purchase Defendants' medical alert devices and monitoring services. (Document Request Nos. 9 and 10.) These documents, including the actual certificates Defendants placed in their shipments to consumers, instructions from the vendors of the offers about the use and limitations of the offers, and billing

4

and payment records from the vendors, are relevant to Plaintiffs' claim that Defendants induced consumers into purchasing Defendants' medical alert devices and monitoring services by falsely leading consumers to believe that the additional products could not be obtained anywhere else for free and that the additional products had actual value.

- Defendants' failure to produce documents from January 2012 to the present evidencing monies paid or transferred by Lifewatch to Safe Home or Medguard, or by Safe Home or Medguard to Lifewatch. (Document Request No. 13.) Defendants reported in financial statements provided to Plaintiffs that between 2013 and 2014 Safe Home paid Lifewatch $33,987,109.39 for customer accounts and between 2014 and 2015 Medguard paid Lifewatch $7,951,673.00 for customer accounts. (*See* PX 1, Menjivar Declaration, Attachment V, Dkt. 66 at 16, 23.) Defendants further reported that in 2012 Lifewatch was paid $9,647,157.25 for customer accounts by an unspecified entity. (*Id*. at 8.) Yet, Defendants' counsel has told Plaintiffs' that he has "been advised that Lifewatch has not located or does not have documents responsive to Document Request #13." (*See* attached Exh. C.) It is simply impossible that Lifewatch does not have documents evidencing the receipt of over fifty million dollars during the relevant time period. At a minimum, there should be bank statements showing deposits into Lifewatch's accounts. These documents are relevant because they go to the heart of Plaintiffs' claim that Defendants acted as a common enterprise.

Defendants have provided no reason why they cannot respond to Plaintiffs' requests. Although Defendants initially made generic objections to Plaintiffs' discovery requests (*see* Dkt. 210-5), the parties resolved all objections during the first meet-and-confer on August 18, 2016.[3]

---

[3] In any event, "generalized boilerplate objections have no effect." *See e.g. Peregrine Fin. Group Customer Litig.*, No. 12 C 5546, 2015 WL 1344466, at *3 (N.D. Ill. Mar. 20, 2015) (Martin, J.). The Federal Rules require Defendants to "state with specificity the grounds for objecting to the request,

5

Defendants' counsel admitted as much during the initial hearing on Plaintiffs' motion to compel. (Dkt. 213.) Defendants promised to explain any objections before the January 17, 2017, hearing, but now say they will not disclose their objections until they file their response to this supplemental memorandum. (*See* attached Exh. B.) If Defendants attempt, after months of negotiation, to raise new objections or grounds for objections, this Court should not consider them. *See Autotech Technologies Ltd. Partnership v. Automationdirect.Com, Inc.*, 236 F.R.D. 396, 398 (N.D. Ill. 2006) ("Failure to timely assert objections to discovery requests may result in a waiver of all objections that could have been seasonably asserted.") (collecting cases).[4] Plaintiffs timely requested relevant documents and information and engaged in extensive meet-and-confer sessions to address Defendants' concerns and narrow those requests. This Court should grant Plaintiffs' motion to compel and enter the attached proposed order.

## Conclusion

Plaintiffs request entry of the attached Proposed Order Granting Plaintiffs' Motion to Compel Discovery and ordering Defendants to produce the documents and search the email accounts of the custodians and domains described therein within 10 days.

Respectfully Submitted,

Dated: January 24, 2017
/s/Samantha Gordon
DAVID A. O'TOOLE
SAMANTHA GORDON
Federal Trade Commission, Midwest Region
55 West Monroe Street, Suite 1825
Chicago, Illinois 60603
Telephone: (312) 960-5623

---

including the reasons." *See Young v. City of Chicago*, No. 13 C 5651, 2017 WL 25170, at *6 (N.D. Ill. Jan. 3, 2017) (Gottschall, J.); *see* Fed. R. Civ. P. 34(b)(2)(B).

[4] If Defendants raise new objections or grounds for objections in their supplemental brief, and this Court would consider them in denying any of Plaintiffs' requested relief, Plaintiffs request the opportunity to respond to any such objections in a supplemental memorandum.

6

Facsimile: (312) 960-5600
Email: sgordon@ftc.gov

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION


PAMELA JO BONDI
Attorney General
State of Florida

 /s/Denise Beamer
DENISE BEAMER
KRISTEN JOHNSON
Assistant Attorney General
Office of the Attorney General
Consumer Protection Division
135 W. Central Blvd., Suite 670
Orlando, Florida 32801
Telephone:  (407) 316-4840
Facsimile:  (407) 245-0365

Attorneys for Plaintiff
STATE OF FLORIDA
OFFICE OF THE ATTORNEY GENERAL

## CERTIFICATE OF SERVICE

I, Samantha Gordon, hereby certify that on January 24, 2017, I electronically filed PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF THEIR MOTION TO COMPEL DISCOVERY, with the Court using the CM/ECF system, which will automatically send copies to any attorney of record in the case.

Respectfully Submitted,

/s/ Samantha Gordon
SAMANTHA GORDON
Federal Trade Commission
55 West Monroe Street, Suite 1825
Chicago, Illinois 60603
Voice: (312) 960-5623
Fax:    (312) 960-5600
email: sgordon@ftc.gov