**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| FEDERAL TRADE COMMISSION, et al., | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 15cv5781 |
|  | ) ) | Judge Gary Feinerman |
| v. | ) ) ) | Magistrate Judge Jeffrey T. Gilbert |
| LIFEWATCH, INC., a New York corporation, also d/b/a LIFEWATCH USA and MEDICAL ALARM SYSTEMS, et al., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE**

**I.   INTRODUCTION**

Defendants' motion to strike should be denied. It is merely an attempt to distract from the fact that the overwhelming evidence demonstrates that Plaintiffs are entitled to summary judgment. As explained below, the challenged evidence is admissible under the Federal Rules of Evidence, and properly supports Plaintiffs' Rule 56.1 Statement of Material Facts pursuant to Federal Rule of Civil Procedure 56(e).

**II.   ARGUMENT**

To defeat Defendants' motion, Plaintiffs need only "show that the material is admissible as presented" or "explain the admissible form that is anticipated." Fed. R. Civ. P. 56(c) advisory committee's note to 2010 amendment. Defendants' arguments for striking various declarations,

portions of Plaintiffs' memorandum in support of their motion for summary judgment, and various Rule 56.1 Statements of Fact fail for the reasons outlined below.

### A. The Declarations of Caregivers, Better Business Bureau Representatives, and Defendants' Agents and Employees Are Admissible.

The declarations from the caregivers of defrauded consumers,[1] consumers who recount conversations with Defendants' agents,[2] two Better Business Bureau representatives,[3] and various former agents and employees are admissible in support of Plaintiffs' motion for summary judgment.[4] Federal Rule of Civil Procedure 56(C)(4) requires that declarations "used to support or oppose a motion for summary judgment must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." The challenged declarations satisfy all of these requirements.

In each declaration, the declarant states under penalty of perjury, "I have personal knowledge of the facts stated in this declaration and, if called as a witness, I could and would competently testify to the facts stated herein."[5] Thus, the first and third requirements are satisfied.

---

[1] Dkt. 24-15, PX 19 (Beyer Dec.); Dkt. 24-22, PX 26 (Cavic Dec.); Dkt. 24-25, PX 29 (Daddario Dec.); Dkt. 25-4, PX 36 (Girard Dec.); and Dkt. 25-25, PX 57 (Rivard Dec.).

[2] Dkt. 25-16, PX 48 (McGraw Dec.); Dkt. 25-24, PX 56 (Rench Dec.); and Dkt. 25-29, PX 61 (Wagler Dec.).

[3] Dkt. 24-2, PX 6 (Smith Dec.), Dkt. 24-3, PX 7 (Cuomo Dec.)

[4] Dkt. 26-1, PX 65 (Amberson Dec.); Dkt. 26-2, PX 66 (Lancaster Dec.); Dkt. 26-3, PX 67 (Rowells Dec.); Dkt. 26-4, PX 68 (Shultz Dec.); Dkt. 26-5, PX 69 (Stenger Dec.); Dkt. 26-6, PX 70 (Stevens Dec.); Dkt. 26-12, PX 76 (Steinmetz Dec.). Defendants also moved to strike Dkt. 14-3, PX 1 (Menjivar Dec. Att. B at 2, 3, 5, 35, and 36) and Dkt. 24-6, PX 10 (Shirdon Dec.), however, Plaintiffs do not rely these documents in their Rule 56.1 statement.

[5] *See* Dkt. 24-2 at ¶ 2, PX 6 (Smith Dec.), Dkt. 24-3 at ¶ 2, PX 7 (Cuomo Dec.); Dkt. 24-15 at ¶ 2, PX 19 (Beyer Dec.); Dkt. 24-22 at ¶ 2, PX 26 (Cavic Dec.); Dkt. 24-25 at ¶ 2, PX 29 (Daddario Dec.); Dkt. 25-4 at ¶ 2, PX 36 (Girard Dec.); Dkt. 25-16 at ¶ 2, PX 48 (McGraw Dec.); Dkt. 25-24 at ¶ 2, PX 56 (Rench Dec.); Dkt. 25-25 at ¶ 2, PX 57 (Rivard Dec.); Dkt. 25-29 at ¶ 2, PX 61 (Wagler Dec.); Dkt. 26-1 at ¶ 2, PX 65 (Amberson Dec.); Dkt. 26-2 at ¶ 1, PX 66 (Lancaster Dec.); Dkt. 26-3 at ¶ 1, PX 67 (Rowells

The second requirement of Rule 56(C)(4) is also satisfied. As discussed more fully below, all of the declarations set out facts that are admissible.[6] Out of court statements made by Defendants' agents and employees[7] are not hearsay[8] because they are admissions of a party opponent. And out of court statements made by consumers,[9] including complaints made to the BBB and to Defendants' agents or employees, are admissible as business records, fall within the residual hearsay exception, or are not hearsay at all.

### 1. Out of Court Statements of Defendants' Agents and Employees Are Not Hearsay.

To the extent that the challenged declarations recount statements made by Defendants' telemarketers, those statements are admissible as admissions of a party opponent under Federal Rule of Evidence 801(d)(2)(D). Under that rule, a statement is not hearsay if it "is offered against an opposing party and…was made by the party's agent or employee on a matter within the scope of that relationship and while it existed." Statements made by Defendants' telemarketers to consumers, the BBB, and each other fall within the scope of this rule. *FTC v. John Beck Amazing Profits, LLC*, 865 F. Supp. 2d 1052, 1062 (C.D. Cal 2012) (statements made by telemarketer are not hearsay because they are non-hearsay party admissions); *U.S. v. Dish*

---

Dec.); Dkt. 26-4 at ¶ 1, PX 68 (Shultz Dec.); Dkt. 26-5 at ¶ 2, PX 69 (Stenger Dec.); Dkt. 26-6 at ¶ 1, PX 70 (Stevens Dec.); and Dkt. 26-12 at ¶ 1, PX 76 (Steinmetz Dec.).

[6] The declarations themselves are not hearsay for purposes of summary judgment. *See Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997) ("affidavits and depositions…are admissible in summary judgment proceedings to establish the truth of what is attested or deposed").

[7] Dkt. 24-2, PX 6 (Smith Dec.); Dkt. 25-16, PX 48 (McGraw Dec.); Dkt. 26-1, PX 65 (Amberson Dec.); Dkt. 26-12, PX 76 (Steinmetz Dec.); Dkt. 26-2, PX 66 (Lancaster Dec.); Dkt. 26-3, PX 67 (Rowells Dec.); Dkt. 26-5, PX 69 (Stenger Dec.); and Dkt. 26-6, PX 70 (Stevens Dec.).

[8] Under Federal Rule of Evidence 801, "hearsay" is a statement, other than one made by the declarant while testifying at a trial or hearing, which "a party offers in evidence to prove the truth of the matter asserted."

[9] Dkt. 24-2, PX 6 (Smith Dec.); Dkt. 24-3, PX 7 (Cuomo Dec.); Dkt. 24-15, PX 19 (Beyer Dec.); Dkt. 24-22, PX 26 (Cavic Dec.); Dkt. 24-25, PX 29 (Daddario Dec.); Dkt. 25-4, PX 36 (Girard Dec.); Dkt. 25-24, PX 56 (Rench Dec.); Dkt. 25-25, PX 57 (Rivard Dec.); Dkt. 25-29, PX 61 (Wagler Dec.); Dkt. 26-1, PX 65 (Amberson Dec.); Dkt. 26-2, PX 66 (Lancaster Dec.); Dkt. 26-3, PX 67 (Rowells Dec.); Dkt. 26-5, PX 69 (Stenger Dec.); and Dkt. 26-6, PX 70 (Stevens Dec.).

*Network, LLC*, 75 F. Supp. 3d 942, 965-66 (C.D. Ill. 2014) (statements made by one employee to another employee, when made within the scope of his employment are admissions of a party opponent). Thus, the challenged statements of Defendants' agents and employees are not hearsay and are admissible.[10]

### 2. Out of Court Statements Made by Consumers Are Admissible.

Defendants' motion to strike out of court statements made by elderly consumers to the BBB, to their caregivers, and to Defendants' agents and employees also should be denied because these statements are fully admissible. First, the BBB's collection of consumer complaints, and testimony regarding the number of consumer complaints it received, are admissible as business records under Federal Rule of Evidence 803(6) and as a summary under Federal Rule of Evidence 1006, respectively. The out of court statements made by elderly consumers to their caregivers and the BBB are further admissible under the residual hearsay exception. *See* Fed. R. Evid. 807. Finally, the out of court statements made by consumers to Defendants' agents and employees are not hearsay at all.

Defendants' objection to BBB Senior Manager Susan Cuomo's declaration (Dkt. 24-7, PX 7) and its attached consumer complaints is meritless. Ms. Cuomo's declaration and its attachments are admissible pursuant to Federal Rules of Evidence 803(6) and 1006. Rule 803(6) provides that records of regularly conducted business activities are admissible regardless of whether the declarant is available as a witness. "To be admissible as a business record, a document must have sufficient indicia of trustworthiness to be considered reliable" *Woods v. City of Chicago*, 234 F.3d 979, 988 (7th Cir. 2000). Typically, an affidavit by a custodian or

---

[10] That includes the statements of Defendants' telemarketers recounted in the complaint in *Bank v. Lifewatch*, 15-cv-2278-CBA-VMS (E.D.N.Y. filed Apr. 22, 2015). Defendants complain that the complaint is "unverified and unsworn," but Mr. Bank also filed a sworn declaration in the case (attached hereto as Exhibit B) that attests to the same facts contained in the complaint. Mr. Bank's testimony is admissible.

4

someone else qualified to introduce the document at trial, attesting to the authenticity of the business records, is sufficient to demonstrate such trustworthiness and reliability. *Id.* Ms. Cuomo identifies herself as a custodian of the BBB's business records in her declaration, and avers that the consumer complaints are true copies of the records made and kept in the regular course of business activity at the BBB. (Dkt. 24-3 at 3, PX 7, Cuomo Dec. ¶ 6.) As such, this declaration is sufficient to support the admissibility of the records she attaches.

Further, Ms. Cuomo's statements in the declaration about the number of complaints that the BBB received about Defendants are admissible under Rule 1006. Testimony in an affidavit may qualify under Rule 1006 as a "summary, chart, or calculation to prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." Fed. R. Evid. 1006, *see also U.S. v. White*, 737 F.3d 1121, 1135 (7th Cir. 2013) (under FRE 1006, "the summary itself is substantive evidence – in part because the party is not obligated to introduce the underlying documents themselves"). In order for a summary to be admitted, the records being summarized must themselves be admissible and accurate, and the parties must have an opportunity to examine or copy the originals. Fed. R. Evid. 1006; *U.S. v. Oros*, 578 F.3d 703, 708 (7th Cir. 2009). Here, the consumer complaints Ms. Cuomo is summarizing are admissible as evidence; the documents are business records, and, as discussed below, the complaints contained in the documents fall under the residual hearsay exception. Further, Defendants have had copies of the documents to examine since very early in the litigation (see Dkt. 24-3 filed 7/6/2015), and similarly had every opportunity to depose Ms. Cuomo about the documents.

Both consumer complaints and statements elderly consumers made to their caregivers are admissible under the residual hearsay exception. Rule 807(a) provides that a court may admit

5

any out-of-court statement that: (1) has equivalent circumstantial guarantees of trustworthiness; (2) is offered as evidence of a material fact; (3) is more probative on the point for which it is offered than any other evidence that can be procured through reasonable efforts; and (4) best serves the general purposes of the Federal Rules of Evidence and the interests of justice. Fed. R. Evid. 807(a).[11] The out of court statements made to caregivers and the BBB meet all of these requirements.

The statements at issue here possess all the indicia of trustworthiness. They were made voluntarily, with personal knowledge of the subject matter, and recount consistent and similar factual situations -- specifically, that the elderly consumers received unsolicited telemarketing calls and were sold medical alert devices that they did not want or need. *See FTC v. Instant Response Sys., LLC*, 13 Civ 00976(ILG)(VMS), 2015 U.S. Dist. LEXIS 49060, at *13-14 (E.D.N.Y. Apr. 14, 2015) (admitting statements made to caregivers and BBB complaints pursuant to Fed. R. Evid. 807). Further, the statements were made independently by unrelated members of the public, and all report similar experiences. *FTC v. Magazine Solutions, LLC*, No. 7-692, 2009 U.S. Dist. LEXIS 20626, at *1-2 (W.D. Penn. Mar. 16, 2009) (admitting consumer complaints to BBB in part because "[t]he consistency of the representations" described in the consumers' letters reinforced the trustworthiness of the complaints). The consumers who made the statements have no motive to falsify information in their complaints. *See U.S. v. Simmons*, 773 F.2d 1455, 1459 (4th Cir. 1985) (holding that lack of motive is indicator of trustworthiness).

The statements are also more probative on the point of what occurred than any other reasonably attainable evidence. Because Defendants operated a nationwide telemarketing

---

[11] FRE 807(b) also requires the proponent of the out-of-court statement to give the adverse party sufficient notice to provide a fair opportunity to meet it. Plaintiffs filed all of these declarations two years ago as exhibits to their motion for preliminary injunction. As such, Defendants have had many opportunities to meet the challenged statements.

operation, requiring elderly consumers from across the country to appear for live testimony would be unduly burdensome. *See Instant Response*, 2015 U.S. Dist. LEXIS 49060, at *14. Adding to the burden is the fact that many of the consumers are elderly and suffer from memory loss, confusion, and other age-related infirmities. *See e.g.,* Dkt. 24-15 at 1, PX 19, Beyer Dec. (father suffered a stroke, is wheel-chair bound, and has full-time care); Dkt. 24-22 at 1, PX 26, Cavic Dec. (mother suffers from dementia). Indeed, the same vulnerabilities that made these consumers easy victims for Defendants now make it difficult for them to serve as witnesses.

Admitting the declarations also serves the interests of justice, because these were precisely the type of consumers Defendants targeted. *See* Dkt. 15-1 at 7, PX 1, Menjivar Dec. Att. I (Lifewatch states that it provides "products and services to elderly, seriously ill, and disabled individuals").

Both appellate and district courts have held that consumer complaints and statements made to caregivers are admissible under Rule 807. *See, e.g., FTC v. Figgie Int'l Inc.*, 994 F.2d 595, 608-09 (9th Cir. 1993) (consumer complaint letters are admissible); *Instant Response*, 2015 U.S. Dist. LEXIS 49060 (admitting statements of elderly consumers' caregivers and BBB complaints pursuant to Fed. R. Evid. 807 ); *Magazine Solutions*, 2009 U.S. Dist. LEXIS 20626 (finding that BBB complaints "have sufficient guarantees of trustworthiness to permit admission under Rule 807"); *FTC v. Cyberspace*, No. C00-1806L, 2002 U.S. Dist. LEXIS 25565, at *13 n.5 (W.D. Wash. July 10, 2002) (admitting unsworn emails and letters of complaint under Fed. R. Evid. 807), *aff'd on other grounds*, 453 F.3d 1196 (9th Cir. 2006).

Finally, statements made to Defendants' telemarketers and employees by consumers are not hearsay because they are not offered for the truth of the matter asserted, but to demonstrate that Defendants were on notice of the deceptive and abusive telemarketing practices. *See*

*Harden v. Marion Cnty. Sheriff's Dep't*, 799 F.3d 857, 861 (7th Cir. 2015) ("Evidence that is 'used only to show notice' is not hearsay."); *see also* Fed. R. Evid. 801(c) advisory committee's note to 1972 proposed rules ("If the significance of an offered statement lies solely in the fact that it was made, no issue is raised as to the truth of anything asserted, and the statement is not hearsay.")

### B. Chris Hendricksen's Declaration is Admissible.

Contrary to Defendants' assertion, Plaintiffs are not improperly relying on Mr. Hendrickson to provide lay opinion testimony or expert witness testimony on the issue of whether Defendants' chargeback rate was greater than the medical alert device industry norm. (Defs.' Mot. to Strike at 5; PSMF 25.) Indeed, Defendants concede that Mr. Hendrickson offers no opinion on either the industry norm, or Defendant's chargeback rate compared to any such industry norm. *Id*. Instead, Mr. Hendricksen explains in his declaration that as the owner of a medical alert monitoring service, he has personally observed that the cancellation rate for medical alert accounts is "usually around five percent" in the first ninety days and then "drops to an average of two to three percent per month." (Dkt. 24-8 at 5, PX 12, Hendrickson Dec. at ¶ 13.) Mr. Hendricksen makes those statements as a fact witness from his own personal knowledge.

Defendants' real quibble appears to be with Plaintiffs' characterization of Mr. Hendricksen's testimony and the inference Plaintiffs draw from it. (See PSMF 25.) But taking issue with Plaintiffs' characterization of the evidence or with what inferences are properly drawn from it does not provide grounds for striking the evidence itself.[12]

---

[12] Even if Hendricksen's statements were somehow viewed as expert testimony, however, Plaintiffs properly disclosed him under Federal Rule of Civil Procedure 26(a)(2)(C). All Plaintiffs' need do to comply with Rule 26(a)(2)(C) is provide Defendants with the subject matter on which Hendricksen is expected to present evidence, and a summary of the facts and opinions to which he is expected to testify.

## C. Messrs. Boling, Hilgar, and Settecase's Declarations Are Admissible.

Next, there is no basis for striking the testimony of Messrs. Boling and Hilgar,[13] either because their testimony is not credible or because Defendants were unable to serve them with a deposition subpoena. First, the credibility claim is preposterous because in deciding a motion for summary judgment, "[t]he court does not judge the credibility of the witnesses." *Gonzalez v. City of Elgin*, 578 F.3d 526, 529 (7th Cir. 2009); *Banks v. Fuentes*, No. 07 C 784, 2012 U.S. Dist. LEXIS, at *2 (N.D. Ill. Dec. 11, 2012) (J. Feinerman).[14] That portion of Defendants' argument therefore must be rejected.

There is also no basis for striking Messrs. Boling, Hilgar, and Settecase's declarations simply because Defendants failed to serve them with deposition subpoenas. Defendants provide no authority for the proposition that failure to serve a witness with a disposition subpoena is grounds for striking his declaration at summary judgment. The cases Defendants cite all involve

---

Fed. R. Civ. P. 26(a)(2)(C). Plaintiffs did this when they filed Mr. Hendricksen's declaration as an exhibit in support of their motion for preliminary injunction on July 6, 2015. *See* Dkt. 24-8. Defendants subsequently moved for expedited discovery, including deposing "individuals whose declarations are attached to Plaintiffs' Motion" (Dkt. 44 at p. 12), and specifically identified Mr. Hendricksen as one of the witnesses they wanted to depose. (Dkt. 65 at p. 2.) Indeed, on October 20, 2015, after a protracted discovery battle, the Court allowed the deposition of Hendricksen to proceed. *See* Dkt. 83. However, Defendants did not depose Mr. Hendricksen in the intervening 2-plus years. Thus, they cannot now object to Plaintiffs' use of the factual statements Defendants consider to be expert opinion testimony.

[13] With respect to Hilgar, this Court's decision not to rely on Mr. Hilgar's declaration at the preliminary injunction stage does not preclude the Court from considering it on summary judgment, particularly where additional evidence now bolsters the statements in Mr. Hilgar's declaration.

[14] Although not relevant because the Court does not decide issues of credibility at the summary judgement stage, it should be noted that Defendants' *falsus in uno, falsus in omnibus* argument also fails because the Seventh Circuit has explicitly rejected this adage. *See United States v. Edwards*, 581 F.3d 604, 612 (7th Cir. 2009) (stating, "The maxim *falsus in uno, falsus in omnibus* is no longer followed, when understood as a rule that a trier of fact may or must disbelieve the entirety of a witness's testimony if he disbelieves any part of it."); *United States v. Schimmel*, 943 F.2d 802, 808 (7th Cir. 1991) (stating, "Jury Instruction 9, commonly known as "*Falsus In Uno, Falsus In Omnibus*," has been rejected by this court."); *United States v. Monzon*, 869 F.2d 338, 346 (7th Cir. 1989) (finding that the trial court did not err in refusing to give the *falsus in uno, falsus in omnibus* jury instruction because it is not a correct statement of the law and is inconsistent with life's experience).

motions to bar witnesses from testifying at trial because they failed to appear for a deposition after being properly served.

Defendants have been aware of Messrs. Boling, Hilgar, and Settecase from the beginning of this litigation, over two years ago, and have had ample time to depose them. Messrs. Hilgar and Settecase's affidavits were filed as Exhibits to Plaintiffs' motion for preliminary injunction on July 6, 2015. (Dkt. 24-10, PX 14 Hilgar Dec.; Dkt. 24-11, PX 15 Settecase Dec.) Both Messrs. Hilgar and Settecase referenced Mr. Boling extensively in their declarations. (Dkt. 24-10, PX 14 Hilgar Dec. at ¶¶ 4-6, 10, and 12.; Dkt. 24-11, PX 15 Settecase Dec. at ¶ 4-9, 11.) Messrs. Hilgar and Settecase were listed as witnesses Defendants intended to depose on the parties' Joint Discovery Report dated September 15, 2015. (Dkt. 65.) And the Court authorized Defendants to depose them in its order of October 20, 2015. (Dkt. 83.) In fact, in his opening statement at the at the preliminary injunction hearing, Defendants' counsel mentioned Mr. Boling over 12 times. (*See* PI Hearing Tr. at pp. 34-35.) Further, Messrs. Boling, Hilgar, and Settecase have appeared on Plaintiffs' Rule 26(a) disclosures since April 2016. Finally, Plaintiffs provided Defendants with Mr. Boling's Declaration on June 21, 2017.

Despite all of that, Defendants argue that Mr. Boling's declaration should be disregarded because Defendants were unable to serve him after a series of attempts over several days in August 2017. (Dkt. 333-3 at p. 3.) Other than these attempts, the record does not indicate that Defendants ever attempted service on Mr. Boling again. Moreover, Defendants did not attempt to serve Messrs. Hilgar or Settecase until the end of September 2017, days before fact discovery was due to close, and then only made two attempts over five days. (Dkt. 333-3 at pp. 1-2.) That Defendants were unable to depose Messrs. Boling, Hilgar, and Settecase despite being given every opportunity to do so, is not a valid reason to strike their declarations at summary judgment.

*See Hoffman v. Blattner Energy, Inc.*, 315 F.R.D. 324, 330 n.1 (C.D. Cal. 2016) ("The fact that Defendant was unable to serve the subpoenas upon certain of the declarants does not warrant the striking of their declarations absent evidence that Plaintiff engaged in obstructive conduct.").[15]

### D. The Challenged Sentences from the Background Section of Plaintiffs' Memorandum in Support of Their Motion for Summary Judgment Are Supported by Plaintiffs' Rule 56.1 Statement of Material Facts.

Defendants next make the curious argument that certain statements in the Background section of Plaintiffs' memorandum should be stricken because they do not reference facts in Plaintiffs' Rule 56.1 Statement. The argument is absurd. As demonstrated below, each of the challenged statements is fully supported by facts referenced in the Rule 56.1 Statement, which are cited to support the same points elsewhere in the memorandum. :

- Lifewatch's illegal practices continued through other telemarketers. **(Dkt. 243 at 4;** *See* **PSMF 40, 79, 87, 93.)**

- When consumers answered a call from one of Defendants' telemarketers, they heard a prerecorded message, often sounding as if it were a live person. **(Dkt. 243 at 4;** *See* **PSMF 33.)**

- The robocalls never identified who was making the call, that Defendants were trying to sell something to consumers, or anything about how much consumers would end up paying for Defendants' offer. **(Dkt. 243 at 4;** *See* **PSMF 35, 36, 37.)**

- Once connected to a live telemarketer, consumers received a high-pressure sales pitch that reinforced the statements made in the deceptive robocall message. **(Dkt. 243 at 5;** *See* **PSMF 9, 13, 17, 21.)**

- Almost immediately after Lifewatch began implementing its telemarketing scheme in early 2012, consumer complaints about Lifewatch's deceptive and abusive telemarketing practices began to pour in to local Better Business Bureaus, State Attorneys General, the media, trade organizations, the FTC, Lifewatch's business partners, and Lifewatch itself. **(Dkt. 243 at 5;** *See* **PSMF 75, 76, 77, 84, 85, 86, 90, 91, 92.)**

---

[15] Defendants have not even suggested that Plaintiffs engaged in any obstructive conduct here. Moreover, Defendants' argument that Messrs. Boling, Hilgar, and Settecase have evaded service is baseless. Defendants offer no evidence whatsoever of any evasion by these witnesses. They merely cite to the affidavits of non-service by the process server who attests that he made several attempts at service over the course of a few days but failed to effect service. (Dkt. 333-3.)

- Consumer complaints and lawsuits continued, and Defendants failed to take any steps to ensure that the telemarketers did not engage in deceptive and abusive telemarketing practices. **(Dkt. 243 at 10;** *See* **PSMF 75, 76, 77, 84, 85, 86, 90, 91, 92.)**

- Evidence adduced during the intervening eighteen months of discovery has strengthened Plaintiffs' case and further revealed that Defendants knew exactly what their telemarketers were up to, and indeed, that Defendants themselves were orchestrating the scheme. **(This is a transition sentence. The sentences following this one offer specific examples and refer to PSMF 11, 12, 15, 16, 19, 20, 23, 24, 48-50, 59.)**

- **The entire sentence reads** "These, combined with the declarations and documents from third parties, including emails from one of Defendants' brokers, and deposition testimony from Defendants and one of their key employees, demonstrate that *the deceptive and abusive telemarketing practices were far from the work of a rare telemarketer or call center, but depended on Defendants active participation, encouragement, and coordination*." **(Defendants object to the italicized portion. This sentence refers to the preceding sentences that cite to PSMF 11, 12, 15, 16, 19, 20, 23, 24, 48-50, 59.)**

### E. The Challenged Statements of Fact Contained in Plaintiffs' Rule 56.1 Statement are Supported by the Evidence.

Defendants also object to some or all of the evidence Plaintiffs cite in support of Statements 9, 10, 13, 15, 16, 19, 20, 21, 24, 31, 32, 33, 34, 43, 44, 46, 51, 59, 63, 65, 91, and 97 of their Rule 56.1 Statement. Because Defendants detail their specific objections to Plaintiffs' evidence in their Response to Plaintiffs' Statement of Material Facts (Dkt. 331), rather than in their motion to strike, to assist the Court, Plaintiffs have attached a chart of the challenged Statements, Plaintiffs' supporting evidence, the evidence to which Defendants object, and Plaintiffs' responses. *See* attached Exhibit A. As demonstrated in that chart, as to nearly every challenged statement, there is ample supporting evidence without even considering the challenged evidence. *See* Exhibit A, Statements 9, 10, 13, 15, 16, 19, 20, 21, 43, 59, 65, 91, and 97. But the objections fail in any event.

Defendants' objections generally fall into two categories: (1) the evidence is inadmissible hearsay; and (2) the cited evidence does not support the Statement. As previously discussed, Defendants' hearsay objections are meritless. Declarations and deposition testimony are

admissible for purposes of summary judgment. *See Eisenstadt v. Centel Corp.*, 113 F.3d 738, 742 (7th Cir. 1997). Out of court statements within those declarations, or other documents, are admissible as an admission of a party opponent under Rule 801(d)(2)(D), as business records or summaries under Rules 803(6) and 1006, or under Rule 807's residual hearsay exception. With respect to Defendants' argument that Plaintiffs' evidence does not support the cited Statement, Defendants generally offer nothing more than their own "interpretation" of the evidence to support their objection. Regardless, Plaintiffs have attempted to provide further explanation as to why the evidence supports the Statement. *See* Exhibit A.

### F. Plaintiffs' Statement of Material Fact 106 is Properly Supported.

Finally, Plaintiffs' inadvertent omission from their filing of two of the exhibits supporting Statement of Material Fact 106 is not grounds for striking the Fact where Plaintiffs subsequently provided the missing documents and the Fact was supported by other evidence. Contrary to Defendants' assertion, the nine-pages at issue, FTC-LW16-7499 – 7508, actually do exist and are being included in a corrected filing.[16] These documents were part of the 500,000 pages of documents Defendants produced to Plaintiffs in March 2017, without Bates numbers. Defendants first notified Plaintiffs of the omission in their motion to strike, after which Plaintiffs promptly sent Defendants Bates-numbered copies of Defendants' own documents. Defendants also ignore the fact that documents FTC-LW16-7499-7508 are not the only documents Plaintiffs use to support Statement 106. *See* Dkt. 244 at ¶ 106. Thus, the Statement is fully supported even without the inadvertently omitted documents. Accordingly, Defendants' motion to strike Plaintiffs' Statement of Material Fact 106 fails.

---

[16] Plaintiffs' are filing these documents contemporaneously with their Memorandum in Opposition to Defendants' Motion to Strike.

## III. CONCLUSION

For all of the foregoing reasons, Defendants' motion to strike should be denied in its entirety.

Respectfully submitted,

Dated:  March 13, 2018

/s/Samantha Gordon
SAMANTHA GORDON
DAVID A. O'TOOLE
Federal Trade Commission, Midwest Region
230 South Dearborn Street, Suite 3030
Chicago, Illinois 60604
Telephone: (312) 960-5634
Facsimile: (312) 960-5600

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

PAMELA JO BONDI
Attorney General
State of Florida

/s/Denise Beamer
DENISE BEAMER
Assistant Attorney General
Florida Bar # 69369
Office of the Attorney General
Consumer Protection Division
135 W. Central Blvd., Suite 1000
Orlando, Florida 32801
Telephone:  (407) 245-0833
Facsimile:  (407) 245-0365

Attorney for Plaintiff
STATE OF FLORIDA
OFFICE OF THE ATTORNEY GENERAL

## **CERTIFICATE OF SERVICE**

   I, Samantha Gordon, hereby certify that on March 13, 2018, I electronically filed **PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO STRIKE,** with the Court using the CM/ECF system, which will automatically send copies to any attorney of record in the case.

               Respectfully Submitted,

               /s/ Samantha Gordon
               SAMANTHA GORDON
               Federal Trade Commission
               230 South Dearborn Street, Suite 3030
               Chicago, Illinois 60604
               Telephone: (312) 960-5634
               Facsimile: (312) 960-5600
               email: sgordon@ftc.gov