UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, *et al.*, | ) |
| | ) Case No. 15cv5781 |
| Plaintiffs, | ) Judge Feinerman |
| | ) Magistrate Judge Gilbert |
| v. | ) |
| | ) |
| LIFEWATCH INC., *et al.*, | ) |
| | ) |
| Defendants. | ) |
| | ) |

**PLAINTIFFS' MOTION IN LIMINE TO ADMIT
DECLARATIONS AND CONSUMER COMPLAINTS**

Plaintiffs Federal Trade Commission ("FTC" or "Commission") and State of Florida, Office of the Attorney General, Department of Legal Affairs ("State of Florida"), respectfully request that this Court admit, for trial, (a) declarations by consumers who were victims of the scheme; and (b) complaints and statements made by consumers provided to the Better Business Bureau ("BBB"). All but two of these declarations were submitted by Plaintiffs along with their motion for preliminary injunction in July 2015 and most were relied on and admitted by the Court at the preliminary injunction hearing in December 2015.[1] All of the declarations were cited and included in Plaintiffs' motion for summary judgment. These consumer declarations and statements are admissible pursuant to the residual hearsay exception, Fed. R. Evid. 807, and it would be unnecessarily expensive to the consumers and Plaintiffs, and needlessly time-consuming to the Court and the parties, to bring these mostly elderly and disabled consumers into court to verify their previous statements.

In particular, Plaintiffs request that the Court admit the following exhibits:

---

[1] The two new declarations were sworn by a single consumer, Forest Horne, who received robocalls on his cellphone on behalf of Lifewatch just days before discovery closed. *See* Dkt. 249 and 250.

| Exhibit No. | Docket No. | Description |
|---|---|---|
| PX 6 | 24-2 | Declaration of Bill Smith, and attachments thereto |
| PX 7 | 24-3 | Declaration of Susan Cuomo, and attachments thereto |
| PX 17 | 24-13 | Declaration of Kathleen Bangasser |
| PX 18 | 24-14 | Declaration of Ann Barker |
| PX 19 | 24-15 | Declaration of Roger Beyer |
| PX 21 | 24-17 | Declaration of Tamara Bliss |
| PX 22 | 24-18 | Declaration of Shirley Bourne, and attachments thereto |
| PX 23 | 24-19 | Declaration of Donald Bristow |
| PX 24 | 24-20 | Declaration of Betty Carson |
| PX 25 | 24-21 | Declaration of Joan Cattie, and attachments thereto |
| PX 26 | 24-22 | Declaration of Vicki Cavic, and attachments thereto |
| PX 27 | 24-23 | Declaration of Albert Clawson |
| PX 28 | 24-24 | Declaration of Marilyn Cummings |
| PX 29 | 24-25 | Declaration of Gayle D'Addario |
| PX 30 | 24-26 | Declaration of Hilda Daniel |
| PX 31 | 24-27 | Declaration of Paul DeLoca |
| PX 82 | 51-2 | Declaration of Paul DeLoca, and attachments thereto |
| PX 1 Atts. W-Z | 16-2 – 17-1 | Transcripts of recordings received from Paul deLoca |
| PX 32 | 24-28 | Declaration of David Eden |
| PX 33 | 25-1 | Declaration of Lord Featherston, and attachments thereto |
| PX 34 | 25-2 | Declaration of Patricia Felker, and attachments thereto |
| PX 35 | 25-3 | Declaration of Barry Gates, and attachments thereto |
| PX 71 | 26-7 | Declaration of Barry Gates in Support of Life Alert's Ex Parte Motion for Temporary Restraining Order and Order to Show Cause re Entry of Preliminary Injunction, and attachments thereto |
| PX 36 | 25-4 | Declaration of Donna Girard |
| PX 37 | 25-5 | Declaration of Angel Gordon |
| PX 38 | 25-6 | Declaration of Sandra Green, and attachments thereto |
| PX 39 | 25-7 | Declaration of Ann Grigorian |
| PX 40 | 25-8 | Declaration of Michael Haselbauer |
| PX 41 | 25-9 | Declaration of William James |
| PX 1 Atts. AA-FF | 17-2 – 18-1 at 56 | Transcripts of recordings received from William James |
| PX 42 | 25-10 | Declaration of John W. Jensen, and attachments thereto |
| PX 43 | 25-11 | Declaration of Doris Jones |
| PX 44 | 25-12 | Declaration of Timothy Kirian |
| PX 45 | 25-13 | Declaration of Edward Kulas |
| PX 46 | 25-14 | Declaration of Isaac Lifshitz |
| PX 47 | 25-15 | Declaration of Karen McCourt |
| PX 48 | 25-16 | Declaration of Ann McGraw |
| PX 49 | 25-17 | Declaration of Donn Meehl |
| PX 50 | 25-18 | Declaration of Diana Mey, and attachments thereto |

| PX 83 | 51-3 | Declaration of Diana Mey, and attachments thereto |
| PX 86 | 77-1 | Declaration of Diana Mey, and attachments thereto |
| PX 1 Atts. GG-CCC | 18-1 at 57 – 20-1 at 73 | Transcripts of recordings received from Diana Mey |
| PX 51 | 25-19 | Declaration of Joaquin Miller, and attachments thereto |
| PX 52 | 25-20 | Declaration of Laurie Monaghan |
| PX 53 | 25-21 | Declaration of Lamonte Nielson, and attachments thereto |
| PX 54 | 25-22 | Declaration of Kenneth Pierce |
| PX 55 | 25-23 | Declaration of Darlene Primm, and attachments thereto |
| PX 56 | 25-24 | Declaration of Donna Rench |
| PX 57 | 25-25 | Declaration of Susan Rivard |
| PX 58 | 25-26 | Declaration of Ann Savagian |
| PX 59 | 25-27 | Declaration of Gail Thill, and attachments thereto |
| PX 60 | 25-28 | Declaration of Cynthia Veysey, and attachments thereto |
| PX 61 | 25-29 | Declaration of Deborah Wagler |
| PX 62 | 25-30 | Declaration of Claude Westbrook |
| PX 63 | 25-31 | Declaration of Carolyne Whaley |
| PX 72 | 26-8 | Declaration of Danielle Levine, and attachments thereto |
| PX 74 | 26-10 | Declaration of Florence Holley |
| PX 81 | 51-1 | Declaration of Robert Braver, and attachments thereto |
| PX 95 | 249 | Declaration of Forest Horne |
| PX 96 | 250 | Supplemental Declaration of Forest Horne |

Most of these declarations Plaintiffs are seeking to admit are from consumers discussing their experience with Defendants and the robocalls they received on behalf of Defendants, and many contain transcripts of those calls. The remaining declarations either attach consumer complaints and transcripts or describe third-party communications with Defendants.

I.   **Plaintiffs' Consumer Declarations and Statements Should Be Admitted.**

    A.   **Standard for Admissibility.**

All of the declarations Plaintiffs seek to admit fall within the residual exception to the hearsay rule, Fed. R. Evid. 807. Out of court statements are admissible under Fed. R. Evid. 807 when five elements are established: "'(1) circumstantial guarantees of trustworthiness; (2) materiality; (3) probative value; (4) the interests of justice; and (5) notice.'" *United States v. Moore*, 824 F.3d 620, 622 (7th Cir. 2016) (quoting *United States v. Ochoa*, 229 F.3d 631, 638

(7th Cir. 2000)). *See also Harris v. City of Chicago*, No. 16 C 10695, 2018 U.S. Dist. LEXIS 22918, at \*\*2-3 (N.D. Ill. Feb. 13, 2018) (Feinerman, J.) (quoting *Moore*).

### B. Plaintiffs' Exhibits are Admissible.

The declarations Plaintiffs seek to be admitted meet the criteria required for admissibility under Fed. R. Evid. 807. Indeed, courts have routinely admitted similar declarations in consumer protection cases brought by Plaintiffs. For example, in *FTC v. Amy Travel Service, Inc.*, 875 F.2d 564, 576-77 (7th Cir. 1989), the court admitted a number of consumer affidavits in lieu of live testimony. In upholding the district court's admission of these affidavits pursuant to the residual hearsay exception, the Seventh Circuit explained:

> [I]t is clear that these affidavits will fall within the residual exception and the trial court did not abuse its discretion by admitting them. The affidavits possess sufficient guarantees of trustworthiness; each was made under oath subject to perjury penalties and the affiants describe facts about which they have personal knowledge – their contacts with defendants. The evidence is important to the issue of whether there was actual consumer injury from defendant's action and the affidavits would be probative of that fact. The interests of justice are served by allowing the affiants to submit affidavits instead of requiring their appearance in court. The defendants ran a nation-wide telemarketing operation and it would be cumbersome and unnecessarily expensive to bring all the consumers in for live testimony . . . Defendants were also given proper notice of the affidavits – they even had the chance to question the affiants themselves, but they chose not to avail themselves of the opportunities.

875 F.2d at 576. *See also FTC v. Figgie Int'l Inc.*, 994 F.2d 595, 608-09 (9th Cir. 1993) (consumer complaint letters are admissible); *CFPB v. The Mortgage Law Group, LLP, et al.*, No. 14-cv-513, 2017 WL 3581146, at \*\*2-3 (W.D. Wis. April 19, 2017) (admitting consumer declarations and unsworn statements under Fed. R. Evid. 807); *FTC v. Instant Response Sys., LLC*, No. 13 Civ. 00976(ILG)(VMS), 2015 WL 1650914, at \*4-5 (E.D.N.Y. April 14, 2015) (admitting BBB complaints pursuant to FRE 807); *FTC v. Ewing, et al.*, No. 2:07-cv-47, 2014 WL 5489210, at \*2 (D. Nev. Oct. 29, 2104) (admitting 162 unsworn consumer complaints under Fed. R. Evid. 807); *FTC v. Magazine Solutions, LLC*, No. 7-692, 2009 WL 690613, at \*1-2

(W.D. Penn. March 16, 2009) (finding that BBB complaints "have sufficient guarantees of trustworthiness to permit admission under Rule 807"); *FTC v. Cyberspace*, No. C00-1806L, 2002 WL 32060289, at *3 n.5 (W.D. Wash. July 10, 2002) (admitting unsworn emails and letters of complaint under FRE 807), *aff'd on other grounds*, 453 F.3d 1196 (9th Cir. 2006).

First, the consumer declarations possess sufficient guarantees of trustworthiness. As this Court noted in *Harris*, the Seventh Circuit has identified the following factors, which "are neither exhaustive nor absolute," as pertinent in assessing trustworthiness:

> …the character of the witness for truthfulness and honesty, and availability of evidence on the issue; whether the testimony was given voluntarily, under oath, subject to cross examination and a penalty for perjury; the witness's … motivation to testify …; the extent to which the witness's testimony reflects his personal knowledge; whether the witness ever recanted his testimony; the existence of corroborating evidence; and, the reasons for the witness's unavailability.

2018 U.S. Dist. LEXIS 22918, at **3-4 (quoting *Moore*, 824 F.3d at 622-23). All of the relevant factors support admission of this evidence.

Like the affidavits described in *Amy Travel*, 875 F.2d at 576, these declarations were made under oath and describe facts about which the declarants have personal knowledge and no motive to lie. *See also Harris*, 2018 U.S. Dist. LEXIS 22918, at **4-7 (statement given under oath, made with "no reason" to believe it would benefit witness, based on personal knowledge, and never recanted, sufficiently trustworthy even where witness was an admitted criminal and there was no corroborating evidence); *Ewing*, 2014 WL 5489210, at *4 (admitting sworn consumer declarations because given under penalty of perjury).

Similarly, the unsworn consumer complaints at issue here have ample guarantees of trustworthiness. Although not under oath, they were made voluntarily either to the Better Business Bureau or to telemarketers (Defendants' agents), and by individuals with personal knowledge of the subject of the complaints. The complaints were made at, or soon after, the

time that the consumers dealt with the issue about which they are complaining. Further, the statements were made independently by unrelated members of the public, all report similar experiences, and are consistent with other evidence introduced by Plaintiffs. *See Figgie*, 994 F.2d at 608 (volume and similarity of complaints indicates they are not "not the product of faulty perception, memory, or meaning, the dangers against which the hearsay rule seeks to guard); *Ewing*, 2014 WL 5489210, at *2 (same) (quoting *Figgie*). The consumers who made the statements have no motive to falsify information in their complaints. *See Moore*, 824 F.3d at 623 ("most important factor here is [witness's] motivation – or lack thereof – to lie…."); *U.S. v. Simmons*, 773 F.2d 1455, 1459 (4th Cir. 1985) (holding that lack of motive is indicator of trustworthiness). Moreover, all of the witnesses who provided declarations or statements about Defendants' conduct initiated the complaints themselves – none were contacted by the Plaintiffs or BBB until they had filed complaints.

Second, all of the declarations and statements are offered as evidence of material facts. The evidence provides details regarding the robocalls and telemarketing calls, as well as demonstrating consumer injuries. Indeed, all the declarations and statements can be tied directly to Defendants or their telemarketers. *See* Dkt. 53 at 5, Plaintiffs' Response in Opposition to Defendant Lifewatch Inc.'s Motion to Strike Certain Evidence, and Dkt. 53-1 (Attachment A). Moreover, to the extent that consumers are unable to specifically identify Defendants or their telemarketers, this inability is *wholly the fault of Defendants* because they demanded that their telemarketers not mention their names during telemarketing calls. *See* Dkt. 331 at 130, Defendants' Response to Statement of Material Facts (PSMF 47) (citing evidence that Defendants not provide Defendants' name to consumers). *See also* Dkt. 22-2 at 20, PX 4, Velez

Dec. Att. B (Lifewatch Call Center Welcome Package instructing telemarketers not to inform consumers they are calling for Defendants).

Third, the declarations and statements are more probative on the points for which they are offered than any other evidence which can be procured through reasonable efforts. Defendants' illegal activities were directed at thousands of consumers throughout the United States. It would be far too expensive and time consuming to call each of Defendants' victims – the consumer declarations and statements are the most probative evidence that is reasonably obtainable. *See*, *e.g.*, *Figgie*, 994 F.2d at 608-9 ("'reasonable efforts' would not produce more probative evidence … testimony from the letter-writers is not likely to be any more reliable than the letters themselves."); *Ewing*, 2014 WL 5489210, at *4 ("Due to the amount of time that has passed since the complaints were made, as well as the attendant practical difficulties of having the consumers testify, reasonable efforts would not produce evidence that is more probative than the contemporaneous complaints."); *FTC v. Kitco*, 612 F. Supp. 1282, 1295 (D. Minn. 1985) (consumer "affidavits are more probative on the issue of total liability than any other reasonably obtainable evidence."). This is particularly true given that most of Defendants' victims are elderly, disabled, or both.[2] Indeed, no other witnesses would be better able to describe the events that are the subject of the victim statements, even including Defendants' telemarketers . *See Harris*, 2018 U.S. Dist. LEXIS 22918, at **10-11 (potential testimony from adverse party's witness "does not, standing alone, bar the admission of statements that would otherwise satisfy the requirements of Rule 807) (citing *United States v. DeLeon*, 2009 U.S. Dist. LEXIS 85950, 2009 WL 3020145, at *4 (D. Md. Sept. 21, 2009)) (subsequent history omitted).

---

[2] Even nearly three years ago, as Plaintiffs explained to the Court in preparation for the preliminary injunction hearing, finding consumer witnesses healthy enough to testify, let alone to travel to Chicago, was extremely difficult.

Fourth, admitting these declarations and statements would further the general purpose of the rules of evidence, to make relevant evidence admissible. *See Amy Travel Service,* 875 F.2d at 576. *See also Figgie*, 994 F.2d at 609 (admitting letters "'furthers the federal rules' paramount goal of making relevant evidence admissible.'") (quoting 4 Weinstein & Berger, Evidence, Par. 803(24)[01] (1984) at 381.). Admission would also serve the interests of justice. Defendants engaged in a nationwide scheme and it would be unnecessarily expensive to bring consumers in from all over the country. *See United States v. Stern*, No. 11-CR-301, 2013 U.S. Dist. LEXIS 164455, at *17 (E.D. Wis. Nov. 18, 2013) (admitting unsworn statement to "'eliminate unjustifiable expense and delay, and promote the development of evidence law, to the end of ascertaining the truth and securing a just determination.'") (quoting Fed. R. Evid. 102).

Finally, notice is not an issue. Defendants were served with all but two of these declarations more than three years ago, when the case was first filed, and were served with the remaining two declarations more than a year before discovery closed. Moreover, all of the declarations were relied on and cited in Plaintiffs' summary judgment filing in December 2017.

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs' motion in limine to admit the afore-mentioned consumer declarations and complaints.

Respectfully Submitted,

ALDEN F. ABBOTT
General Counsel

Dated: September 20, 2018

 s/David A. O'Toole
DAVID A. O'TOOLE
SAMANTHA GORDON
Federal Trade Commission, Midwest Region
230 South Dearborn Street, Suite 3030
Chicago, Illinois 60604
Telephone: (312) 960-5634
Facsimile: (312) 960-5600

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION


PAMELA JO BONDI
Attorney General
State of Florida

<u>s/Denise Beamer</u>
DENISE BEAMER
Senior Assistant Attorney General
Florida Bar # 69369
Email: Denise.Beamer@myfloridalegal.com
Office of the Attorney General
Consumer Protection Division
135 W. Central Blvd., Suite 1000
Orlando, Florida 32801
Telephone: (407) 245-0833
Facsimile: (407) 245-0365

Attorney for Plaintiff
STATE OF FLORIDA
OFFICE OF THE ATTORNEY GENERAL

# CERTIFICATE OF SERVICE

I, David A. O'Toole, hereby certify that on September 20, 2018, I electronically filed **PLAINTIFFS' MOTION IN LIMINE TO ADMIT DECLARATIONS AND CONSUMER COMPLAINTS,** with the Court using the CM/ECF system, which will automatically send copies to any attorney of record in the case.

Respectfully Submitted,

s/David A. O'Toole
DAVID A. O'TOOLE
Federal Trade Commission, Midwest Region
230 South Dearborn Street, Suite 3030
Chicago, Illinois 60604
Telephone: (312) 960-5634
Facsimile: (312) 960-5600
email: dotoole@ftc.gov