UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, STATE OF FLORIDA, OFFICE OF THE ATTORNEY GENERAL, DEPARTMENT OF LEGAL AFFAIRS, <br><br> Plaintiffs, <br><br> v. <br><br> LIFEWATCH INC., a New York corporation, also d/b/a LIFEWATCH USA and MEDICAL ALARM SYSTEMS, <br><br> SAFE HOME SECURITY, INC., a Connecticut corporation, <br><br> MEDGUARD ALERT, INC., a Connecticut corporation, <br><br> EVAN SIRLIN, individually and as an officer or manager of Lifewatch Inc., <br><br> MITCHEL MAY, individually and as an officer or manager of Lifewatch Inc., and <br><br> DAVID ROMAN, individually and as an officer or manager of Lifewatch Inc., Safe Home Security, Inc., and MedGuard Alert, Inc. <br>         Defendants. | Case No. 15cv5781 <br><br> Judge Gary Feinerman |

**DEFENDANTS' MOTION *IN LIMINE*
FOR AN ADVISORY JURY UNDER FRCP R. 39(c)**

1

Defendants, by and through their counsel, jointly submit this memorandum of law in support of their motion *in limine* to empanel an advisory jury under FRCP R. 39 (c).

**LEGAL ARGUMENT**

Under Federal Rule of Civil Procedure 39(c), if there is no jury right, a court may on motion or on its own try any issue with an advisory jury.[1] In *FTC v. E.M.A. Nationwide, Inc.,* No. 1:12-CV-2394, 2013 U.S. Dist. LEXIS 86112 (N.D. Ohio June 19, 2013), the FTC filed twelve claims against various corporate and individual defendants for violations of the FTC Act, the TSR, and the Mortgage Assistance Relief Services Rule. The FTC cited examples of defendants' allegedly impermissible business practices, including call transcripts and marketing materials, and alleged that defendants offered and charged for debt relief services, but failed to perform. The FTC asked for a permanent injunction against Defendants as well as rescission or reformation of contracts, restitution, the refund of monies paid, and the disgorgement of ill-

---

[1] In addition to being specifically authorized under the Federal Rules, advisory juries constitute a fundamental element of the American legal system. *See generally* 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Federal Rules of Civil Procedure* § 2335 (1995); 8 Moore's Federal Practice § 39.40. They are authorized in almost every state, pursuant to the state rules of civil procedure or the judge's traditional equitable powers. *NAACP v. Acusport Corp.,* 226 F. Supp. 2d 391, 398 (E.D.N.Y. 2002), citing N.Y. C.P.L.R. 4212 (Consol. 2001); Ala. R. Civ. P. 39(c) (2002); Alaska R. Civ. P. 39(c) (2002); Ariz. R. Civ. P. 39(m) (2002); Ark. R. Civ. P. 39(c) (2002); Cal. R. Ct. 377 (2002); Colo. R. Civ. P. 39(c) (2002); *Gladstone v. Commercial Services of Perry, Inc.,* 1999 WL 608679 at *1 (Mass. Super. Ct. 1999); Del. Super. Ct. R. Civ. P. 39(c) (2002); D.C. R. Civ. P. 39(c) (2002); *Vista Centre Venture v. Unlike Anything, Inc.,* 603 So. 2d 576, 578-79 (Fla. Dist. Ct. App. 1992); *Alta Anesthesia Associates of Georgia, P.C. v. Gibbons,* 245 Ga. App. 79, 537 S.E.2d 388, 391 (Ga. Ct. App. 2000); Haw. Rev. Stat. § 635-12(b) (2001); Idaho R. Civ. P. 39(c) (2002); *In re S.G.,* 175 Ill. 2d 471, 677 N.E.2d 920, 928, 222 Ill. Dec. 386 (Ill. 1997); [**11] Ind. R. Trial P. 39(B) (2002); Kan. Civ. P. Code Ann. § 60-239 (West 2001); Ky. R. Civ. P. 39.03 (Baldwin 2001); Me. R. Civ. P. 39(d) (2002); *Fine v. Cohen,* 35 Mass. App. Ct. 610, 623 N.E.2d 1134, 1137 (Mass. App. Ct. 1993); (2002); Minn. R. Civ. P. 39.02 (2002); Miss. R. Civ. P. 50 cmt. (2002); Mo. R. Civ. P. 73.01 (2002); Mont. R. Civ. P. 39(c) (2002); *Synacek v. Omaha Cold Storage Terminals, Inc.,* 247 Neb. 244, 526 N.W.2d 91, 94 (Neb. 1995); Nev. R. Civ. P. 39(c) (2002); *Lussier v. N.E. Power Co.,* 133 N.H. 753, 584 A.2d 179, 182 (N.H. 1990); N.J. R. Ct. 4:35-2 (2002); N.M. R. Civ. P. 1-039(B) (2002); N.C. R. Civ. P. 39(c) (2002); N.D. R. Civ. P. 39(c) (2002); Ohio R. Civ. P. 39(C) (2002); *Butcher v. McGinn,* 1985 OK 58, 706 P.2d 878, 880 & n.5 (Okla. 1985); Or. R. Civ. P. 51(D) (2002); *Twitty v. Minnesota Mining & Mfg. Co.,* 16 Pa. D. & C.4th 458, 464 (1993); R.I. R. Civ. P. 39(c) (2002); S.C. R. Civ. P. 39(c) (2002); S.D. R. Civ. P. 15-6-39(c) (2002); Tenn. R. Civ. P. 39.03 (2002); *Matter of S.J.C.,* 533 S.W.2d 746, 747 (Tex. 1976); Utah R. Civ. P. 39(c) (2002); Vt. R. [**12] Civ. P. 39(c) (2002); Va. Code Ann. § 8.01-336 (Michie 2001); Wash. Sup. Ct. Civ. R. 39(c) (2002); W. Va. R. Civ. P. 39(c) (2002); Wis. Stat. § 805.02 (2002); Wyo. R. Civ. P. 39(c) (2002).

2

gotten monies. The court determined that there was no jury right because, *inter alia*, "restitution and disgorgement are part of this court's equitable authority even when they require an exchange of monies. While the general rule is that monetary relief is a legal remedy, monetary awards that are incidental to or intertwined with injunctive relief may be equitable." *Id*. at *9 (internal quotes and citations omitted). The court also ruled that "an advisory jury would assist the Court with any issues of fact and credibility determinations. The Court, therefore, will empanel an advisory jury." *Id.* See also *Marcus v. Iowa Pub. TV*, 97 F.3d 1137 (8th Cir. 1996) (advisory jury found to be helpful as an aid to the court in determining the appropriateness of injunctive relief).

In the case at bar, an advisory jury is necessary because there are numerous factual and credibility determinations to be made regarding both liability and damages. For example, many of the witness statements defendants anticipate will be presented at trial conflict with one another. Roderic Boling's anticipated testimony[2] directly conflicts with both May's and Sirlin's sworn affidavits and deposition testimony.[3] Affiant Michael Robinson's anticipated testimony[4] is contradicted by May[5], Sirlin[6], Willie Thrasher[7], Dennis Wright[8], and Miles Krodel[9]. Affiant Chris Hendrikson's anticipated testimony[10] is contradicted by Sirlin.[11] Affiant Donna Smith's anticipated testimony[12] is contradicted by Pam Cohen.[13] And, the anticipated testimony of Pam

---

[2] PX 93, Boling Dec.
[3] Dkt. 332-2, Ex. B, Sirlin Affidavit; Dkt. 332-9, Exhibit I, May Affidavit; PX 100, Transcript of Deposition of May, pp. 34-37; PX 98, Transcript of Deposition of Sirlin, pp. 49-60.
[4] PX 91, Robinson Dec.
[5] Dkt. 332-9, Exhibit I, May Affidavit ¶¶13-14
[6] Dkt. 332-2, Ex. B, Sirlin Affidavit ¶ 9
[7] Dkt. 335-5, pp 24, 100.
[8] Dkt. 335-5, pp. 16, 81.
[9] Dkt. 335-5, p. 97.
[10] PX 12.
[11] Dkt. 332-2, Ex. B, Sirlin Affidavit ¶ 8
[12] PX 6, Smith Dec.
[13] Dkt. 332-4, Exhibit D, Cohen Dec.

Cohen and Lifewatch's dozens of outside sellers conflicts with anticipated testimony of consumers disclosed by the FTC.[14] These are illustrative, not exhaustive, examples which demonstrate that an advisory jury would be particularly helpful before a verdict can be rendered.

An advisory jury is also necessary because plaintiffs will be attempting to establish that three individual defendants -- May (who worked for Lifewatch between early 2013 and mid 2016), Roman (who acquired an interest on May 31, 2013), and Sirlin – all knew about, participated in, and failed to stop violative practices plaintiffs allege occurred by outside marketers hired by Lifewatch. Plaintiffs will further attempt to establish that two corporate entities -- MedGuard Alert Inc. and Safe Home Security, Inc. -- are part of a common enterprise with Lifewatch. *Dkt. 165* at ¶ 15.

Plaintiffs will also argue that these individuals and companies are both jointly and severally liable. *Dkt. 165* at ¶ 13-15. However, joint and several liability can only be imposed after a finding that each defendant "repeatedly participated in the wrongful acts and each defendant's acts materially contributed to the losses suffered." *FTC v. Gem Merch. Corp.,* 87 F.3d 466, 468 (11th Cir. 1996); *FTC v. Seismic Entm't Prods*., 441 F. Supp. 2d 349 (D.N.H. 2006). Courts have declined to impose joint and several liability where defendants have differing levels of culpability. *See United States v. NCR Corp.*, 960 F. Supp. 2d 793, 797 (E.D. Wisc. 2013) ("[W]hile it would be unjust to hold a defendant liable for the entire harm sustained by the plaintiff when such defendant caused only a portion of it . . . Whether or not responsible parties are jointly and severally liable also takes on greater significance when the level of culpability of those responsible for the harm differs.") Here, the complex issues relating to each defendant's alleged individual culpability militates in favor of empaneling an advisory jury.

---

[14] Dkt. 332-4, Exhibit D, Cohen Dec; Dkt. 332-5.

4

Dated: September 20, 2018

Respectfully submitted,

| | |
|---|---|
| */s/ Jason Sultzer* | */s/ Joelle M. Shabat* |
| Jason Sultzer, Esq. | Brian W. Bell, Esq. |
| Joseph Lipari, Esq. | Joelle M. Shabat, Esq. |
| The Sultzer Law Group | Swanson, Martin & Bell, LLP |
| 14 Wall Street, 20th Floor | 330 North Wabash Avenue, Suite 3300 |
| New York, New York 10005 | Chicago, Illinois 60611 |
| (212) 618-1938 | (312) 321-9100 |
| sultzerj@thesultzerlawgroup.com | bbell@smbtrials.com |
| liparij@thesultzerlawgroup.com | jshabat@smbtrials.com |
| ***Attorneys for Lifewatch, Inc., Evan Sirlin, and Mitchel May*** | ***Attorneys for Safe Home Security, Inc.; MedGuard Alert, Inc.; and David Roman*** |