UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br>STATE OF FLORIDA, OFFICE OF THE<br>ATTORNEY GENERAL, DEPARTMENT<br>OF LEGAL AFFAIRS,<br><br>        Plaintiffs,<br><br>        v.<br><br>LIFEWATCH INC., a New York corporation,<br>also d/b/a LIFEWATCH USA and MEDICAL<br>ALARM SYSTEMS,<br><br>SAFE HOME SECURITY, INC., a<br>Connecticut corporation,<br><br>MEDGUARD ALERT, INC., a Connecticut<br>corporation,<br><br>EVAN SIRLIN, individually and as an officer<br>or manager of Lifewatch Inc.,<br><br>MITCHEL MAY, individually and as an officer or<br>manager of Lifewatch Inc., and<br><br>DAVID ROMAN, individually and as an officer<br>or manager of Lifewatch Inc., Safe Home Security,<br>Inc., and MedGuard Alert, Inc.<br>        Defendants. | Case No. 15cv5781<br><br>Judge Gary Feinerman |

**DEFENDANTS' MOTION *IN LIMINE*
TO EXCLUDE BAR PLAINTIFFS' "CONSUMER DECLARATIONS"**

## **TABLE OF CONTENTS**

Table of Contents……………………………………………………………………………….I

Table of Authorities……………………………………………………………………....II-III

    I. PRELIMINARY STATEMENT……………………………………………………1

    II. LEGAL ARGUMENT……………………………………………………...……….1

The "Consumer" Declarations………………………………………………………….……2

Inadmissibility of the "Consumer" Declarations…………………………………...…………..4

    A. Any guarantees of trustworthiness are absent from the declarations…………….……..5

    B. The consumer declarations are not more probative than other evidence plaintiffs can proffer in support of their argument………………………………….......7

    C. No Exceptional Circumstance is present in this litigation………………………………...9

    D. Admission of the consumer declarations would not serve the general purposes of the Federal Rules of Evidence and the interests of justice………………......9

    III. CONCLUSION……………………………………………………….……….10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Coastal Physician Servs., Inc. v. Ortiz*,
    764 So. 2d 7 (Fla. Dist. Ct. App. 1999) ...................................................................................1

*FTC v. Communidyne, Inc.*,
    No. 93 C 6043, 1994 U.S. Dist. LEXIS 8589 (N.D. Ill. June 23, 1994) ..............................5, 8

*FTC v. E.M.A. Nationwide, Inc.*
    2013 U.S. Dist. LEXIS 120914 * 6 (N.D. Ohio Aug. 26, 2013)……………………………...6

*FTC v. U.S. Work All., Inc.*,
    No. 1:08-cv-2053-WSD, 2010 U.S. Dist. LEXIS 149307 (N.D. Ga. Jan. 28, 2010) ................5

*FTC v. Wash. Data Res.*
    2011 U.S. Dist. LEXIS 72886 (M.D. Fla. July 7, 2011)……………………….....………8, 9

*Hill v. City of Chicago*,
    2011 U.S. Dist. LEXIS 98494 ...................................................................................................1

*Idaho v. Wright*,
    497 U.S. 805 (1990)..................................................................................................................4

*Keri v. Board of Trs. of Purdue Univ.*,
    458 F.3d 620 (7th Cir. 2006) ....................................................................................................1

*Miller v. Field*,
    35 F.3d 1088 (6th Cir. 1994) ....................................................................................................5

*Montgomery v. New Piper Aircraft*,
    209 F.R.D. 221 (S.D. Fla. 2001)...............................................................................................1

*National Labor Relations Bd. v. United Sanitation Svc.*,
    737 F.2d 936 (11th Cir. 1984) ..................................................................................................6

*Phillips v. Irvin*,
    No. 05-0131-WS-M, 2007 U.S. Dist. LEXIS 54543 (S.D. Ala. July 25, 2007).......................9

*Rowland v. Rowland*,
    2005 WL 3096169 (N.D. Ga. Nov. 18, 2005) .........................................................................6

*Stein v. Marquis Yachts, LLC*,
    2015 U.S. Dist. LEXIS 35088 (S.D. Fla. Mar. 20, 2015)..........................................................1

*T. Harris Young & Assoc., Inc. v. Marquette Electronics*, Inc.,
　931 F.2d 816, 826 (11th Cir. 1991)…………………………………………………….......4

*United States v. Dish Network LLC*
　256 F. Supp. 3d 810 (C.D. Ill. 2017)…………………………………………………….7

*United States v. Manfredi,*
　No. 07-352, 2009 U.S. Dist. LEXIS 106115 *(W.D. Pa. Nov. 13, 2009)*……..........................6

*United States v. York*,
　852 F.2d 221 (7th Cir. 1988) ......................................................................................1, 4

**Statutes**

Fed .R. Evid. 102 ........................................................................................................9

Fed. R. Evid. 802 ........................................................................................................4

Fed. R. Evid. 807(a)....................................................................................................4

Federal Rule of Evidence 807................................................................................1, 4, 6, 7

FTC Act .....................................................................................................................1

Rules 803 and 804......................................................................................................1

Rule 803(2) ................................................................................................................6

Rule 803(4) ................................................................................................................6

Rule 804(b) ................................................................................................................7

Defendants, by and through their counsel, submit this memorandum of law in support of their motion *in limine* to exclude consumer declarations cited by the FTC.

## I.    PRELIMINARY STATEMENT

In view of plaintiffs' opposition to defendants' joint motion to strike, and the FTC's practice of seeking to "pre-admit" consumer declarations under Federal Rule of Evidence 807, defendants anticipate plaintiffs will seek to have purported consumer declarations in this case admitted into evidence at trial. In support of their position, plaintiffs will likely claim the affidavits fall under the residual hearsay exception found in Rule 807 and that they should be proffered in lieu of live trial testimony to demonstrate defendants violated the FTC Act, the TSR, and FDUTPA.[1] Defendants respectfully move this Court *in limine* to exclude or bar these consumer declarations from admission at trial.[2]

## II.    LEGAL ARGUMENT

An out-of-court statement offered for the truth of the matter asserted is inadmissible unless it falls into one of the enumerated hearsay exceptions of Rules 803 and 804, or satisfies the residual hearsay exception described by Rule 807. Courts reluctantly apply the residual hearsay exception under the most narrow set of circumstances. *See Hill v. City of Chicago*, 2011 U.S. Dist. LEXIS 98494 ("Meanwhile, '[t]he Seventh Circuit has directed the courts to narrowly construe the residual exception to the hearsay rule'") (quoting *Keri v. Board of Trs. of Purdue Univ.*, 458 F.3d 620, 631 (7th Cir. 2006); *United States v. York*, 852 F.2d 221, 224 n.1 (7th Cir.

---

[1] FDUPTA's applicability is limited to Florida consumers. *Coastal Physician Servs., Inc. v. Ortiz*, 764 So. 2d 7 (Fla. Dist. Ct. App. 1999); *Stein v. Marquis Yachts, LLC*, 2015 U.S. Dist. LEXIS 35088 (S.D. Fla. Mar. 20, 2015); *Montgomery v. New Piper Aircraft,* 209 F.R.D. 221 (S.D. Fla. 2001).

[2] By preemptively moving to exclude or bar these consumer declarations, defendants do not concede that any declarations should be pre-admitted and used in lieu of live trial testimony. Defendants reserve the right to reply to and oppose all motions for pre-admission that plaintiffs may file prior to trial.

1988) (explaining that Congress intended that the residual hearsay exceptions will be used very rarely, and only in exceptional circumstances) (citation omitted).

The consumer declarations proffered by plaintiffs are hearsay documents which must be excluded. The declarations do not qualify for any of the hearsay exemptions or the residual hearsay exception found in the Federal Rules of Evidence.

**The "Consumer" Declarations**

Of the approximately fifty-five (55) "consumer" declarations proffered by plaintiffs, only fourteen (14) actually appeared in Lifewatch's customer database. Therefore, only fourteen (14) declarants were either Lifewatch customers or somehow associated with Lifewatch's customers. While this is potentially attributable to outside telemarketing companies who worked for and/or sold accounts to PERS providers other than Lifewatch,[3] *the fact remains that the vast majority of the consumer declarants are not Lifewatch customers.*

Of the fourteen (14) declarants,[4] the following seven (7) individuals did not state that Lifewatch misrepresented its products or services: Robert Braver, Joaquin Miller, Paul Deloca, Barry Gates, Lord Fetherston, Claude Westbrook,[5] and Diana Mey. Within this subgroup the

---

[3] Doc. 19-1 at 68-69 ("During one sales call, a telemarketer explained to the consumer that "[t]here's three different alert systems. We have ADP, Life Alert, and then this—our company does Medical Alert, which is medical alarm system."); Doc. 22-1 at ¶ 32 (Lifewatch outside seller reporting to the FDACS that it sells for three medical alert providers); FTC-LW-09-1193-96 (WWIS identifies its script for sales of Philips Lifeline medical alert devices (800 foot range, absolutely free, live operators are fully trained EMTs), not Lifewatch's devices; FTC-LW09-1202-1205 (WWIS identifies scripts for sales of Philips Lifeline medical alert devices and First Street medical alert devices); FTC-LW09-1300 (Communications between Worldwide and First Street's Tim Hague, Jennifer Hancock, and Jo Hayden about getting paid for First Street sales); PX 91, Declaration of Michael Robinson ¶¶ 3-5, 7 (worked for telemarketers who sold PERS for Lifewatch, Medical Guardian and a Chinese company); Dkt. 332- 12, Exhibit L, LW-FTC-01413 – 1439 (12/1/15 email from Isaac Cohen of Rescue Med Alert, outside seller for Lifewatch attaching his PERS customer origination contracts with Medical Guardian and Connect America); Dkt. 332-13, Exhibit M, LW-FTC-1440 (Communication from Lifewatch outside seller, TMI, indicating that they sell for PERS companies, Lifestation, Life Monitor, Trust One, and Advantage Alert.
[4] PX 81 Braver Dec; PX 51, Miller Dec; PX 31, DeLoca Dec; PX 35, Gates Dec.; PX 33, Featherston Dec.; PX 62 Westbrook Dec.; PX 50, Mey Dec.; PX 36, Girard Dec.; PX 47, McCourt Dec; PX 57, Rivard Dec.; PX 30, Daniel Dec.; PX 25, Cattie Dec.; PX 74, Holley Dec.; PX 73, Gassman Dec.
[5] Consumer Claude Westbrook indicates he purchased the service, not because of any alleged misrepresentations, but because he was sick and needed it. (PX 62).

following individuals[6] declared they were not customers; rather, they were told about *another* customer's interaction with an outside seller: Donna Girard, Karen McCourt, and Susan Rivard.[7] As such these declarations constitute double hearsay and even triple hearsay. See, e.g. Dkt. 25-4, PX 36,¶ 4 ("According to what my mother told me, the caller told her…"); See e.g. Dkt. 25-15, PX 47 ¶ 3 ("I asked my son what transpired, and he told me…the medical representative told my son…); See, e.g. Dkt. 25-25, PX 57 ¶ 3 ("My father told me that…the company's representative told him…").

Out of the remaining four (4) declarants, Florence Holley and Merrilyn Gassman did not purchase Lifewatch services due to any alleged misrepresentations at issue in this case; they purchased Lifewatch services because they thought they were purchasing Life Alert's services.[8] This leaves only two (2) customers, Hilda Daniel and Joan Cattie, who indicated they purchased the device after hearing the "friend or family member" representation. Business records show these accounts were sold on May 8, 2013 and May 11, 2013, respectively, by Worldwide Info Services (or its d/b/a). Business records also show that Ms. Cattie disputed receiving the equipment, changed her story, and later admitted she actually received the equipment.[9]

None of the consumer declarations include any specific averments that the declarants: a) had no prior business relationship with the seller or telemarketer; and b) had not requested information from the seller or telemarketer. This is significant for a number of reasons including: 1) record evidence that customers were routinely obtained through opt-in leads[10] and,

---

[6] Each of whom is linked to a customer obtained through Worldwide Info Services. See Dkt. 332-7, Baker Affidavit, Exhibit G, Att. 1, LW-FTC-1450 through 1454.
[7] PX 36, Girard Dec.; PX 47, McCourt Dec; PX 57, Rivard Dec.
[8] Holley and Gassman allegedly heard some variation of Life Alert's tagline "Help I've Fallen and I Can't Get Up," which is not at issue in this litigation.
[9] Dkt. 332-7, Baker Affidavit, Exhibit G, Att. 1, LW-FTC-1450 through 1454.
[10] Dkt. 332-2. Ex. B, Sirlin Affidavit, paragraphs 6 and 7; Dkt. 66 at 19-20, 26-27, PX 1, Menjivar Dec. Att. V (Redacted); (Lifewatch Profit & Loss statements for 2013 and January – August 2014, showing amount Lifewatch spent on advertising); FTC-LW17-402 - 405, Housein Karachopan Dep. (Lifewatch broker, stating that Lifewatch

therefore, *inter alia*, necessarily requested information and/or calls from the seller or telemarketer; and 2) calls to numbers on the Do Not Call Registry only violate the rule if they are made without the express written consent of the person or without an established business relationship with the person. See, e.g. *FTC v. All Us Mktg. LLC*, 2017 U.S. Dist. LEXIS 77291, *31-32 (M.D. Fl. 2017).

**Inadmissibility of the "Consumer" Declarations**

Out-of-court statements are inherently unreliable because the declarant is absent and cannot be cross-examined at trial. See, e.g., *T. Harris Young & Assoc., Inc. v. Marquette Electronics*, Inc., 931 F.2d 816, 826 (11th Cir. 1991). As a result, hearsay is inadmissible unless it falls into one of the enumerated exceptions set forth in the Federal Rules of Evidence. See Fed. R. Evid. 802. Because the consumer declarations cited by plaintiffs fail to qualify for any of these exceptions, they should be excluded from admission at trial.

"The residual hearsay exception ... accommodates *ad hoc* instances in which statements not otherwise falling within a recognized hearsay exception might nevertheless be sufficiently reliable to be admissible at trial." *Idaho v. Wright*, 497 U.S. 805, 817 (1990). "Hearsay statements admitted under the residual exception, almost by definition, therefore do not share the same tradition of reliability that supports the admissibility of statements under a firmly rooted hearsay exception." Id. In order to warrant admission under Rule 807, a statement must have equivalent circumstantial guarantees of trustworthiness; be offered as evidence of a material fact; be more probative on the point for which it is offered than any other evidence that can be

---

purchased leads); Dkt. 332-6, Ex. F, Houssein Karachopan Aff., ¶¶ 1-3 (purchased an opt-in lead and called); FTC-LW17-292 - 293, Matthew Eggen Dep. by the Texas Attorney General (stating that Lifewatch purchased leads); FTC-LW16-150-153 (3/16/12 emails to Sirlin says he has leads); FTC-LW16-59 – 60 (11/28/11 email noting that customer leads would be sent to Lifewatch that day); Dkt. 296-4, Sirlin Aff., ¶ 25 (Lifewatch received inbound calls from TV advertising); Dkt. 22-1, Att. W, indicating that Senior Medical Alert received lead-generated, inbound calls to Lifewatch.

procured through reasonable efforts; and best serve the general purposes of the Federal Rules of Evidence and the interests of justice. Fed. R. Evid. 807(a). And again, as set forth in *United States v. York*, "Congress intended that the residual hearsay exceptions will be used very rarely, and only in exceptional circumstances." *York*, 852 F.2d 221, 224 n.1 (7th Cir. 1988). The consumer declarations do not satisfy these requirements.

    A.   **Any guarantees of trustworthiness are absent from the declarations.**

In *FTC v. Communidyne, Inc.*, No. 93 C 6043, 1994 U.S. Dist. LEXIS 8589 (N.D. Ill. June 23, 1994), the United States District Court for the Northern District of Illinois rejected the FTC's attempt to admit declarations into evidence in lieu of live testimony, stating as follows:

> The FTC claims that the declarations are imbued with strong circumstantial guarantees of trustworthiness because the declarations were sworn under penalty of perjury and there is a great degree of consistency amongst them. However, the FTC does not provide information about the declarants' character with respect to honesty and truthfulness, the conditions under which the declarations were made, who actually drafted the declarations, or whether the declarants have recanted any assertions in their declarations. *Id.* at *3.[11]

Here, plaintiffs have the burden to establish trustworthiness. They have not provided information about the declarants' character for honesty and truthfulness, the conditions under which the declarations were made, who actually drafted the declarations, or whether the declarants have since recanted any assertions in their declarations. There is no guarantee that these individuals did not make such statements in an attempt to advance their own pecuniary interests. Moreover, the declarants were not subject to cross-examination at the time the

---

[11] Similarly, in *FTC v. U.S. Work All., Inc.,* No. 1:08-cv-2053-WSD, 2010 U.S. Dist. LEXIS 149307 (N.D. Ga. Jan. 28, 2010), the court denied the FTC's motion to admit declarations at trial in lieu of live testimony and explained that the residual exception is to be used "only rarely, in truly exceptional circumstances" not found to be present just because the FTC wanted to reduce the number of trial witnesses and because of the similarities among the declarations.

5

declarations were made and their relationships with the defendants are, if anything, hostile.[12] Moreover, as set forth above, the vast majority of the consumer declarants are not even Lifewatch customers. See, e.g. *Miller v. Field*, 35 F.3d 1088, 1092-93 (6th Cir. 1994) (finding self-serving statements inherently suspect when made outside the crucible of cross-examination because the possibility exists that declarants will tailor their comments to an investigator so as to promote their own best interests). "[T]he proponent of a hearsay statement has the burden of establishing proof of trustworthiness." *Rowland v. Rowland*, 2005 WL 3096169 *3 (N.D. Ga. Nov. 18, 2005), see also *National Labor Relations Bd. v. United Sanitation Svc.,* 737 F.2d 936, 941 (11th Cir. 1984) ("[T]he burden is on the party seeking to invoke the residual exception to clearly demonstrate the existence of the requisite guarantees of trustworthiness").

In *FTC v. E.M.A. Nationwide, Inc.,* the court denied the FTC's motion to prequalify consumer complaints because it did not have sufficient indicia of trustworthiness. *E.M.A. Nationwide, Inc.*, 2013 U.S. Dist. LEXIS 120914 * 6 (N.D. Ohio Aug. 26, 2013). The court explained:

> The first requirement for admission under Rule 807 is that the evidence has "equivalent circumstantial guarantees of trustworthiness" as evidence admitted under other hearsay exceptions. But other exceptions have greater guarantees of trustworthiness than the consumer complaints here. Rule 803(4), for example, allows for a statement made for medical diagnosis, because it is unlikely a declarant would lie about her health in order to gain an advantage in litigation. Similarly, Rule 803(2) provides for the admission of an excited utterance if "the declarant was under the stress of excitement" that the startling event or condition caused. Underpinning this exception is the belief that a declarant would not have the time or wherewithal to create falsehoods when faced with imminent danger or shock. These types of guarantees of truthfulness are simply not present in the consumer complaints.

---

[12] For example, Barry Gates works for Lifewatch's competitor, Life Alert. (Dkt. 26-7, PX. 71); See also, Dkt. 332-7, Baker Affidavit, Exhibit G, Att. 1, LW-FTC-1447 (Robert Braver calling and indicating Lifewatch representatives will or should go to jail).

In *United States v. Manfredi,* the court considered and denied the admission of a hearsay statement. *Manfredi*, No. 07-352, 2009 U.S. Dist. LEXIS 106115 *(W.D. Pa. Nov. 13, 2009)*. The court explained that "the statement was presumably made based on personal knowledge and also involves matters on which he would be qualified to make a statement." But, as the court explained:

> "…[T]he other factors weigh against the purported trustworthiness of the statement. While the Defendants contend that Mr. Manfredi, Sr. had no reason to lie or fabricate, the proffered statement does not have the reliability of the type of statements which are admitted pursuant to the hearsay exceptions set forth in Rule 804(b), i.e., former testimony, dying declarations, statements against interest or statements of family background or history. Fed. R. Evid. 807.
> *Id.* at *6.

Here, the consumer declarations are a far cry from dying declarations. The statements at issue do not rise to the status of former testimony and are not made against the declarants' own interests. The statements are also self-interested insofar as a motivation to fabricate is present.

**B. The consumer declarations are not more probative than other evidence plaintiffs can proffer in support of their argument.**

Plaintiffs could attempt to meet their burden of proof through other, more trustworthy and probative means. Despite the FTC's broad investigatory power, its unlimited access to the Do Not Call Registry, and its possession of seized documents and equipment associated with Worldwide Info Services, the FTC seeks to use consumer declarations to show that specific numbers on the Do Not Call Registry received calls from Lifewatch. In *United States v. Dish Network LLC,* plaintiffs actually came forward with evidence comparing and cross-referencing numbers on the Do Not Call Registry with numbers that were undisputedly called by defendants or their vendors. *Dish Network LLC*, 256 F. Supp. 3d 810 (C.D. Ill. 2017). Hearsay statements from individuals claiming to be on the Do Not Call Registry (but who have not even provided their phone numbers) is insufficiently probative. Further, in the case at bar, plaintiffs proffer the

7

declarations of individuals who claim to be on the Do Not Call Registry and to have received calls, but the declarations fail to include any specific averments that the individuals: a) had no prior business relationship with the seller or telemarketer and b) had not requested information from the seller or telemarketer. Accordingly, they are not even probative as to whether defendants contravened the FTC Act and the TSR, which do not make calls to numbers on the National Do Not Call Registry a *per se* violation. Rather, such calls only violate the rule if they are made without the express written consent of the person or an established business relationship with the person. *FTC v. All Us Mktg. LLC*, 2017 U.S. Dist. LEXIS 77291, *31-32 (M.D. Fl. 2017).

Moreover, plaintiffs cannot use the consumer declarations to demonstrate that *all consumers* had similar experiences or that *all outside sellers* engaged in violative conduct. Again, only fourteen (14) declarants appeared in Lifewatch's customer database and, therefore, the vast majority of the consumer declarants are not Lifewatch consumers. With respect to the fourteen (14) declarations that are connected to Lifewatch consumers, these accounts originated from approximately four (4) outside sellers out of the hundreds used by Lifewatch including Worldwide Info Services or its d/b/a/ companies.[13] So, those consumer declarations comprise a *de minimis* segment of the consumer pool. Additionally, the outside sellers connected with those fourteen consumers comprise a *de minimis* segment of the outside sellers.[14] Therefore, the consumer declarations are not representative of Lifewatch's customer base, are not probative, and do not substantiate material facts presented against the defendants.

---

[13] Dkt. 332-7, Ex. G, Baker Aff., 2/24/18; LW-FTC-1445-1496.
[14] Dkt. 15-1 at 10-11, 18, 21-22, PX 1, Menjivar Dec. Att. I (Lifewatch response to CID identifying more than 100 call centers Lifewatch had employed by June 5, 2014); Dkt. 332-3, Ex. C, Report of Kevin Flaherty, Schedule A.

The *Communidyne* court also found the declarations offered by the FTC minimally probative and inadmissible because they dealt with a broad range of subjects. *Communidyne*, No. 93 C 6043, 1994 U.S. Dist. LEXIS 8589 (N.D. Ill. June 23, 1994) at *3. Similarly, in *FTC v. Wash. Data Res.*, the court denied admission of consumer declarations proffered by the FTC because the FTC sought to use the declarations to demonstrate a broad range of subjects, i.e., defendants' alleged deceptive statements and marketing material, the defendants' course of dealing with consumers, and the defendants' failure to deliver promised services. *Wash. Data Res.*, 2011 U.S. Dist. LEXIS 72886 (M.D. Fla. July 7, 2011). Here, the consumer declarations are, presumably, being offered to prove plaintiffs' *prima facie* case that: defendants made misrepresentations; consumers relied upon such misrepresentations; misrepresentations caused consumer harm; and defendants made unsolicited telemarketing calls to individuals on the Do Not Call Registry using prerecorded messages and spoofed numbers. Again, the *Communidyne* and *Wash. Data Res*. courts indicated that the breadth of the declarations (i.e. pertaining to a range of issues that must be considered by at trial by the factfinder) militated against their admission in lieu of live trial testimony.

**C. No Exceptional Circumstance is present in this litigation.**

In *FTC v. Wash. Data Res.,* the Court ruled that the FTC showed no exceptional circumstances warranting admission of consumer declarations as a substitute for live testimony. Similarly, in this case, the FTC cannot show that exceptional circumstances are present and justify pre-admitting consumer declarations in lieu of live trial testimony. *Wash. Data Res.,* 2011 U.S. Dist. LEXIS 72886 (M.D. Fla. July 7, 2011); see also, e.g. *Phillips v. Irvin*, No. 05-0131-WS-M, 2007 U.S. Dist. LEXIS 54543 (S.D. Ala. July 25, 2007) (the court ruled that the

death of witness does not alone qualify as an exceptional circumstance to admit a witness statement under the residual exception).

### D. Admission of the consumer declarations would not serve the general purposes of the Federal Rules of Evidence and the interests of justice.

The purpose of the Federal Rules of Evidence is to "to administer every proceeding fairly, eliminate unjustifiable expense and delay, and promote the development of evidence law to the end of ascertaining the truth and securing a just determination." Fed .R. Evid. 102. Admitting the consumer declarations would give plaintiffs the unfettered ability to present a one-sided versions of events which defendants cannot properly test through cross-examination at trial. In a matter that involves approximately $150 million in requested relief, admitting untrustworthy and non-probative consumer affidavits -- most of which are not even linked to Lifewatch -- would run afoul of both the letter and the spirit of the evidentiary rules.

### III. CONCLUSION

For the reasons set forth above, defendants respectfully move the court *in limine* to exclude the consumer declarations from trial.

Dated: September 20, 2018

Respectfully submitted,

| | |
|---|---|
| __/s/ Jason Sultzer__ | __/s/ Joelle M. Shabat__ |
| Jason Sultzer, Esq. | Brian W. Bell, Esq. |
| Joseph Lipari, Esq. | Joelle M. Shabat, Esq. |
| The Sultzer Law Group | Swanson, Martin & Bell, LLP |
| 14 Wall Street, 20th Floor | 330 North Wabash Avenue, Suite 3300 |
| New York, New York 10005 | Chicago, Illinois 60611 |
| (212) 618-1938 | (312) 321-9100 |
| sultzerj@thesultzerlawgroup.com | bbell@smbtrials.com |
| liparij@thesultzerlawgroup.com | jshabat@smbtrials.com |
| ***Attorneys for Lifewatch, Inc., Evan Sirlin, and Mitchel May*** | ***Attorneys for Safe Home Security, Inc.; MedGuard Alert, Inc.; and David Roman*** |

10