UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, ) <br> STATE OF FLORIDA, OFFICE OF THE ) <br> ATTORNEY GENERAL, DEPARTMENT ) <br> OF LEGAL AFFAIRS, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> LIFEWATCH INC., a New York corporation, ) <br> also d/b/a LIFEWATCH USA and MEDICAL ) <br> ALARM SYSTEMS, ) <br> ) <br> SAFE HOME SECURITY, INC., a ) <br> Connecticut corporation, ) <br> ) <br> MEDGUARD ALERT, INC., a Connecticut ) <br> corporation, ) <br> ) <br> EVAN SIRLIN, individually and as an officer ) <br> or manager of Lifewatch Inc., ) <br> ) <br> MITCHEL MAY, individually and as an officer or ) <br> manager of Lifewatch Inc., and ) <br> ) <br> DAVID ROMAN, individually and as an officer ) <br> or manager of Lifewatch Inc., Safe Home Security, ) <br> Inc., and MedGuard Alert, Inc. ) <br> Defendants. ) <br> ) | Case No. 15cv5781 <br><br> Judge Gary Feinerman |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO REOPEN DISCOVERY**

Plaintiffs' motion under FRCP R. 16(b)(4) must be denied. Plaintiffs have filed a meritless motion in order to obtain leverage for settlement negotiation purposes. Indeed, if plaintiffs have a different motivation for filing the motion, it is not apparent from plaintiffs' bare, two-page submission, which: a) provides no specificity as to when they received "numerous third-party complaints;" b) does not indicate whether "numerous" means two or three, or more;

1

c) does not indicate whether third-parties complained about conduct at issue in the litigation; d) does not indicate whether the third-parties are consumers or competitors; e) fails to explain whether the "complaints" are similar to the Consumer Sentinel Database "hits" referenced by the FTC at the outset of this litigation and which was the subject of defendants' motion to strike;[1] and f) fails to explain what supplemental discovery is sought from defendants and how what is sought is relevant or probative given the claims at issue.

Summary judgment motions have been decided, motions *in limine* are pending, and a trial date has been set. Plaintiffs are not entitled, at this late stage, to additional discovery. See *APC Filtration, Inc. v. Becker,* No. 07-CV-1462, 2009 U.S. Dist. LEXIS 5944 (N.D. Ill. Jan. 26, 2009) (denying a motion to reopen discovery and explaining that discovery was closed, summary judgment motions were fully briefed, and movants were not entitled to a "do over.")

Here, defendants and the court are left to speculate as to when the purported third-party complaints were received. Plaintiffs assert that discovery closed on October 6, 2017 and "since that time" plaintiffs received "numerous" complaints. But, it is unclear if the complaints were received on, for instance, October 15, 2017, or whether they were received 17 months later. This is crucial because "good cause" under FRCP R. 16(b)(4) is measured by, *inter alia*, a party's diligence in seeking discovery. *See, e.g. Peters v. Wal-Mart Stores East., LP*, 512 F. App'x 622 (7th Cir. 2013); *Marlow v. Sawyer,* 2017 U.S. Dist. LEXIS 191629 (S.D. Ill. Nov. 20, 2017). Needless to say, plaintiffs are not entitled to a presumption of diligence.

Defendants and the court are also left to speculate as the nature of the complaints and whether reopening discovery as to these complaints would be probative. Plaintiffs vaguely assert

---

[1] See Dkt. 111 (discussing the unreliability and inadmissibility of "complaints" in the FTC's Consumer Sentinel Database).

2

that the complaints are "related to Defendants' sale of medical alert devices." But this is insufficient. See *Echemendia v. Gene B. Glick Mgmt. Corp.,* 263 F. App'x 479 (7th Cir. 2008) (denying request to reopen discovery and explaining plaintiff "did not show the court, and has not shown us, how [additional documents] would have been probative of her…claims.").

Numerous district courts outside the 7th Circuit have applied a six-factor test to determine whether a litigant can meet the good cause standard under FRCP R. 16(b)(4) when seeking to reopen discovery. Insofar as this six-factor analytical framework is applicable in the 7th Circuit, defendants respectfully assert that it militates in favor of denying plaintiffs' motion. As set forth in *Smith v. United States* 834 F.2d 166, 169 (10th Cir. 1987), factors to be considered in determining whether discovery should be reopened, include:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

Here, trial is set for July (Dkt. 388) and is, therefore, imminent. Further, plaintiffs' motion is opposed.

With respect to prejudice, given plaintiffs' vague and ambiguous description of the third-party complaints and of the "supplemental discovery" being sought from defendants, it is difficult, if not impossible, at this stage to describe the extent to which defendants will be prejudiced. Suffice it to say, if defendants are forced to focus their time and resources on responding to supplemental discovery and conducting supplemental depositions during the

approximately three months leading up to trial -- rather than devoting time and resources to trial preparation -- then defendants will be prejudiced. Plaintiffs disingenuously assert that defendants would not be prejudiced by reopening discovery in view of defendants' motion *in limine* (Dkt. 372) seeking to preclude Messrs. Boling, Hilgar, or Settecase from testifying at trial or to allow defendants to depose these witnesses. The issue raised in defendants' motion *in limine* should not be conflated with plaintiffs' vague assertions about the need for additional discovery due to "third-party complaints" that were presented at some unknown point in time after October 2017. First, in defendants' motion *in limine*, defendants established "good cause" by setting forth, *inter alia*, the unsuccessful attempts to serve the witnesses with deposition subpoenas. Second, this issue was raised at a September 2017 status conference held prior to the close of discovery. (Dkt. 234). At that time, the Court stated that if defendants were subsequently able to make a showing of their efforts to depose these witnesses before the close of fact discovery, defendants would be allowed to depose the witnesses before trial. And third, there is a stark difference between entering a limited Order merely allowing for the depositions of three witnesses specifically shown to have evaded subpoena service and entering an Order that broadly reopens discovery through May 31st.

The remaining three factors within the six-part analytical framework cannot be evaluated at all because plaintiffs have presented no specifics about, *inter alia*, the purported third-party complaints; the nature of the supplemental discovery sought from defendants; or plaintiffs' theory as to how supplemental discovery is likely to lead to relevant, probative, and admissible evidence.

Accordingly, plaintiffs have failed to demonstrate -- as they must -- that good cause exists to reopen discovery. Plaintiffs' motion must, therefore, be denied.

DATED: March 27, 2019

                                    Respectfully submitted,

| */s/ Joseph Lipari* | */s/ Joelle M. Shabat* |
|---|---|
| Jason Sultzer, Esq. | Brian W. Bell, Esq. |
| Joseph Lipari, Esq. | Joelle M. Shabat, Esq. |
| The Sultzer Law Group | Swanson, Martin & Bell, LLP |
| 14 Wall Street, 20th Floor | 330 North Wabash Avenue, Suite 3300 |
| New York, New York 10005 | Chicago, Illinois 60611 |
| (212) 618-1938 | (312) 321-9100 |
| sultzerj@thesultzerlawgroup.com | bbell@smbtrials.com |
| liparij@thesultzerlawgroup.com | jshabat@smbtrials.com |
| ***Attorneys for Lifewatch, Inc., Evan Sirlin, and Mitchel May*** | ***Attorneys for Safe Home Security, Inc.; MedGuard Alert, Inc.; and David Roman*** |