# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION, and | Case No. 15cv5781 |
| STATE OF FLORIDA, OFFICE OF THE ATTORNEY GENERAL, DEPARTMENT OF LEGAL AFFAIRS, | Judge Feinerman |
| | Magistrate Judge Gilbert |
| Plaintiffs, | |
| v. | |
| LIFEWATCH INC., a New York corporation, also d/b/a LIFEWATCH USA and MEDICAL ALARM SYSTEMS; | |
| SAFE HOME SECURITY, INC., a limited liability a Connecticut corporation; | |
| MEDGUARD ALERT, INC., a Connecticut corporation; | |
| EVAN SIRLIN, individually and as an officer or manager of Lifewatch, Inc., | |
| MITCHEL MAY, individually and as an officer or manager of Lifewatch, Inc., and | |
| DAVID ROMAN, individually and as an officer or manager of Lifewatch Inc., Safe Home Security, Inc., and MedGuard Alert, Inc., | |
| Defendants. | |

## STIPULATED ORDER FOR PERMANENT INJUNCTION
## AND MONETARY JUDGMENT

Plaintiffs, the Federal Trade Commission ("FTC" or "Commission") and State of Florida,

Office of the Attorney General, Department of Legal Affairs ("Florida Attorney General"), filed

Page 1 of 27

their Complaint for Permanent Injunction and Other Equitable Relief, subsequently amended as Amended Complaint for Permanent Injunction and Other Equitable Relief ("Complaint"), pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, the Telemarketing and Consumer Fraud and Abuse Prevention Act ("Telemarketing Act"), 15 U.S.C. §§ 6101-6108, and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Chapter 501, Part II, Florida Statutes (2018). Plaintiffs and Defendants stipulate to the entry of this Stipulated Order for Permanent Injunction and Other Equitable Relief ("Order") to resolve all matters in dispute in this action between them, and, it is therefore **ORDERED** as follows:

## FINDINGS

1. This Court has jurisdiction over this matter.

2. The Complaint charges that Defendants participated in abusive and deceptive acts and practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, various provisions of the Telemarketing Sales Rule ("TSR"), 16 C.F.R. Part 310, and Section 501.204 of the Florida Deceptive and Unfair Trade Practices Act, Chapter 501, Part II, Florida Statutes, in the course of telemarketing their medical alert systems.

3. Defendants neither admit nor deny any of the allegations in the Complaint, except as specifically stated in this Order. Only for purposes of this action, Defendants admit the facts necessary to establish jurisdiction.

4. Defendants waive any claim that they may have under the Equal Access to Justice Act, 28 U.S.C. § 2412, concerning the prosecution of this action through the date of this Order, and agree to bear their own costs and attorney fees.

Case: 1:15-cv-05781 Document #: 422-1 Filed: 06/24/19 Page 3 of 29 PageID #:16760

5.      Defendants waive all rights to appeal or otherwise challenge or contest the validity of this Order.

## DEFINITIONS

For the purpose of this Order, the following definitions apply:

A.      **"Defendants"** means all of the Individual Defendants and the Corporate Defendants, individually, collectively, or in any combination.

B.      **"Corporate Defendants"** means Lifewatch, Inc., also d/b/a Lifewatch USA and Medical Alarm Systems, Safe Home Security, Inc., and MedGuard Alert, Inc., and their successors and assigns.

C.      **"Individual Defendants"** means Evan Sirlin, Mitchel May, and David Roman.

D.      **"Lifewatch Defendants"** means Lifewatch, Inc., also d/b/a Lifewatch USA and Medical Alarm Systems, and its successors and assigns; Evan Sirlin; and Mitchel May.

E.      **"Roman Defendants"** means Safe Home Security Inc. and MedGuard Alert, Inc, their successors and assigns, and David Roman.

F.      **"Caller Identification Service"** means a service that allows a telephone subscriber to have the telephone number, and, where available the name of the calling party transmitted contemporaneously with the telephone call, and displayed on a device in or connected to the subscriber's telephone.

G.      **"Entity-Specific Do Not Call List"** means a list of telephone numbers maintained by a Seller or Telemarketer of persons who have previously stated that they do not wish to receive Outbound Telephone Calls made by or on behalf of the Seller or Telemarketer.

H.      **"Established Business Relationship"** means a relationship between a Seller and a person

Case: 1:15-cv-05781 Document #: 422-1 Filed: 06/24/19 Page 4 of 29 PageID #:16781

based on: (a) the person's purchase, rental, or lease of the Seller's goods or services or a financial transaction between the Seller and person, within the eighteen months immediately preceding the date of the Telemarketing call; or (b) the person's inquiry or application regarding a product or service offered by the Seller, within the three months immediately preceding the date of a Telemarketing call.

I.    **"National Do Not Call Registry"** means the "do-not-call" registry of telephone numbers maintained by the Commission pursuant to 16 C.F.R. § 310.4(b)(1)(iii)(B).

J.    **"Outbound Telephone Call"** means a telephone call initiated by a Telemarketer to induce the purchase of goods or services or to solicit a charitable contribution.

K.    **"Seller"** means any person who, in connection with a Telemarketing transaction, provides, offers to provide, or arranges for others to provide goods or services to the customer in exchange for consideration, whether or not such person is under the jurisdiction of the Commission.

L.    **"Telemarketer"** means any person who, in connection with Telemarketing, initiates or receives telephone calls to or from a customer or donor, whether or not such person is under the jurisdiction of the Commission.

M.    **"Telemarketing"** means any plan, program, or campaign which is conducted to induce the purchase of goods or services by use of one or more telephones, and which involves a telephone call, whether or not covered by the Telemarketing Sales Rule.

N.    **"PERS Account"** means a customer commitment, made prior to the entry of this Order and not canceled or otherwise terminated as of the entry of this Order, to pay any Defendant or any entity owned by any Defendant, on an ongoing basis, for Personal Emergency Response

System, also known as a medical alert system, services.

## ORDER

## I. BAN ON TELEMARKETING

IT IS ORDERED that the Lifewatch Defendants are permanently restrained and enjoined from participating in Telemarketing, whether directly or through an intermediary.

## II. BAN ON ROBOCALLING

IT IS FURTHER ORDERED that the Roman Defendants, whether acting directly or indirectly, are permanently restrained and enjoined from initiating, causing others to initiate, or assisting others in initiating any Outbound Telephone Call that plays or delivers a prerecorded message.

## III. BAN ON CALLING TELEPHONE NUMBERS LISTED ON THE NATIONAL DO NOT CALL REGISTRY

IT IS FURTHER ORDERED that the Roman Defendants, whether acting directly or indirectly, are permanently restrained and enjoined from initiating, causing others to initiate, or assisting others in initiating any Outbound Telephone Call to any telephone number listed on the National Do Not Call Registry more than thirty one (31) days after the date on which such number is added to the National Do Not Call Registry, unless the Roman Defendants prove that they have an Established Business Relationship with the consumer who owns that telephone number.

## IV. BAN ON CALLING A PERSON ON AN ENTITY-SPECIFIC DO NOT CALL LIST

IT IS FURTHER ORDERED that the Roman Defendants, whether acting directly or

Case: 1:15-cv-05781 Document #: 422-1 Filed: 06/24/19 Page 6 of 29 PageID #:16763

indirectly, are permanently restrained and enjoined from initiating, causing others to initiate, or

assisting others in initiating any Outbound Telephone Call to any person who has previously

stated that he or she does not wish to receive an Outbound Telephone Call made by or on behalf

of the Seller whose goods or services are being offered, more than thirty one (31) days after the

date on which such number is added to the National Do Not Call Registry.

## V.     BAN ON ABUSIVE CALLER ID PRACTICES

IT IS FURTHER ORDERED that the Roman Defendants, whether acting directly or

indirectly, are permanently restrained and enjoined from initiating, causing others to initiate, or

assisting others in initiating any Outbound Telephone Call that fails to transmit or causes to be

transmitted to any Caller Identification Service in use by a recipient of a Telemarketing call

either: (i) the telephone number and, when made available by the Telemarketer's carrier, the name

of the Telemarketer making the call; or (ii) the Seller's name and customer service telephone

number.

## VI.     PROHIBITION AGAINST ABUSIVE TELEMARKETING PRACTICES

IT IS FURTHER ORDERED that the Roman Defendants, whether acting directly or

indirectly, are permanently restrained and enjoined from engaging in, causing others to engage in,

or assisting others engaging in, any of the following practices:

A.     Failing to disclose in an Outbound Telephone Call truthfully, promptly, and in a clear and

conspicuous manner: (1) the identity of the Seller; (2) that the purpose of the call is to sell goods

or services; and (3) the nature of the goods or services; or

B.     Violating the Telemarketing Sales Rule, 16 C.F.R. Part 310 (attached as Appendix A).

## VII. PROHIBITION AGAINST MISREPRESENTATIONS

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, whether acting directly or indirectly, in connection with advertising, marketing, promoting, or offering for sale any good or service, are permanently restrained and enjoined from misrepresenting or assisting others in misrepresenting, expressly or by implication:

A.     That a friend, family member, health care provider, or other acquaintance has referred the consumer for the good or service, or has purchased the good or service for the consumer;

B.     That the good or service is endorsed by any organization or agency;

C.     When a consumer will be charged for the good or service;

D.     That consumers may cancel an order for the good or service at any time without any further financial obligation; and

E.     Any other fact material to consumers concerning any good or service, such as: the total costs; any material restrictions, limitations, or conditions; or any material aspect of its performance, efficacy, nature, or central characteristics.

## VIII.   MONITORING OF TELEMARKETERS

IT IS FURTHER ORDERED that the Roman Defendants, whether acting directly or indirectly, are hereby permanently restrained and enjoined from:

A.     Failing to conduct a due diligence investigation of a Telemarketer before authorizing the Telemarketer to solicit customers for any Roman Defendant, to ensure that the Telemarketer has established and actively enforces effective policies and procedures for compliance with the

Telemarketing Sales Rule, 16 C.F.R. Part 310 (attached as Appendix A), including procedures to prevent the acts and practices described in Sections II through VII of this Order;

B.      The investigation described in Subsection A above must include steps reasonably calculated to determine whether a Telemarketer: (1) complies with the Telemarketing Sales Rule, 16 C.F.R. Part 310 (attached as Appendix A), and (2) engages in any acts or practices described in Sections II through VII of this Order.   Such steps may include obtaining and evaluating the Telemarketer's policies and procedures, reviewing any prior law enforcement or telemarketing-related legal proceeding filed against the Telemarketer, evaluating consumer reviews and complaints regarding the Telemarketer, and reviewing the Telemarketer's proposed sales' scripts, among other reasonable steps;

C.      The Roman Defendants shall not enter into any business relationship with a Telemarketer if the investigation described in Subsection A above or any other evidence the Roman Defendants obtain reveals that the Telemarketer: (1) does not comply or has not complied with the Telemarketing Sales Rule, 16 C.F.R. Part 310 (attached as Appendix A), or (2) engages in or engaged in any acts or practices described in Sections II through VII of this Order;

D.      Failing to have a written contract with each Telemarketer;

E.      Failing to include in the written contract with each Telemarketer a requirement that the Telemarketer comply with all provisions of the Telemarketing Sales Rule, 16 C.F.R. Part 310 (attached as Appendix A);

F.      Failing to monitor Telemarketing campaigns conducted by any Telemarketer on behalf of any Roman Defendant to determine whether such Telemarketer is: (1) complying with the Telemarketing Sales Rule, 16 C.F.R. Part 310 (attached as Appendix A), or (2) engaging in acts

or practices described in Section II through VII of this Order;

G.      The monitoring described in Subsection F above, must include steps reasonably calculated to determine whether a Telemarketer: (1) complies with the Telemarketing Sales Rule, 16 C.F.R. Part 310 (attached as Appendix A), and (2) engages in any acts or practices described in Sections II through VII of this Order.   Such steps may include obtaining and reading the Telemarketer's sales scripts, obtaining and listening to audio, video, or other recordings of randomly selected interactions between the Telemarketer and consumers, evaluating consumer reviews and complaints regarding the Telemarketer, obtaining and evaluating the Telemarketer's policies and procedures, reviewing any prior law enforcement or telemarketing-related legal proceeding filed against the Telemarketer, among other reasonable steps;

H.      The Roman Defendants shall immediately terminate any business relationship with a Telemarketer if this monitoring or any other evidence the Roman Defendants obtain reveals that the Telemarketer: (1) does not comply or has not complied with the Telemarketing Sales Rule, 16 C.F.R. Part 310 (attached as Appendix A), or (2) engages in or engaged in any acts or practices described in Sections II through VII of this Order;

I.      Providing any monetary compensation for any Telemarketing, including, but not limited to, advances, hourly rates of pay, spiffs, or commissions, to any Telemarketer after the Roman Defendants know or should have known that such Telemarketer has, in connection with Telemarketing the Roman Defendants' goods or services:

    1.      Failed to fulfill contract requirements with respect to compliance with the Telemarketing Sales Rule, 16 C.F.R. Part 310 (attached as Appendix A); or

    2.      Violated the Telemarketing Sales Rule, 16 C.F.R. Part 310 (attached as Appendix

A);

J.      Continuing to do business with any Telemarketer that fails to fulfill contract requirements with respect to compliance with the Telemarketing Sales Rule, 16 C.F.R. Part 310 (attached as Appendix A) or violates any provision of the Telemarketing Sales Rule; and

K.      Defendants shall create and maintain records of their reviews and investigations of Telemarketers, and any terminations of Telemarketers, including documentation of the review process, procedures, and implementation, status and outcome. These records shall be maintained pursuant to Section XIV of this Order.

## IX.   MONETARY JUDGMENT

IT IS FURTHER ORDERED that:

A.      Judgment in the amount of Twenty Five Million, Two Hundred Sixty Six Thousand, Eight Hundred Eighty Six Dollars ($25,266,886) is entered in favor of Plaintiffs against Defendant Lifewatch, Inc.

B.      Judgment in the amount of Twenty Five Million, Two Hundred Sixty Six Thousand, Eight Hundred Eighty Six Dollars ($25,266,886) is entered in favor of Plaintiffs against Defendant Evan Sirlin.

C.      Judgment in the amount of Eight Million, Nine Hundred Forty Three Thousand, Four Hundred Sixteen Dollars ($8,943,416) is entered in favor of Plaintiffs against Defendant Safe Home Security, Inc.

D.      Judgment in the amount of Eight Million, Nine Hundred Forty Three Thousand, Four Hundred Sixteen Dollars ($8,943,416) is entered in favor of Plaintiffs against Defendant MedGuard Alert, Inc.

E.      Judgment in the amount of Eight Million, Nine Hundred Forty Three Thousand, Four Hundred Sixteen Dollars ($8,943,416) is entered in favor of Plaintiffs against Defendant David Roman.

F.      Judgment in the amount of Eight Million, Nine Hundred Forty Three Thousand, Four Hundred Sixteen Dollars ($8,943,416) is entered in favor of Plaintiffs against Defendant Mitchel May as equitable monetary relief.

G.      Defendants are ordered to pay to the Commission the judgment set forth above in Subsection IX.A as follows:

1.      Within seven (7) days of entry of this Order, Defendants shall wire by electronic fund transfer the sum of Five Hundred Thousand Dollars ($500,000), to the Commission, which, as Defendants stipulate, their undersigned counsel holds in escrow for no purpose other than payment to the Commission.   Defendants shall wire these funds to Commission in accordance with instructions provided by a representative of the Commission;

2.      Within thirty (30) days of entry of this Order, Defendants shall wire by electronic fund transfer the sum of One Hundred Twenty Five Thousand Dollars ($125,000), to the Commission, in accordance with instructions previously provided by a representative of the Commission;

3.      Within sixty (60) days of entry of this Order, Defendants shall wire by electronic fund transfer the sum of One Hundred Twenty Five Thousand Dollars ($125,000), to the Commission, in accordance with instructions previously provided by a representative of the Commission;

4.      Within ninety (90) days of entry of this Order, Defendants shall wire by electronic

fund transfer the sum of One Hundred Twenty Five Thousand Dollars ($125,000), to the

Commission, in accordance with instructions previously provided by a representative of the

Commission;

5.      Within one hundred twenty (120) days of entry of this Order, Defendants shall

wire by electronic fund transfer the sum of One Hundred Twenty Five Thousand Dollars

($125,000), to the Commission, in accordance with instructions previously provided by a

representative of the Commission;

6.      Within one hundred fifty (150) days of entry of this Order, Defendants shall wire

by electronic fund transfer the sum of One Hundred Twenty Five Thousand Dollars ($125,000),

to the Commission, in accordance with instructions previously provided by a representative of the

Commission;

7.      Within one hundred eighty (180) days of entry of this Order, Defendants shall wire

by electronic fund transfer the sum of One Hundred Twenty Five Thousand Dollars ($125,000),

to the Commission, in accordance with instructions previously provided by a representative of the

Commission;

8.      Within two hundred ten (210) days of entry of this Order, Defendants shall wire by

electronic fund transfer the sum of One Hundred Twenty Five Thousand Dollars ($125,000), to

the Commission, in accordance with instructions previously provided by a representative of the

Commission;

9.      Within two hundred forty (240) days of entry of this Order, Defendants shall wire

by electronic fund transfer the sum of One Hundred Twenty Five Thousand Dollars ($125,000),

to the Commission, in accordance with instructions previously provided by a representative of the

Commission;

10.     Within two hundred seventy (270) days of entry of this Order, Defendants shall wire by electronic fund transfer the sum of One Hundred Twenty Five Thousand Dollars ($125,000), to the Commission, in accordance with instructions previously provided by a representative of the Commission;

11.     Within three hundred (300) days of entry of this Order, Defendants shall wire by electronic fund transfer the sum of One Hundred Twenty Five Thousand Dollars ($125,000), to the Commission, in accordance with instructions previously provided by a representative of the Commission;

12.     Within three hundred thirty (330) days of entry of this Order, Defendants shall wire by electronic fund transfer the sum of One Hundred Twenty Five Thousand Dollars ($125,000), to the Commission, in accordance with instructions previously provided by a representative of the Commission;

13.     Within one (1) year of entry of this Order, Defendants shall wire by electronic fund transfer the sum of One Hundred Twenty Five Thousand Dollars ($125,000), to the Commission, in accordance with instructions previously provided by a representative of the Commission;

14.     Notwithstanding the foregoing, Defendants shall have the right to prepay at any time, and without penalty, the remaining balance, or any part thereof, due the Plaintiffs under this Order.   Any such prepayment made prior to an installment due date shall be credited as if made on the next installment due date, and Defendants shall be relieved of making any further payments on the installment due date for any prepayments to the extent of such prepayment. Nothing herein shall be construed to relieve Defendants of their obligation to make timely

Case: 1:15-cv-05781 Document #: 422-1 Filed: 06/24/19 Page 14 of 29 PageID #:16771

payment for any installments as they become due which have not otherwise fully been paid in advance; and

      15.     Upon the completion of the payments described above in Subsections IX.G. 1-13 of this Order, the remainder of the judgment is suspended, subject to the Subsections below.

H.     To secure the payment obligations under Subsection IX.G of this Order, Defendants grant the Commission liens on and security interests in certain property and proceeds thereof ("Collateral"), as set forth below. These interests are incorporated by reference as if fully set forth verbatim and grant a security interest in the following Collateral:

      1.     Defendant David Roman and his spouse Laura Roman hereby grant to the Commission, pursuant to a Deed of Trust, a lien on and security interest in the real property located at 14 Pine Orchard Lane, Killingworth, CT 06419. Defendant David Roman shall submit to the clerk's office for recording all security documents used to perfect the Commission's lien on the property within fourteen (14) days after entry of this Order, and shall deliver to the Commission copies of such officially recorded documents within seven (7) days after receipt of such documents;

      2.     Defendant David Roman and his spouse Laura Roman hereby grant to the Commission, pursuant to a Deed of Trust, a lien on and security interest in the real property located at 39 Harvestwood Lane, Higganum, CT 06441. Defendant David Roman shall submit to the clerk's office for recording all security documents used to perfect the Commission's lien on the property within fourteen (14) days after entry of this Order, and shall deliver to the Commission copies of such officially recorded documents within seven (7) days after receipt of such documents;

3.    Defendant David Roman and his spouse Laura Roman hereby grant to the Commission, pursuant to a Deed of Trust, a lien on and security interest in the real property located at 95 E. Shore Drive, East Haddam, CT 06419.   Defendant David Roman shall submit to the clerk's office for recording all security documents used to perfect the Commission's lien on the property within fourteen (14) days after entry of this Order, and shall deliver to the Commission copies of such officially recorded documents within seven (7) days after receipt of such documents;

4.    Defendant David Roman and his spouse Laura Roman hereby grant to the Commission, pursuant to a Deed of Trust, a lien on and security interest in the real property located at 10 Pine Orchard Lane, Killingworth, CT 06419.   Defendant David Roman shall submit to the clerk's office for recording all security documents used to perfect the Commission's lien on the property within fourteen (14) days after entry of this Order, and shall deliver to the Commission copies of such officially recorded documents within seven (7) days after receipt of such documents;

5.    Defendant David Roman and his spouse Laura Roman hereby grant to the Commission, pursuant to a Deed of Trust, a lien on and security interest in the real property located at 6 Pine Orchard Lane, Killingworth, CT 06419.   Defendant David Roman shall submit to the clerk's office for recording all security documents used to perfect the Commission's lien on the property within fourteen (14) days after entry of this Order, and shall deliver to the Commission copies of such officially recorded documents within seven (7) days after receipt of such documents; and

6.    Defendant David Roman and his spouse Laura Roman hereby grant to the

Page 15 of 27

Commission, pursuant to a Deed of Trust, a lien on and security interest in the real property located at 302 Route 148, Killingworth, CT 06419.   Defendant David Roman shall submit to the clerk's office for recording all security documents used to perfect the Commission's lien on the property within fourteen (14) days after entry of this Order, and shall deliver to the Commission copies of such officially recorded documents within seven (7) days after receipt of such documents.

I.      In the event that Defendants fail to make a required payment when due under Subsection IX.G of this Order, or the Commission is not allowed to retain any such payment, or if Defendant David Roman fails to comply with the terms of a Deed of Trust and such failure is not timely cured:

1.      The entire judgment amount, less any amount previously paid, shall immediately become due and payable by Defendants.   Interest computed at the rate prescribed under 28 U.S.C. § 1961, as amended, shall immediately begin to accrue on the unpaid balance.   Time is of the essence for the payments specified in this Subsection; and

2.      Defendants consent to the appointment of a receiver by the Court for the purpose of taking possession and control of and liquidating the Collateral, with the rights and powers, and privileges of an equity receiver.   The costs and expenses of the receivership, including reasonable compensation for the receiver and personnel retained by the receiver, shall be paid solely from the proceeds of the Collateral.

J.      Plaintiffs' agreement to the suspension of part of the judgment is expressly premised upon the truthfulness, accuracy, and completeness of Defendants' sworn financial statements and related documents (collectively, "financial representations") submitted to the Commission,

namely:

1.  the Financial Statement of Individual Defendant David Roman signed on March 6, 2019, including the attachments;

2.  the Financial Statement of Individual Defendant Mitchel May signed on March 15, 2019, including the attachments;

3.  the Financial Statement of Individual Defendant Evan Sirlin signed on March 26, 2019, including the attachments;

4.  the Financial Statement of Corporate Defendant Safe Home Security, Inc. signed by David Roman, on March 6, 2019, including the attachments;

5.  the Financial Statement of Corporate Defendant MedGuard Alert, Inc. signed by David Roman, on March 6, 2019, including the attachments; and

6.  the Financial Statement of Corporate Defendant Lifewatch, Inc., signed by David Roman, on March 6, 2019, including the attachments.

K.  The suspension of the judgment will be lifted as to any Defendant if, upon motion by any Plaintiff, the Court finds that that Defendant failed to disclose any material asset, materially misstated the value of any asset, or made any other material misstatement or omission in the financial representations identified above.

L.  If the suspension of the judgment is lifted, the judgment becomes immediately due as to that Defendant in the amounts specified in Subsection A-F. above (which the parties stipulate only for purposes of this Section represents the consumer injury alleged in the Complaint), less any payment previously made pursuant to this Section, plus interest computed from the date of entry of this Order.

Case: 1:15-cv-05781 Document #: 422-1 Filed: 06/24/19 Page 18 of 29 PageID #:16775

M.      Defendants relinquish dominion and all legal and equitable right, title, and interest in all assets transferred pursuant to this Order and may not seek the return of any assets.

N.      The facts alleged in the Complaint will be taken as true, without further proof, in any subsequent civil litigation by or on behalf of any Plaintiff, including in a proceeding to enforce its rights to any payment or monetary judgment pursuant to this Order, such as a nondischargeability complaint in any bankruptcy case.

O.      The facts alleged in the Complaint establish all elements necessary to sustain an action by any Plaintiff pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and this Order will have collateral estoppel effect for such purposes.

P.      Defendants acknowledge that their Taxpayer Identification Numbers (Social Security Numbers or Employer Identification Numbers), which Defendants previously submitted to Plaintiffs, may be used for collecting and reporting on any delinquent amount arising out of this Order, in accordance with 31 U.S.C. §7701.

Q.      All money paid to the Commission pursuant to this Order may be deposited into a fund administered by the Commission or its designee on behalf of the both the Commission and the Florida Attorney General.   This fund shall be used for equitable relief, including, but not limited, to consumer redress, and any attendant expenses for the administration of any such equitable relief.   If a representative of the Commission decides that direct redress to consumers is wholly or partially impracticable or money remains after redress is completed, Plaintiffs may, in their discretion, apply any remaining money for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to Defendants' practices alleged in the Complaint.   Any money not used for such equitable relief shall be distributed among the

Commission and the Florida Attorney General in the following manner:

  1.  The Florida Attorney General shall be reimbursed for attorney's fees and costs it incurred in this matter including, but not limited to, its costs of investigation and litigation, to be deposited to the Department of Legal Affairs Revolving Trust Fund.

  2.  All remaining joint funds shall be divided equally between the Commission and the Florida Attorney General, with half to be deposited to the U.S. Treasury as disgorgement, and half to be deposited to the Department of Legal Affairs Revolving Trust Fund for compliance and future monitoring.   Defendants have no right to challenge any actions Plaintiffs or their representatives may take pursuant to this Subsection.

## X.   NOTIFICATION TO CURRENT CUSTOMERS

  IT IS FURTHER ORDERED that:

A.  Within thirty (30) days of entry of this Order, Defendants must notify all customers with a PERS Account, by first-class mail, postage paid and return receipt requested, or by courier service with signature proof of delivery, using the notification letter (attached as Appendix B), with no other document or enclosure.   The notification letter must be printed on the letterhead, including the toll-free customer service telephone number, of the Corporate Defendant or other entity which most recently charged the customer on behalf of Defendants.

B.  For any customer who requests cancellation of their PERS Account, Defendants shall, within fifteen (15) days of Defendants receiving the request, cancel the account and refund all payments made by the customer on or after the date of entry of this Order.   Defendants shall issue refunds to the source of the initial charge (such as a credit or debit card) or, if that option is not available, issue a check to the customer by first-class mail. Within thirty (30) days of

receiving the request for cancellation, Defendants shall provide documentation to Plaintiffs sufficient to show the customer name, contact information, the amount of all payments made by the customer on or after the entry of this Order, and the amount refunded for every customer who requests cancellation of their PERS Account.

## XI.  CUSTOMER INFORMATION

IT IS FURTHER ORDERED that Defendants, Defendants' officers, agents, employees, and attorneys, and all other persons in active concert or participation with any of them, who receive actual notice of this Order, are permanently restrained and enjoined from directly or indirectly:

A.       failing to provide sufficient customer information to enable the Commission to efficiently administer consumer redress.   If a representative of the Commission requests in writing any information related to redress, Defendants must provide it, in the form prescribed by the Commission, within 14 days.

B.       disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), that any Defendant obtained prior to entry of this Order in connection with the sale of medical alert devices or services; except as necessary to continue to provide services and collect payment from customers who do not request cancellation of their PERS Account after receiving the notification letter described in Section X, titled "Notification to Current Customers";

C.       failing to destroy such customer information in all forms in their possession, custody, or control within thirty (30) days after receipt of written direction to do so from a representative of

the Commission.

Provided, however, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by law, regulation, or court order.

## XII. ORDER ACKNOWLEDGMENTS

IT IS FURTHER ORDERED that Defendants obtain acknowledgments of receipt of this Order:

A.     Each Defendant, within seven (7) days of entry of this Order, must submit to the Commission an acknowledgment of receipt of this Order sworn under penalty of perjury.

B.     For five (5) years after entry of this Order, the Individual Defendants, for any business that such Defendant, individually or collectively with any other Defendants, is the majority owner or controls directly or indirectly, and Corporate Defendants each must deliver a copy of this Order to: (1) all principals, officers, directors, and LLC managers and members; (2) all employees having managerial responsibilities for conduct related to the subject matter of the Order, and all agents and representatives who participate in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure as set forth in the Section XII, titled "Compliance Reporting." Delivery must occur within 7 days of entry of this Order for current personnel. For all others, delivery must occur before they assume their responsibilities.

C.     From each individual or entity to which a Defendant delivered a copy of this Order, that Defendant must obtain, within 30 days, a signed and dated acknowledgment of receipt of this Order.

## XIII. COMPLIANCE REPORTING

Page 21 of 27

Case: 1:15-cv-05781 Document #: 422-1 Filed: 06/24/19 Page 22 of 29 PageID #:16779

IT IS FURTHER ORDERED that Defendants make timely submissions to the Commission:

A.     One year after entry of this Order, each Defendant must submit a compliance report, sworn under penalty of perjury:

1.     Each Defendant must:   (a) identify the primary physical, postal, and email address and telephone number, as designated points of contact, which representatives of the Commission may use to communicate with Defendant; (b) identify all of that Defendant's businesses by all of their names, telephone numbers, and physical, postal, email, and Internet addresses; (c) describe the activities of each business, including the goods and services offered, the means of advertising, marketing, and sales, and the involvement of any other Defendant (which Defendant must describe if they know or should know due to their own involvement); (d) describe in detail whether and how that Defendant is in compliance with each Section of this Order; and (e) provide a copy of each Order Acknowledgment obtained pursuant to this Order, unless previously submitted to the Commission.

2.     Additionally, the Individual Defendants each must:   (a) identify all telephone numbers and all physical, postal, email and Internet addresses, including all residences; (b) identify all business activities, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest; and (c) describe in detail such Defendant's involvement in each such business, including title, role, responsibilities, participation, authority, control, and any ownership.

B.     For ten (10) years after entry of this Order, each Defendant must submit a compliance notice, sworn under penalty of perjury, within fourteen (14) days of any change in the following:

1.     Each Defendant must report any change in:   (a) any designated point of contact; or (b) the structure of any Corporate Defendant or any entity that Defendant has any ownership interest in or controls directly or indirectly that may affect compliance obligations arising under this Order, including: creation, merger, sale, or dissolution of the entity or any subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order.

2.     Additionally, the Individual Defendants each must report any change in:   (a) name, including aliases or fictitious name, or residence address; or (b) title or role in any business activity, including any business for which such Defendant performs services whether as an employee or otherwise and any entity in which such Defendant has any ownership interest, and identify the name, physical address, and any Internet address of the business or entity.

C.     Each Defendant must submit to the Commission notice of the filing of any bankruptcy petition, insolvency proceeding, or similar proceeding by or against such Defendant within fourteen (14) days of its filing.

D.     Any submission to the Commission required by this Order to be sworn under penalty of perjury must be true and accurate and comply with 28 U.S.C. § 1746, such as by concluding:   "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.   Executed on:   _____" and supplying the date, signatory's full name, title (if applicable), and signature.

E.     Unless otherwise directed by a Plaintiff representative in writing, all submissions to Plaintiffs pursuant to this Order must be emailed to DEbrief@ftc.gov and oag.cp@myfloridalegal.com, or sent by overnight courier (not the U.S. Postal Service) to: Associate Director for Enforcement, Bureau of Consumer Protection, Federal Trade Commission,

600 Pennsylvania Avenue NW, Washington, DC 20580 and Office of the Attorney General,

Consumer Protection Division, c/o Office Manager or Senior Paralegal, 135 W. Central Blvd.,

Suite 1000, Orlando, Florida 32801. The subject line must begin: *FTC, et al., v. Lifewatch, Inc.,*

*et al.*, Case No. X150049.

## XIV. RECORDKEEPING

IT IS FURTHER ORDERED that Defendants must create certain records for ten (10)

years after entry of the Order, and retain each such record for five (5) years. Specifically, each

Defendant for any business that such Defendant, individually or collectively with any other

Defendants, is a majority owner or controls directly or indirectly, must create and retain the

following records:

A.      Accounting records showing the revenues from all goods or services sold;

B.      Personnel records showing, for each person providing services, whether as an employee or

otherwise, that person's: name; addresses; telephone numbers; job title or position; dates of

service; and (if applicable) the reason for termination;

C.      Records of all consumer complaints and refund requests, whether received directly or

indirectly, such as through a third party, and any response;

D.      All records necessary to demonstrate full compliance with each provision of this Order,

including all submissions to the Commission; and

E.      A copy of each unique advertisement or other marketing material.

## XV. COMPLIANCE MONITORING

IT IS FURTHER ORDERED that, for the purpose of monitoring Defendants' compliance

with this Order, including the financial representations upon which part of the judgment was

Case: 1:15-cv-05781 Document #: 422-1 Filed: 06/24/19 Page 25 of 29 PageID #:16782

suspended, and any failure to transfer any assets as required by this Order:

A.      Within 14 days of receipt of a written request from a representative of any Plaintiff, each Defendant must: submit additional compliance reports or other requested information, which must be sworn under penalty of perjury; appear for depositions; and produce documents for inspection and copying.   Plaintiffs are also authorized to obtain discovery, without further leave of court, using any of the procedures prescribed by Federal Rules of Civil Procedure 29, 30 (including telephonic depositions), 31, 33, 34, 36, 45, and 69.

B.      For matters concerning this Order, Plaintiffs are authorized to communicate directly with each Defendant.   Defendants must permit representatives of any Plaintiff to interview any employee or other person affiliated with any Defendant who has agreed to such an interview. The person interviewed may have counsel present.

C.      Plaintiffs may use all other lawful means, including posing, through their representatives as consumers, suppliers, or other individuals or entities, to Defendants or any individual or entity affiliated with Defendants, without the necessity of identification or prior notice.   Nothing in this Order limits the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1.

D.      Upon written request from a representative of Plaintiffs, any consumer reporting agency must furnish consumer reports concerning the Individual Defendants, pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. §1681b(a)(1).

## XVI. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court retains jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

SO ORDERED this 1st day of July, 2019.

UNITED STATES DISTRICT JUDGE

SO STIPULATED AND AGREED:

Samantha Gordon
Federal Trade Commission, Midwest Region
230 South Dearborn St., Room 3030
Chicago, Illinois 60604
Telephone: 312.960.5634
Facsimile: 312.960.5600

Attorneys for Plaintiff
FEDERAL TRADE COMMISSION

Dated: 6/24/19

ASHLEY MOODY
Attorney General
State of Florida

Patricia A. Conners
Deputy Attorney General
Florida Bar Number #0361275
Office of the Attorney General
Department of Legal Affairs
107 W. Gaines Street
Tallahassee, FL 32399
Telephone: 580.245.0178

6/20/19

Jason Sultzer
Joseph Lipari
The Sultzer Law Group
14 Wall Street, 20th Floor
New York, New York 10005
Telephone: 212.618.1938
Facsimile: 888.749.7747

Attorneys for Defendants EVAN SIRLIN,
MITCHEL MAY, and LIFEWATCH, INC.

Evan Sirlin, individually and as an officer or
manager of Lifewatch, Inc.,

Dated: 4/12/19

Mitchel May, individually and as an officer or
Manager of Lifewatch, Inc.

Dated:

Page 26 of 29

_____
Donna C. Valin
Assistant Chief Assistant Attorney General
Florida Bar Number #96687

Paul E. Courtright
Assistant Attorney General
Florida Bar Number #0507741
Office of the Attorney General
Consumer Protection Division
135 W. Central Boulevard, Suite 1000
Orlando, Florida 32801
Telephone:   407.316.4840
Facsimile:   407.245.0365

Attorneys for Plaintiffs
STATE OF FLORIDA
OFFICE OF THE ATTORNEY GENERAL

Dated: 6 21 2019

_____
Brian W. Bell
Joelle M. Shabat
Swanson, Martin & Bell, LLP
330 North Wabash Avenue, Suite 3300
Chicago, Illinois 60611
Telephone: 312.321.9100
Facsimile: 312.321.0990

Attorneys for Defendants
DAVID ROMAN, SAFE HOME
SECURITY, INC., and MEDGUARD
ALERT, INC.

Dated: 4-17-19

_____
David Roman, individually and as an officer
or manager of Lifewatch, Inc., Safe Home
Security, Inc., and MedGuard Alert, Inc.

Dated: 4 17 2019

# APPENDIX B

[Insert date]

Dear [Customer's name],

We're writing about your medical alert service with [brand name consumer will recognize]. The Federal Trade Commission (FTC) and Florida Attorney General (AG) have sued us for making false claims about our service. Companies working for us also made illegal robocalls and illegally called people on the National Do Not Call Registry.

According to the FTC and AG, we falsely told people that:

- a friend, family member, or health care provider had referred them to us.

- our medical alert system was endorsed by groups like the American Heart Association, American Diabetes Association, National Institute on Aging, AARP, and the Red Cross.

- customers wouldn't be charged the first monitoring fee until they activated the medical alert system.

- customers could cancel the monitoring service at any time without paying any more money.

We have agreed not to make untruthful claims in the future. In addition, some related companies and individuals have been banned from telemarketing or robocalling.

To cancel your medical alert system service with us, call [toll-free number].   If you cancel, within 15 days we will refund any payments you made after [date of the Order].

If you have questions, please call us at [toll-free number].

Sincerely yours,

[name of person]
[company name]